**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Plaintiff Dr. Myo Thant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, and RICHARD BRYCE,<br><br>Defendants. | Case No.: 5:23-cv-03518-EJD<br><br>**DR. MYO THANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION**<br><br>Date:  October 19, 2023<br>Time:  9:00 a.m.<br>Courtroom:  4-5th Floor<br>Judge:  Hon. Edward J. Davila |

DR. MYO THANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B). Under that directive, Dr. Myo Thant ("Dr. Thant") is the "most adequate plaintiff" because he is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered. *Perlmutter v. Intuitive Surgical, Inc.,* No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *11-12 (N.D. Cal. Feb. 15, 2011) (describing different approaches); *see also Ferrari v. Gisch,* 225 F.R.D. 599, 604 (C.D. Cal. 2004).

As the following table demonstrates, Dr. Thant possesses the largest financial interest in the Action under all four *Olsten/Lax* factors.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Dr. Myo Thant | 138,538 | 138,538 | $1,235,307.52 | **$1,036,654.68** |
| Tony Serrano | 1,100 | 1,100 | $10,952.00 | $9,595.00 |

*See* ECF Nos. 19-3; 22-3. With over *108 times more* losses than the only other competing lead plaintiff movant, Tony Serrano, there can be no dispute that Dr. Thant holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Dr. Thant has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *See Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018) (focusing on

typicality and adequacy). Dr. Thant is typical of the other class members insofar as he acquired Rain Oncology Inc. ("Rain" or the "Company") securities during the Class Period and was damaged as a result. Dr. Thant does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, is ideally suited to serve as the lead plaintiff given his experience as a lead plaintiff in other securities class actions and 30+ years of investing experience. *See* ECF No. 19-5.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Dr. Thant is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the only other movant Tony Serrano cannot rebut this presumption with proof that Dr. Thant is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Dr. Thant respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II. ARGUMENT

### A. The PSLRA Process for Selecting a Lead Plaintiff.

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d at 729-30). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and

adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest and satisfies Rule 23, is then the "presumptive lead plaintiff." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movant's attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id*.

### B.  Dr. Thant is the "Most Adequate Plaintiff".

#### 1.  *Dr. Thant Possesses the "Largest Financial Interest".*

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Dr. Thant is entitled to that presumption because, relative to the other movant, his losses are far greater. Courts in the Ninth Circuit and throughout the country often look to the *Olsten/Lax* factors for guidance, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (*i.e.* retained through the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "the weight of authority puts the most emphasis on the competing movants' estimated losses[.]" *Bodri v. GoPro, Inc.,* No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *11 (N.D. Cal. Apr. 28, 2016). *See also Hessefort v. Super Micro Comput., Inc.,* 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure."). As demonstrated in the following chart, Dr. Thant is the movant with the largest loss under all four factors, including the most

important factor, approximate loss suffered.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Dr. Myo Thant | 138,538 | 138,538 | $1,235,307.52 | **$1,036,654.68** |
| Tony Serrano | 1,100 | 1,100 | $10,952.00 | $9,595.00 |

*See* ECF Nos. 19-3; 22-3. As compared to the only other lead plaintiff movant, Mr. Serrano, Dr. Thant purchased and retained over 125 times more shares, expended $1,224,335.52 more, and lost $1,027,059.68 more. Accordingly, Dr. Thant has the largest financial interest in this matter.

### 2.   *Dr. Thant Satisfies Rule 23's Typicality and Adequacy Requirements.*

Not only does Dr. Thant possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff. Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff, as they address the personal characteristic of the class representative. *See Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Only a "preliminary showing" of typicality and adequacy is required at this stage. *See Guohua Zhu v. UCBH Holdings, Inc.,* 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010.

Typicality exists when "the claims . . . of the representative parties" are "typical of the claims . . . of the class.". Rule 23(a)(3); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 606. (C.D. Cal. 2004). Dr. Thant's claims are typical of those of other Class members because, like other Class members, he acquired Rain securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Dr. Thant's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Dr. Thant must make a

DR. MYO THANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS
MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL;
AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION

preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Dr. Thant has no conflicts with other Class Members, nor is there evidence of any antagonism between his interest and those of the Class.

Finally, Dr. Thant has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Dr. Thant provided his education, employment, years of investing experience, and experience as lead plaintiff in other securities class actions. ECF No. 19-5. Dr. Thant is more than qualified to represent the Class with over thirty years of investing experience. *Id*. at ¶2. Dr. Thant is currently retired, but prior to that, he was a hematologist/oncologist. *Id.* Dr. Thant also has experience managing complex litigations, as he was appointed lead plaintiff in 2020 in a securities case against Karyopharm Therapeutics Inc. and earlier this year as lead plaintiff in a securities case against Veru, Inc. *Id.* Dr. Thant also negotiated a competitive fee agreement with counsel on behalf of the Class. *Id*. at ¶7. Since Dr. Thant has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

Dr. Thant, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Dr. Thant is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**C. No Movant Can Rebut the Strong Presumption in Favor of Appointing Dr. Thant as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Action of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Dr. Thant has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). In considering step three of the lead plaintiff appointment process laid out

DR. MYO THANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS
MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL;
AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION

in *Cavanaugh*, competing movants may attempt to rebut the presumptive lead plaintiff's showing of typicality and adequacy only with actual proof that the presumptive lead plaintiff cannot effectively represent the class or is subject to a unique defense. *In re Cavanaugh*, 306 F.3d at 740-41 ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'"). "Speculative assertions" are insufficient to rebut the lead plaintiff presumption. *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases).

Accordingly, no such proof exists to rebut the presumption in favor of Dr. Thant, nor is he subject to a unique defense that would otherwise detract attention from the allegations of the Action.

### D. Approval of Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Sanders v. VeriFone Sys.,* No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000, at *11 (N.D. Cal. Oct. 7, 2013) ("'The District Court does not select class counsel at all', and typically approves the lead plaintiff's selection of counsel") (citing *In re Cavanaugh*, 306 F.3d at 732-34).

Dr. Thant selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class. Levi & Korsinsky has extensive experience in litigating securities class actions and has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country. *See also e.g., Ryan v. FIGS, Inc. et al.*, Case No. 2:22-cv-07939-ODW (KSx), ECF No. 64 (C.D. Cal. Feb. 14, 2023); *Schoen v. Eiger Biopharmaceuticals, Inc.*, Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551, at *6-7 (N.D. Cal. Feb. 3, 2023) (noting "the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel."); *Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this District to serve as lead counsel or co-lead counsel in other matters");

*Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, ECF No. 59 (N.D. Ill. Nov. 29, 2022); *Patterson v. Cabaletta Bio, Inc., et al.*, Case 2:22-cv-00737-JMY, ECF No. 10 (E.D. Pa. Aug. 10, 2022); *see also* ECF No. 19-6 (firm resume). Accordingly, Dr. Thant's choice of lead counsel should be approved.

## III. CONCLUSION

For the foregoing reasons, Dr. Thant respectfully requests that this Court grant his motion: (1) appointing him as Lead Plaintiff for the Class in the Action; (2) approving Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: September 26, 2023                 Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Dr. Myo Thant and [Proposed] Lead Counsel for the Class*

DR. MYO THANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION