United States District Court
Northern District of California

1

2

3

4          UNITED STATES DISTRICT COURT

5         NORTHERN DISTRICT OF CALIFORNIA

6              SAN JOSE DIVISION

7

8   MYO THANT,                          Case No.  5:23-cv-03518-EJD

9            Plaintiff,                  **ORDER APPOINTING LEAD
                                         PLAINTIFF AND LEAD COUNSEL**
10       v.

11   RAIN ONCOLOGY INC., et al.,          Re: ECF Nos. 19, 22

            Defendants.
12

13          The Court received two motions to appoint lead plaintiff and select lead counsel in this

14   securities class action governed by the Private Securities Litigation Reform Act of 1995

15   ("PSLRA").  After the two opening motions were filed, one movant filed a statement of non-

16   opposition to the competing motion for appointment as lead counsel.  ECF No. 25.  Accordingly,

17   there is only one unopposed movant for lead plaintiff: Dr. Myo Thant.

18          Having reviewed the parties' submissions, the Court GRANTS Dr. Thant's Motion for

19   Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel.  All other

20   competing motions for appointment of lead plaintiff are DENIED.

21   **I.     BACKGROUND**

22          **A.     Factual Background**

23          Defendant Rain Oncology, Inc. ("Rain") is a biopharmaceutical company that develops

24   oncology therapeutics, specifically an oral small-molecule inhibitor known as milademetan or

25   RAIN-32.  Compl. ¶ 19.  Defendant Avanish Vellanki is Rain's founder, chairman, and chief

26   executive officer.  *Id.* ¶ 11.  Defendant Richard Bryce is Rain's executive vice president and chief

27   medical officer.  *Id.* ¶ 12.

28   Case No.: 5:23-cv-03518-EJD
     ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL
                            1

1       Around September 2020, Rain represented that Phase 1 clinical trial results indicated that

2    milademetan demonstrated meaningful anti-tumor activity for certain solid tumors.  Based on the

3    Phase 1 data, Rain skipped additional clinical testing and proceeded to a Phase 3 MANTRA trial,

4    which began on July 20, 2021.  *Id.* ¶¶ 20–21, 24.  Rain frequently announced the benefits of

5    proceeding directly to a Phase 3 trial in a short period of time.  *Id.* ¶¶ 21, 26–36.

6       On May 22, 2023, Rain announced that milademetan had failed to meet its primary

7    endpoint of progress-free survival in the MANTRA study and that the dosing schedule had not

8    been optimized before commencing the study.  *Id.* ¶¶ 22, 37.  When the news was announced,

9    Rain's price dropped from $9.93 to $1.22 over the course of the next trading day.  *Id.* ¶¶ 23, 41.

10   **B.      Procedural History**

11      On July 14, 2023, Plaintiff Myo Thant brought this first-filed action for violations of

12   Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a).

13   ECF No. 1.  On the same day, Dr. Thant's counsel, Levi & Korsinsky, also published a notice on

14   *Globe Newswire* announcing that a securities class action had been initiated against Defendants.

15   *See* Decl. Adam M. Apton ("Apton"), Ex. C, ECF No. 19-4.

16      On September 12, 2023, the Court received two motions to appoint lead plaintiff and lead

17   counsel—one from Dr. Thant and one from Mr. Tony Serrano.  ECF Nos. 19, 22.  On September

18   26, 2023, Mr. Serrano filed a statement of non-opposition to competing motions for lead plaintiff.

19   ECF No. 25.  The Court subsequently took the motions for lead plaintiff under submission without

20   oral argument.  ECF No. 30.

21   **II.     LEGAL STANDARD**

22      Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §

23   78u-4(a)(3)(B)(ii), the Court "shall appoint the most adequate plaintiff as lead plaintiff" in a

24   consolidated action.  There is a rebuttable presumption that the most adequate plaintiff is a person

25   or group of persons who:

26      aa. has either filed the complaint or made a motion in response to a notice under
           subparagraph (A)(i);

27

28   Case No.: 5:23-cv-03518-EJD
     ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL
                                          2

United States District Court
Northern District of California

bb. in the determination of the court, has the largest financial interest in the relief sought by the class; and

cc. otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Accordingly, there is a "simple three-step process" to identify a lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* Next, the Court considers which plaintiff has the highest financial stake. *Id.* at 729–30. Finally, "[t]he third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730. The presumption may be rebutted only upon proof that the most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## III.   DISCUSSION

Given that Dr. Thant's motion is the only unopposed motion in this matter, the Court will limit its analyses primarily to Dr. Thant's motion.

### A.   Lead Plaintiff

As the only unopposed movant in this case, Dr. Thant satisfies the foregoing criteria for appointment as the lead plaintiff. First, Dr. Thant timely filed the instant motion and submitted the requisite sworn certification. ECF Nos. 19, 19-2. Second, Dr. Thant alleges that he purchased about 258,538 net shares and lost almost $2 million. Apton Decl., Ex. B ("Loss Chart"). This was the highest financial stake of any movant by a significant margin. *See* ECF No. 22-3 (documenting loss of approximately $9,595 from Plaintiff Serrano). Third, Dr. Thant satisfies the requirements of Federal Rule of Civil Procedure 23, specifically the typicality and adequacy requirements. *In re Cavanaugh*, 306 F.3d at 730. Dr. Thant represents that his securities claims are typical of—and indeed identical to—those of the class, and his interests are also aligned with those of the proposed class. Decl. Myo Thant ¶¶ 2–3, ECF No. 19-5.

Case No.: 5:23-cv-03518-EJD
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL
3

United States District Court
Northern District of California

1    Accordingly, Dr. Thant has satisfied the preliminary showing under the PSLRA and is

2    entitled to the presumption as the most adequate plaintiff in this PSLRA action.  The Court has

3    also received no opposition or attempts to rebut this presumption.  Accordingly, the Court

4    GRANTS Dr. Thant's Motion for Appointment as Lead Plaintiff.

5         **B.      Lead Counsel**

6    Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the "most adequate plaintiff shall, subject to the

7    approval of the court, select and retain counsel to represent the class."  A court generally will

8    accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different

9    counsel to "protect the interests of the class."  *Kim v. Advanced Micro Devices, Inc.*, 2018 WL

10   2866666, at *2 (N.D. Cal. June 11, 2018).

11   No parties have objected to Dr. Thant's selection of Levi & Korsinsky, LLP as lead

12   counsel for the putative class, nor is the Court aware of any need to appoint different counsel to

13   protect the interests of the class.  The Court has reviewed the firm's and attorneys' resumes and is

14   satisfied with Dr. Thant's selection of counsel.  *See* ECF No. 19-6.  Accordingly, the Court

15   APPROVES Dr. Thant's selection of Levi & Korsinsky as Lead Counsel.

16   **IV.    CONCLUSION**

17   Based on the foregoing reasons, the Court GRANTS Dr. Myo Thant's Motion as follows:

18        1.  Dr. Myo Thant is APPOINTED as Lead Plaintiff;

19        2.  Levi & Korsinsky, LLP is APPOINTED as Lead Counsel; and

20        3.  All other Motions to Appoint Lead Plaintiff and Select Lead Counsel are DENIED.

21   Additionally, the Court INCORPORATES into this Order the obligations set forth in

22   Plaintiff Thant's proposed order, attached as a supplement to this Order.

23        **IT IS SO ORDERED.**

24   Dated: November 1, 2023

25

26

27
     EDWARD J. DAVILA
     United States District Judge

28   Case No.: 5:23-cv-03518-EJD
     ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL
     4

United States District Court
Northern District of California