GIBSON, DUNN & CRUTCHER LLP
JESSICA VALENZUELA, SBN 220934
    JValenzuela@gibsondunn.com
JEFFREY LOMBARD, SBN 285371
    JLombard@gibsondunn.com
310 University Avenue
Palo Alto, California  94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

GEORGE B. ADAMS III, SBN 321904
    GAdams@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendants*
*Rain Oncology Inc., Avanish Vellanki,*
*Richard Bryce, Franklin Berger, Aaron*
*Davis, Gorjan Hrustanovic, Tran*
*Nguyen, Peter Radovich, and Stefani A.*
*Wolff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF<br><br>     Defendants. | CASE NO. 5:23-cv-03518-EJD<br><br>CLASS ACTION<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>**Hearing:**<br>Date:   July 18, 2024<br>Time:   9:00 AM<br>Place:   Courtroom 4<br><br>Judge:   Hon. Edward J. Davila<br>Action Filed: July 14, 2021 |

Gibson, Dunn & Crutcher LLP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Evidence 201(b), Defendants Rain Oncology Inc. ("Rain" or the "Company"), Avanish Vellanki, Richard Bryce, Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani A. Wolff (collectively, the "Defendants") in the above-captioned case respectfully request that the Court incorporate by reference and/or take judicial notice of Exhibits 1 through 21 to the Declaration of Jessica Valenzuela (the "Valenzuela Declaration") in support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed concurrently herewith.  The Exhibits that are the subject of this motion are set forth in the table below:

| Exhibit No. | Document Title | Date | Complaint Paragraph(s) |
|---|---|---|---|
| 1 | Rain Oncology, Inc. Prospectus filed on Form 424B4 | April 23, 2021 | 66-67 |
| 2 | Rain Oncology, Inc. Quarterly Report for the quarter ended March 31, 2021 filed on Form 10-Q | May 25, 2021 | 68-70 |
| 3 | Rain Oncology, Inc. press release titled "Rain Therapeutics Initiates Phase 3 MANTRA Clinical Trial of Milademetan for De-differentiated Liposarcoma and Provides Patient Update from Prior Clinical Program" | July 20, 2021 | 71-72 |
| 4 | Rain Oncology, Inc. Quarterly Report for the quarter ended June 30, 2021 filed on Form 10-Q | Aug. 10, 2021 | 73-77 |
| 5 | Rain Oncology, Inc. Quarterly Report for the quarter ended September 30, 2021 filed on Form 10-Q | Nov. 10, 2021 | 80-84 |
| 6 | Rain Oncology, Inc. Annual Report for the year ended December 31, 2021 filed on Form 10-K | March 3, 2022 | 87-95 |
| 7 | Rain Oncology, Inc. Quarterly Report for the quarter ended March 31, 2022 filed on Form 10-Q | May 4, 2022 | 98-104 |
| 8 | Rain Oncology, Inc. Quarterly Report for the quarter ended June 30, 2022 filed on Form 10-Q | Aug. 4, 2022 | 107-113 |
| 9 | Rain Oncology, Inc. Quarterly Report for the quarter ended September 30, 2021 filed on Form 10-Q | Nov. 10, 2022 | 116-122 |
| 10 | Rain Oncology, Inc. Current Report filed on Form 8-K | Feb. 9, 2023 | 126-129 |
| 11 | Rain Oncology, Inc. Annual Report for the year ended December 31, 2022 filed on Form 10-K | March 9, 2023 | 130-138 |
| 12 | Rain Oncology, Inc. Quarterly Report for the quarter ended March 31, 2023 filed on Form 10-Q | May 11, 2023 | 141-147 |
| 13 | Rain Oncology, Inc. press release titled "Rain Oncology Announces Topline Results from Phase 3 | May 22, 2023 | 171-173 |

Gibson, Dunn & Crutcher LLP

| | | | |
|---|---|---|---|
| | MANTRA Trial of Milademetan for the Treatment of Dedifferentiated Liposarcoma" | | |
| 14 | Letter from the Securities & Exchange Commission to Avanish Vellanki regarding "Draft Registration Statement on Form S-1" | Feb. 24, 2021 | 154-156 |
| 15 | Letter from the Securities & Exchange Commission to Avanish Vellanki regarding "Amendment No. 1 to Draft Registration Statement on Form S-1" | March 18, 2021 | 158 |
| 16 | Letter from the Securities & Exchange Commission to Avanish Vellanki regarding "Registration Statement on Form S-1" | April 8, 2021 | 160 |
| 17 | "Inefficiencies in phase II to phase III transition impeding successful drug development in glioblastoma" by Adithya Balasubramanian, et. al. and published in *Neuro-Oncology Advances* | Dec. 22, 2020 | 33 |
| 18 | "Design and conduct of phase II studies of targeted anticancer therapy: Recommendations from the task force on methodology for the development of innovative cancer therapies (MDICT)" by Christopher M. Booth, et. al. and published in *European Journal of Cancer* | Sept. 12, 2007 | 33 |
| 19 | U.S. Food & Drug Administration guidance titled "Step 3: Clinical Research" and available at https://www.fda.gov/patients/drug-development-process/step-3-clinical-research | Last accessed April 2, 2024 | - |
| 20 | Securities & Exchange Commission guidance titled "Comment Letters" and available at ttps://www.sec.gov/answers/commentletters.htm | Last accessed April 2, 2024 | - |
| 21 | Securities & Exchange Commission report and publication titled "Comment Letter Process" and available at https://www.sec.gov/oig/reportspubs/aboutoigaudit259finhtm | Last accessed April 2, 2024 | - |

## DISCUSSION

In ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A document may be incorporated by reference into the complaint if "the plaintiff refers

Gibson, Dunn & Crutcher LLP

3

extensively to the document or the document forms the basis of the plaintiff's claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The doctrine of incorporation by reference prevents plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims." *Id.*; *see In re CNET Networks, Inc. S'holder Deriv. Litig.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference"). When a court incorporates by reference an extrinsic document into the complaint, it may treat the entire document as if it were part of the complaint itself. *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (Davila, J.). As discussed further below, Exhibits 1 through 18 are referred to extensively in the Complaint, and they form the basis of Plaintiffs' claims.

Courts may take judicial notice of a fact that is "not subject to reasonable dispute," meaning it is either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Courts routinely take judicial notice of "matters of public record," including filings with the Securities and Exchange Commission ("SEC"). *See Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (in evaluating a Rule 12(b)(6) motion, "[w]e . . . may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings"); *see, e.g.*, *Das v. Unity Software, Inc.*, 2024 WL 1141733, at *6 (N.D. Cal. Mar. 15, 2024) (Davila, J.) (taking judicial notice of SEC filings); *see also In re Kalobios Pharmaceuticals, Inc., Securities Litigation*, 258 F. Supp. 3d 999, 1003-04 (N.D. Cal. 2017) (Davila, J.) (taking judicial notice of newspaper articles). In addition to being incorporated by reference into the Complaint, Exhibits 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, and 16 are also the proper subject of judicial notice, as filings and communications with the SEC. Exhibits 3 and 13—press releases issued by Rain—and Exhibits 17 and 18—academic articles published in reputable medical journals—are also the proper subject of judicial notice. Finally, Exhibits 19 through 21, as official publications of governmental agencies, are also subject to judicial notice and should be considered by the Court in ruling on Defendants' motion to dismiss.

For the reasons discussed below, Defendants request the Court incorporate by reference and/or judicially notice Exhibits 1 through 21.

Gibson, Dunn & Crutcher LLP

4

## A. SEC Filings (Exhibits 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12)

Defendants request the Court deem incorporated by reference Rain's April 23, 2021 Prospectus on Form 424B4 (Exhibit 1), May 25, 2021 Form 10-Q (Exhibit 2), August 10, 2021 Form 10-Q (Exhibit 4), November 10, 2021 Form 10-Q (Exhibit 5), March 3, 2022 Form 10-K (Exhibit 6), May 4, 2022 Form 10-Q (Exhibit 7), August 4, 2022 Form 10-Q (Exhibit 8), November 10, 2022 Form 10-Q (Exhibit 9), February 9, 2023 Form 8-K (Exhibit 10), March 9, 2023 Form 10-K (Exhibit 11), and May 11, 2023 Form 10-Q (Exhibit 12). These documents form the basis of Plaintiffs' Section 10(b) and Section 11 claims as they contain the allegedly false and misleading statements Plaintiffs challenge in the Complaint. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (incorporation by reference appropriate where "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). Plaintiffs also extensively quote from these documents in the Complaint. *See* ¶ 66 (Exhibit 1), ¶¶ 68-70 (Exhibit 2), ¶¶ 73-77 (Exhibit 4), ¶¶ 80-84 (Exhibit 5), ¶¶ 87-95 (Exhibit 6), ¶¶ 98-104 (Exhibit 7), ¶¶ 107-113 (Exhibit 8), ¶¶ 116-122 (Exhibit 9), ¶¶ 126-129 (Exhibit 10), ¶¶ 130-138 (Exhibit 11), ¶¶ 141-147 (Exhibit 12). They are therefore properly incorporated by reference into the Complaint. *See, e.g.*, *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (affirming district court's incorporation of prospectus into complaint); *Das*, 2024 WL 1141733, at *6 (incorporating SEC filings into complaint).[1]

## B. Public Press Releases (Exhibits 3, 13)

Two press releases published by Rain on July 10, 2021 (Exhibit 3) and May 22, 2023 (Exhibit 13) are also incorporated by reference into the Complaint. Exhibit 3 forms the basis of Plaintiffs' Section 10(b) claim as it contains an allegedly false and misleading statement that Plaintiffs challenge in the Complaint. ¶¶ 71-72. Exhibit 13 forms the basis of Plaintiffs' Section 10(b) claim as it contains the alleged "corrective disclosure" that Plaintiffs assert revealed the purported "truth," and caused the

---

[1] Exhibits 1, 2, and 4 through 12 are also subject to judicial notice. *See Sanders v. Realreal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. March 31, 2021) (Davila, J.); *see, e.g.*, *Das*, 2024 WL 1141733, at *6 (noticing SEC filings); *In re Restoration Robotics, Inc. Securities Litigation*, 417 F.Supp.3d 1242, 1253 (2019) (Davila, J.) (same).

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
CASE NO. 5:23-CV-03518-EJD

Gibson, Dunn & Crutcher LLP

stock drop on which their alleged damages are based. ¶¶ 171-73. Plaintiffs also extensively quote from both documents in the Complaint. *See* ¶¶ 71-72, 171-73. They are therefore properly incorporated by reference into the Complaint.[2] *See Das*, 2024 WL 1141733, at *6 (finding press releases incorporated by reference because they formed the "basis" of plaintiffs' claims); *see also Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1089 n.1 (N.D. Cal. 2017) (Davila, J.) (finding press release incorporated by reference because it "contain[ed] the statement at issue in this case").

### C. Correspondence between Rain and the SEC (Exhibits 14, 15, 16)

Plaintiffs also incorporate by reference into the Complaint three letters Rain received from the SEC dated February 24, 2021 (Exhibit 14), March 18, 2021 (Exhibit 15), and April 8, 2021 (Exhibit 16). These SEC comment letters form the basis of Plaintiffs' Section 10(b) claim as Plaintiffs rely heavily on these documents to plead scienter. *See* ¶¶ 154-161. For example, Plaintiffs allege that these letters support an inference of a scienter as they purportedly "demonstrate the lengths to which the Individual Defendants . . . went to gin up investor interest in the Company's [IPO]." ¶ 154. Plaintiffs also extensively quote from these documents in the Complaint. *See* ¶¶ 154-156 (Exhibit 14), ¶ 158 (Exhibit 15), ¶ 160 (Exhibit 16). They are therefore properly incorporated by reference into the Complaint. *See In re CNET Networks, Inc*, 483 F. Supp. 2d at 953 ("judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference").[3]

### D. Academic Articles (Exhibits 17, 18)

Exhibits 17 and 18, which are articles published in medical journals, also form the basis of Plaintiffs' Section 10(b) and Section 11 claims and are incorporated by reference. In particular,

---

[2] Exhibits 3 and 13 are also subject to judicial notice. *See In re Am. Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Courts in the Ninth Circuit routinely take judicial notice of press releases."); *see, e.g.*, *Das*, 2024 WL 1141733, at *6 (taking judicial notice of press release).

[3] The Court may also take judicial notice of Exhibits 14 through 16. Fed. R. Evid. 201(b)(2); *see, e.g.*, *Hein v. Capitan Grande Band of Diegueno Mission Indians*, 201 F.3d 1256, 1259 n.4 (9th Cir. 2000) (taking judicial notice of official correspondence from a public agency).

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
CASE NO. 5:23-CV-03518-EJD

Plaintiffs cite Exhibits 17 and 18 to support their allegations that "Phase 2 Bypass should not be used except when the drug's mechanism of action and safety profile are well characterized." ¶ 33; *see also* ¶¶ 35-38. Indeed, Plaintiffs cite these articles to support their allegations that Defendants made false or misleading statements. *See, e.g.*, ¶¶ 67, 70, 77, 84, 91, 102, 111, 120, 134, 145 (statements were misleading because "Phase 2 Bypass is only appropriate where the drug's mechanism of action and safety profile are well characterized"). Because Plaintiffs rely on these documents to plead falsity—a required element for Section 10(b) and Section 11 claims, *see In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996)—it is appropriate for the Court to incorporate them by reference. *See In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020) (incorporating by reference scholarly articles relied upon in the complaint); *see also Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1050 n.1 (N.D. Cal. 2015) (incorporating by reference "three scientific articles . . . specifically relied on in the FAC to provide factual support for the Riva Plaintiffs' claims").[4]

### E.  U.S. Government Guidance, Reports, and Publications (Exhibits 19, 20, 21)

Defendants request the Court take judicial notice of Exhibits 19 through 21, which consist of government agency guidance, reports, and publications as published online by the U.S. Food & Drug Administration and the SEC. Documents published by governmental entities are a matter of public record not subject to reasonable dispute and are properly subject to judicial notice under Federal Rule of Evidence 201. Websites are considered "documents" published by government entities. *See Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *2, (N.D. Cal. Sept. 9, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice."); *see, e.g., Dresner v. Silverback Therapeutics, Inc.*, 2022 WL 16716165, at *5 (W.D. Wash. Nov. 4, 2022) (taking judicial notice of an FDA webpage "on clinical research, which discusses the different phases of clinical trials"). Accordingly, judicial notice of Exhibits 19 through 21 is proper

---

[4] Exhibits 17 and 18 are also subject to judicial notice as publicly accessible medical journals whose authenticity cannot be reasonably questioned. *See Plumlee v. Pfizer, Inc.*, 2014 WL 4275519, at *4 (N.D. Cal. Aug. 29, 2014), *aff'd*, 664 F. App'x 651 (9th Cir. 2016) (granting judicial notice of "publications regarding the placebo effect and antidepressants available to the public").

Gibson, Dunn & Crutcher LLP

7

here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court incorporate by reference and/or take judicial notice of Exhibits 1 through 21 in its consideration of Defendants' Motion to Dismiss the Complaint.

DATED:  April 3, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:    _____
       Jessica Valenzuela

*Attorneys for Defendants Rain Oncology Inc., Avanish Vellanki, Richard Bryce, Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani A. Wolff*

Gibson, Dunn &
Crutcher LLP