GIBSON, DUNN & CRUTCHER LLP
JESSICA VALENZUELA, SBN 220934
    JValenzuela@gibsondunn.com
JEFFREY LOMBARD, SBN 285371
    JLombard@gibsondunn.com
310 University Avenue
Palo Alto, California  94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

GEORGE B. ADAMS III, SBN 321904
    GAdams@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendants*
*Rain Oncology Inc., Avanish Vellanki,*
*Richard Bryce, Franklin Berger, Aaron*
*Davis, Gorjan Hrustanovic, Tran*
*Nguyen, Peter Radovich, and Stefani A.*
*Wolff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated, | CASE NO. 5:23-cv-03518-EJD |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF | **<u>Hearing:</u>**<br>Date:         July 18, 2024<br>Time:         9:00 AM<br>Place:        Courtroom 4 |
| Defendants. | Judge:         Hon. Edward J. Davila<br>Action Filed:  July 14, 2021 |

Gibson, Dunn &
Crutcher LLP

SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS
CASE NO. 5:23-CV-03518-EJD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Evid. 201(b), Defendants Rain Oncology Inc. ("Rain"), Avanish Vellanki, Richard Bryce, Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani A. Wolff (collectively, "Defendants") respectfully request that the Court judicially notice and/or deem incorporated by reference Exhibit 22 to the Supplemental Declaration of Jessica Valenzuela in support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (the "Complaint") for Violations of the Federal Securities Laws, filed concurrently herewith.

**DISCUSSION**

In ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Courts may take judicial notice of a fact that is "not subject to reasonable dispute," meaning it is either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Courts routinely notice "matters of public record," including documents posted on ClinicalTrials.gov, the National Institutes of Health's clinical trial database. *See, e.g.*, *Weinstein v. Kirkman*, 2013 WL 12121125 at \*1 (W.D. Wash Sept. 16, 2013) (taking judicial notice of document published on ClinicalTrials.gov); *Cnty. of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a Department of Health and Human Services[1] website). Further, a document may be incorporated by reference into a complaint if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Defendants request that the Court take judicial notice of Exhibit 22, a publication titled "A Phase 1 Multiple Ascending Dose Study of Milademetan in Subjects With Advanced Solid Tumors or

---

[1] The National Institutes of Health is an agency within the Department of Health and Human Services.

Gibson, Dunn &
Crutcher LLP

1

Lymphomas," which has been publicly available on the National Institutes of Health's website (ClinicalTrials.gov) since at least December 8, 2020.  Exhibit 22 is not offered to support a new legal theory but rather to respond to Plaintiffs' argument in Opposition that Rain was "bound" to disclose that Daiichi Sankyo's "Phase 1 trial protocol and resulting trial data called for (indeed, necessitated) a Phase 2 trial to confirm a correct dosing schedule."  Opp. at 7–8; Reply at 4.  Accordingly, it is proper for the Court to consider Exhibit 22 at this juncture.  *See Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 190 (N.D. Cal. 2019) (noticing documents submitted alongside reply brief where defendants did not "introduc[e], for the first time, new facts or different legal arguments"); *Simpson v. Best W. Int'l, Inc.*, 2012 WL 5499928, at *2 (N.D. Cal. Nov. 13, 2012) (noticing evidence submitted with reply brief) *see also* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."); Local Rule 7–3(c) ("Any reply to an opposition may include affidavits or declarations.").

Exhibit 22 is also incorporated by reference as Plaintiffs refer extensively to this document in the Complaint.  *See, e.g.*, ¶¶ 35–38, 58–63, 150; *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (incorporation by reference appropriate where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of and/or incorporate by reference Exhibit 22 in its consideration of Defendants' Motion to Dismiss Plaintiffs' Complaint.

DATED:  July 2, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____
    Jessica Valenzuela

*Attorneys for Defendants Rain Oncology Inc., Avanish Vellanki, Richard Bryce, Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani A. Wolff*

SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
CASE NO. 5:23-CV-03518-EJD