Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY, LLP**
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Plaintiffs*
*and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF,<br><br>Defendants. | Case No. 5:23-cv-03518-EJD<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE [ECF NO. 58]** |

Objection to Request for Judicial Notice    No. 5:23-cv-03518-EJD

Defendants' Supplemental Request for Judicial Notice (ECF No. 58) should be denied. They have already asked the Court to take judicial notice of more than 20 documents in their first Request for Judicial Notice (ECF No. 54). The majority of those documents are SEC filings (*e.g.*, quarterly reports, registration statements, etc.), which courts tend to consider at the pleading stage in securities litigation matters. The document at issue now though—a print-out of Daiichi Sankyo's Phase 1 trial summary from ClinicalTrials.gov—extends beyond the pale of what is reasonable and allowed under controlling case law. The Ninth Circuit does not allow defendants to inject their own set of facts into the mix at the pleading stage. *See Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018). Thus, the Court should deny Defendants' request for judicial notice and reject the arguments they raise in their brief based on the materials they seek to introduce into the record.

"[D]istrict courts may not consider material outside the pleadings when assessing the sufficiency of a complaint." *Id.* (citation omitted). There are two narrow exceptions to this rule: (1) "the incorporation-by-reference doctrine" and (2) "judicial notice under Federal Rule of Evidence 201." *Id.* The exceptions are narrow because the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 1003. Indeed, the Ninth Circuit specifically admonished "a concerning pattern in securities cases" wherein parties moving to dismiss a complaint attempt "to short-circuit the resolution of a well-pleaded claim" by "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at 998, 1003. "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 998.

Defendants' request for judicial notice runs headlong into this rule of law. ClinicalTrials.gov is a website hosted by the National Institute of Health, as Defendants says. The website provides public access to clinical trial listings for academic research as well as participation among patient

1

Objection to Request for Judicial Notice                    No. 5:23-cv-03518-EJD

populations. Importantly, the National Institute of Health does not review or approve the contents of the material on ClinicalTrials.gov. The website's main homepage provides the following disclaimer conspicuously for all users to see:



**The U.S. government does not review or approve the safety and science of all studies listed on this website.**   —

Read our full disclaimer for details.

ClinicalTrials.gov is a website and online database of clinical research studies and information about their results. The National Library of Medicine (NLM) maintains the website. **The study sponsor or investigator submits information** about their study to ClinicalTrials.gov and **is responsible for the safety, science, and accuracy** of any study they list.

Before joining a study, talk to your health care professional about possible risks and benefits. To learn more about taking part in studies, read Learn About Studies.

*See* ClinicalTrials.gov Website (available at https://clinicaltrials.gov/). The "full disclaimer" referenced in the above screenshot explicitly states, among other things, that "Study sponsors or investigators provide the study information on ClinicalTrials.gov. The study sponsor or investigator is responsible for ensuring that their studies follow all applicable laws and regulations and for submitting complete, accurate, and up-to-date information about their study. NLM staff only reviews study information for apparent errors, deficiencies, or inconsistencies." *Id*. Consequently, the material Defendants seek to introduce into the record does not carry the same level of reliability and accuracy as a government publication, meaning the print-out of Daiichi Sankyo's Phase 1 trial summary attached as Exhibit 22 (ECF No. 57-1) does not meet the requirements for judicial notice under Federal Rule of Evidence 201; indeed, the accuracy of the document is not beyond questioning and given that it comes from a third-party not presently before this Court, Defendants cannot confirm the accuracy of its content.

"While a court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," it may not take judicial notice of "*disputed*

Objection to Request for Judicial Notice                              No. 5:23-cv-03518-EJD

facts stated in public records." *Lee v. City of L.A.,* 250 F.3d 668, 689-90 (9th Cir. 2001) (emphasis in original) (internal citation omitted). Indeed, judicial notice of supposed facts introduced "in an effort to rebut the factual allegations … set forth in the Complaint … must be denied." *In re Double Jump, Inc.,* 2022 WL 4390830, at *3 (Bankr. D. Nev. Sept. 22, 2022); *see also Khoja*, 899 F.3d 988 at 1000 ("[t]o the extent that the district court judicially noticed the ... investors' call transcript for the purpose for which [it] was offered, *i.e.,* to determine what the investors knew ... the district court abused its discretion.").

Defendants seek to use the print-out in an effort to convince the Court that investors were on notice that the Phase 1 study did not "validate a rationally-designed dosing schedule" and, therefore, Defendants could not have misled investors when representing that it did. Defs. Reply Br. (ECF No. 57), pp. 1, 3-4. Thus, Defendants' desired use of the print-out is improper, given that it goes directly to one of the main issues in dispute, *i.e.*, whether Defendants misled investors about the sufficiency of the Phase 1 study and the propriety of advancing straight to Phase 3. More importantly though, the print-out does not say what Defendants claim. At most, it says that Daiichi Sankyo intended to complete a two-part Phase 1 trial in hopes of identifying a dose for testing in a Phase 2 trial; importantly, it does ***not*** contain the results of the Phase 1 trial, it does ***not*** state that Daiichi Sankyo abandoned the second part of the trial, and does ***not*** state that Rain was proceeding to Phase 3 ***without*** a "validated" dosing schedule (let alone with enough clarity and force to support a "truth-on-the-market" defense, *In re Amgen Inc., Sec. Litig.*, 544 F. Supp. 2d 1009, 1025 (C.D. Cal. 2008)). Practically and logically, there is no way an investor would disregard Defendants' explicit statements in Rain's registration statement in favor of outdated information from a third-party uploaded to a website nearly a decade earlier (when Daiichi Sankyo started the study in 2013). Defendants cannot rely on investors to "connect the dots" at the motion to dismiss stage. *See Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 887 (9th Cir. 2008).

As such, because Defendants seek to use judicial notice to present their own version of facts that are subject to debate, judicial notice would be improper. *See Cottle v. Plaid Inc.,* 536 F. Supp. 3d 461, 477 (N.D. Cal. 2021) ("Given disputes about the meaning and relevance of these materials,

3

the court declines to take judicial notice of Exhibits A through E."); *see also Khoja*, 899 F.3d at 1000 ("[i]t is improper to judicially notice a [document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.") (internal citation omitted); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (denying judicial notice of documents defendants were using to create a defense to the well-pled allegations in the complaint); *Longo v. OSI Systems, Inc.*, 2020 WL 3124221, *1 (C.D. Cal. March 11, 2020) (same); *Riley v. Chopra*, 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (rejecting incorporation-by-reference where, in part, defendant tried to use one of the documents to rebut one of plaintiff's claims); *Zamir v. Bridgepoint Educ., Inc.,* 2018 WL 1258108, at *17 (S.D. Cal. Mar. 12, 2018) (refusing to construe SEC letter submitted for judicial notice in an "attempt to rebut [plaintiff's scienter] argument"); *Rollins v. Dignity Health*, 338 F.Supp.3d 1025, 1031 (N.D. Cal. 2018) (denying judicial notice where the requesting parties "repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint.").

Defendants also mistakenly invoke the doctrine of incorporation by reference. While Plaintiffs refer to Daiichi Sankyo's Phase 1 study, no reference is made to the print-out Defendants have produced. "A defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja,* 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document under *Ritchie*." *Id.* (internal quotations omitted). To qualify for incorporation by reference, the claim must depend on the document. *Id*. Having not been mentioned once at all throughout the entire complaint, the print-out does not qualify for incorporation by reference. Plaintiffs' reference to the Phase 1 study itself does not provide a basis to incorporate by reference any other document that references it, including the print-out at issue; indeed, were that the case, then Defendants' internal correspondence about the strengths and weaknesses of the Phase 1 trial would also be subject to incorporation by reference. Defendants have not produced those materials, however.

4

DATED:  July 11, 2024

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By:  *s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Plaintiffs*
*and Lead Counsel for the Class*

5

Objection to Request for Judicial Notice                     No. 5:23-cv-03518-EJD