GIBSON, DUNN & CRUTCHER LLP
JESSICA VALENZUELA, SBN 220934
    JValenzuela@gibsondunn.com
JEFFREY LOMBARD, SBN 285371
    JLombard@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone:   650.849.5300
Facsimile:   650.849.5333

GEORGE B. ADAMS III, SBN 321904
    GAdams@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone:   415.393.8200
Facsimile:   415.393.8306

*Attorneys for Defendants Rain Oncology Inc., Avanish Vellanki, Richard Bryce, Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF<br><br>    Defendants. | CASE NO. 5:23-cv-03518-EJD<br><br><u>CLASS ACTION</u><br><br>**AVANISH VELLANKI AND RICHARD BRYCE'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>**Hearing:**</u><br>Date:          June 12, 2025<br>Time:         9:00 A.M.<br>Place:         Courtroom 4<br><br>Judge:         Hon. Edward J. Davila<br>Action Filed: July 14, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 12, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 4, located at 280 South First Street, San Jose, CA 95113, Defendants Avanish Vellanki and Richard Bryce (the "Dismissed Defendants"), through their undersigned counsel, will, and hereby do, move the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") as to Plaintiffs' claims against the Dismissed Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), which were dismissed by the Court pursuant to its February 24, 2025 motion to dismiss order ("Order"). Dkt. 61.

This Motion is based on this Notice, the supporting Memorandum of Points and Authorities ("Memorandum"), the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should enter final judgment under Rule 54(b) as to Plaintiffs' claims against the Dismissed Defendants under Sections 10(b) and 20(a) of the Exchange Act that were dismissed in the Order.

### I.   INTRODUCTION

The Court's Order dramatically narrowed this case. It dismissed Plaintiffs' claims under Sections 10(b) and 20(a) of the Exchange Act in their entirety, which were the *only* claims asserted against the Dismissed Defendants. Indeed, the only claim that survived Defendants' motion to dismiss relates to a single statement in Rain's Registration Statement alleged to be false and misleading under Section 11 of the Securities Act of 1933 ("Securities Act"), which was *not* asserted against the Dismissed Defendants. The Order granted Plaintiffs leave to file an amended complaint by March 26, 2025. Order at 20. Plaintiffs did not do so, instead electing to proceed only on the Section 11 claim against different defendants. Accordingly, as a practical matter, the Order constitutes a judgment as to *all* claims asserted against the Dismissed Defendants. There is no just reason to delay entry of final

judgment for the Dismissed Defendants and they are entitled to entry of final judgment as to those dismissed claims under Rule 54(b).

## II.   PROCEDURAL HISTORY

The initial complaint in this action was filed on July 14, 2023.  Dkt. 1.  On January 19, 2024, Plaintiffs filed their first amended complaint (the "FAC").  Dkt. 39.  The FAC alleged a claim under Section 10(b) of the Exchange Act against the Dismissed Defendants, as well as Rain Oncology, Inc. ("Rain"), and a claim under Section 20(a) of the Exchange Act against the Dismissed Defendants for alleged "control person" liability.  The FAC also alleged a claim under Section 11 of the Securities Act against Rain and six individual defendants, Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani A. Wolff (the "Director Defendants," and collectively with Rain and the Dismissed Defendants, "Defendants"), as well as a claim under Section 15 of the Securities Act against the Director Defendants for control person liability.  The Section 11 and Section 15 claims were not asserted against the Dismissed Defendants.

On February 24, 2025, the Court granted in part and denied in part Defendants' motion to dismiss the FAC.  Dkt. 61.  The Court dismissed the Section 10(b) and 20(a) claims in their entirety. *Id.* at 7-19.  The Court denied the motion to dismiss as to a single alleged false statement in Rain's Registration Statement under Section 11 and denied the motion to dismiss as to Plaintiffs' Section 15 claims against the Director Defendants with respect to this same statement. *Id.* at 19-20.  The Court gave Plaintiffs leave to amend within 30 days, *i.e.,* by March 26, 2025, *id.* at 20, but Plaintiffs did not amend.  As a result, all claims asserted against the Dismissed Defendants have been dismissed.

## III.   LEGAL STANDARD

Pursuant to Rule 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  There are two requirements for certification and entry of a final judgment under Rule 54(b). *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018). *First*, a preliminary ruling must be "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim

entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). *Second*, the Court must consider whether there is any just reason for delay, which requires "tak[ing] into account judicial administrative interests as well as the equities involved" for the parties themselves. *Id*. at 8. These standards require a "pragmatic approach focusing on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co*., 819 F.2d 1519, 1525 (9th Cir. 1987).

### IV.    ARGUMENT

**A.     The Order Is A Final Judgment As To The Dismissed Claims Against the Dismissed Defendants.**

There can be no dispute that this is a "multiple claims" and "multiple parties" action, *Curtiss-Wright Corp.*, 446 U.S. at 4, 5, as the FAC asserts multiple claims under both the Exchange Act and Securities Act against nine Defendants. There can also be no dispute that Court's Order is a "final" ruling—*i.e.*, "a decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim." The Order fully disposes of two distinct claims under the Exchange Act, which were the *only* claims asserted against the Dismissed Defendants in the FAC. *Id.* at 7. Accordingly, entry of final judgment for the Dismissed Defendants on the dismissed Exchange Act claims under Rule 54(b) is appropriate. *See Cont'l Airlines, Inc.*, 819 F.2d at 1525 (upholding partial judgment under Rule 54(b), noting favorably that it "completely extinguished the liability of the tire companies as to the airplane damage claim"); *Khan v. Park Cap. Sec., LLC*, 2004 WL 1753385, at *7 (N.D. Cal. Aug. 5, 2004) (finding finality satisfied "[s]ince all claims against [the dismissed defendant] have been dismissed without granting [plaintiff] leave to amend his complaint").

The fact that the Court granted leave to amend in its Order does not change this conclusion and, indeed, further supports that a final judgment as to the Dismissed Defendants is proper here. The Court gave Plaintiffs leave to amend the dismissed Exchange Act claims by March 26, 2025, but Plaintiffs did not amend those claims by that deadline, choosing instead to proceed with only the Securities Act claims that survived Defendants' motion to dismiss. Plaintiffs' failure to timely amend means that the dismissal of Plaintiffs' Exchange Act claims—and *all* claims against the Dismissed Defendants—is now final and with prejudice. *See Nacif v. Athira Pharma, Inc.*, 2023 WL 2138478, at *2 (W.D. Wash.

Gibson, Dunn & Crutcher LLP

3
AVANISH VELLANKI AND RICHARD BRYCE'S MOTION FOR PARTIAL FINAL JUDGMENT
CASE NO. 5:23-CV-03518-EJD

Feb. 17, 2023) (noting that "[t]he Court is satisfied that plaintiffs' decision not to timely amend their operative pleading renders 'final' the earlier dismissal without prejudice."). The Dismissed Defendants, put plainly, are no longer involved as parties to this action.

**B.   There Is No Just Reason To Delay Entry Of Final Judgment.**

Since the dismissal of the Exchange Act claims in the Order constitutes a final judgment on an individual claim, the Court must then determine whether there is no just reason to delay appeal in "light of the judicial policy against piecemeal appeals, and equitable factors such as prejudice and delay." *Wehner v. Genentech, Inc.*, 2022 WL 179683, at *2 (N.D. Cal. Jan. 20, 2022) (citing *Curtiss-Wright*, 446 U.S. at 8-10). This case presents no reason to delay entry of final judgment for the Dismissed Defendants.

**1.   Judicial administrative interests support entry of final judgment.**

With the dismissal of the Exchange Act claims, no live claims remain against the Dismissed Defendants. Entering final judgment now in favor of the Dismissed Defendants is therefore warranted because it will "aid in the expeditious decision" of the case by finally disposing of the dismissed Exchange Act claims against the Dismissed Defendants. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) ("Rule 54(b) certification is proper if it will aid expeditious decision of the case.") (citation and internal quotation marks omitted)); *Steinle v. City & Cnty. of San Francisco*, 2017 WL 2021360, at *4 (N.D. Cal. May 12, 2017) ("In the event that Plaintiffs prevail, entering separate judgment to allow appeal of the dismissed claims might advance judicial efficiency by allowing a single trial" in the event of a remand); *United States ex rel. Godecke v. Kinetic Concepts, Inc.*, 2018 WL 376607, at *5 (C.D. Cal. Jan. 8, 2018) (granting Rule 54(b) motion to "conserve judicial resources with respect to the potential for multiple rounds of discovery, motions, and possibility of re-trial").

**2.   The equities support entry of final judgment.**

The equities also strongly weigh in favor of entry of a final judgment in favor of the Dismissed Defendants here. *Curtiss-Wright Corp.*, 446 U.S. at 8.

As an initial matter, without a judgment in their favor under Rule 54(b), the Dismissed Defendants face the potential of being named again as defendants in this matter long after the statute of limitations on the Exchange Act claims have run. In a multiclaim, multiparty action like this one, at

least some courts have found that the statute of limitations remains tolled unless a dismissed defendant moves for final judgment under Rule 54(b).  *See Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 347-48 (3d Cir. 2021) ("For those claims to be barred [by the statute of repose], then, they had to end.  But under Rule 54(b), 'any order' that decides 'fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties.'"); *Crostley v. Lamar Cnty., Texas*, 717 F.3d 410, 420-21 (5th Cir. 2013); *Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1159 (10th Cir. 2023).  Thus, without a final judgment as to the Dismissed Defendants under Rule 54(b), there is the potential argument that the statute of limitations on the dismissed Exchange Act claims remains tolled against the Dismissed Defendants, creating the possibility that claims could be asserted against them at any time before this matter is resolved—which could take years.

That would be unfair to the Dismissed Defendants.  Indeed, courts find prejudice where a dismissed defendant will "essentially be held in limbo pending the final resolution of [a] [p]laintiff's remaining claims against other defendants."  *Chamndany v. Harding*, 2023 WL 9051288, at *3 (C.D. Cal. Aug. 8, 2023); *see also Nazomi Commc'ns, Inc. v. Nokia Corp.*, 2012 WL 6680304, at *4 (N.D. Cal. Dec. 21, 2012) ("[S]imply remaining involved in litigation may be, in and of itself, a hardship where no legal or factual issues remain in dispute with respect to" the dismissed defendant); *Nacif*, 2023 WL 2138478, at *2 n.1 ("a relevant equitable factor is the economic or other impact of uncertainty concerning the status of plaintiffs' claims, which will carry forward another 18-to-24 months or more unless a Rule 54(b) certification is issued.").  Unless final judgment is entered on their behalf now, the Dismissed Defendants could remain subject to liability until this case is fully resolved, even though "there are no claims remaining to be adjudicated" against them.  *See Duane & Virginia Lanier Tr. v. SandRidge Mississippian Tr. I*, 2017 WL 11716097, at *1 (W.D. Okla. Dec. 5, 2017) ("Given the continuation of proceedings in this action with respect to the Exchange Act claims, delaying entry of judgment on the Securities Act claims could result in undue hardship for defendants, especially the majority of defendants against whom there are no claims remaining to be adjudicated.").

Moreover, it is possible that Plaintiffs may attempt to use discovery on the remaining Section 11 claim to revive their dismissed Exchange Act claims and drag the Dismissed Defendants back into

this lawsuit. If that happens, the Court may be required to revisit interlocutory rulings like class certification or summary judgment. More fundamentally, this would undermine one of the key aims of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which "effectively shifted the burden to plaintiffs to acquire particularized knowledge of a party's scienter *prior to* obtaining discovery." *In re Bisys Sec. Litig.*, 496 F. Supp. 2d 384, 387 (S.D.N.Y. 2007), *aff'd sub nom. Pub. Emps. Ret. Ass'n of New Mexico v. PricewaterhouseCoopers LLP*, 305 F. App'x 742 (2d Cir. 2009) (emphasis added) (citing *Medhekar v. United States Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs *rather than information produced by defendants after the action has been filed.*") (emphasis added)). The prejudice the Dismissed Defendants would face if they were forced to litigate claims that were long dismissed for failure to meet the heightened pleading requirements of the PSLRA is self-evident.

## V.   CONCLUSION

For all the reasons stated above, the Dismissed Defendants respectfully request that the Court enter a final judgment pursuant to Rule 54(b) as to the Section 10(b) and 20(a) claims against them that were dismissed in the Court's Order.

DATED:  April 18, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Jessica Valenzuela
         Jessica Valenzuela

*Attorneys for Defendants Rain Oncology Inc., Avanish Vellanki, Richard Bryce, Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff*