Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY, LLP**
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Plaintiffs*
*and Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF,<br><br>Defendants. | Case No. 5:23-cv-03518-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT AVANISH VELLANKI AND RICHARD BRYCE'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT [68]**<br><br>Hearing:    June 12, 2025<br>Time:        9:00 a.m.<br>Location:   Courtroom 4 – 5th Floor<br>Judge:       Hon. Edward J. Davila |

---

Opposition to Motion for Partial Judgment                          No. 5:23-cv-03518-EJD

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ...................................................................................................... ii

ISSUES TO BE DECIDED........................................................................................................ 1

INTRODUCTION...................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.      Rule 54(b) is the narrow exception to consolidated appellate review after all claims against all parties are resolved........................................................................................ 2

    II.    Defendants cannot establish that this case is the unusual one in which a "seriously important reason" warrants Rule 54(b) certification. ................................................... 4

         A.    Vellanki and Bryce may no longer be named defendants, but their conduct is very much still at issue. ................................................................................... 4

         B.    If Rule 54(b) certification is granted, this case could go to the Ninth Circuit twice on the same issue. ......................................................................... 5

         C.    Defendants do not show a seriously important reason or need to enter partial judgment. ................................................................................................... 6

CONCLUSION ......................................................................................................................... 7

i

Opposition to Motion for Partial Judgment           No. 5:23-cv-03518-EJD

**TABLE OF AUTHORITIES**

**Cases**

*Abdo v. Fitzsimmons*,

No. 17-cv-00851-TSH, 2021 U.S. Dist. LEXIS 163776 (N.D. Cal. May 17, 2021) ............ 5, 6, 7

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,

465 F.3d 946 (9th Cir. 2006)..................................................................................................... 3

*Atel Fin. Corp. v. Quaker Coal Co.*,

321 F.3d 924 (9th Cir. 2003) ..................................................................................................... 5

*Braswell Shipyards, Inc., v. Beazer E., Inc.*,

2 F.3d 1331 (4th Cir. 1993)........................................................................................................ 3

*Century Sur. Co. v. 350 W.A., LLC*,

No. 05-CV-1548-L(LSP), 2008 U.S. Dist. LEXIS 45850 (S.D. Cal. June 11, 2008)................... 2

*Cobbledick v. United States*,

309 U.S. 323 (1940) .................................................................................................................... 2

*Cullen v. Margiotta*,

811 F.2d 698 (2d Cir. 1987)........................................................................................................ 5

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,

446 U.S. 1 (1980) .................................................................................................................. 3, 7

*Frank Briscoe Co. v. Morrison–Knudsen Co.*,

776 F.2d 1414 (9th Cir. 1985)..................................................................................................... 1

*Gass v. Nat'l Container Corp.*,

271 F.2d 231 (7th Cir. 1959)....................................................................................................... 2

*Gausvik v. Perez*,

392 F.3d 1006 (9th Cir. 2004)..................................................................................................... 2

*Gregorian v. Izvestia*,

871 F.2d 1515 (9th Cir. 1989)..................................................................................................... 4

*Huggins v. FedEx Ground Package Sys., Inc.*,

566 F.3d 771 (8th Cir. 2009)....................................................................................................... 7

ii

*Hunt v. Bloom Energy Corp.*,

    No. 19-cv-02935-HSG, 2021 U.S. Dist. LEXIS 230248 (N.D. Cal. Dec. 1, 2021)....................... 2

*Imamoto v. SSA*,

    No. 08-00137 JMS/KSC, 2008 U.S. Dist. LEXIS 96383 (D. Haw. Nov. 25, 2008) ................... 3

*Jewel v. NSA*,

    810 F.3d 622 (9th Cir. 2015)................................................................................................ 3

*Kitto v. Thrash Oil & Gas Co.*,

    No. CIV-88-169E, 1989 U.S. Dist. LEXIS 19309 (W.D.N.Y. Dec. 7, 1989) ............................. 7

*Microsoft Corp. v. Motorola, Inc.*,

    No. C10-1823JLR, 2013 U.S. Dist. LEXIS 161762 (W.D. Wash. Nov. 12, 2013)...................... 3

*Morrison-Knudsen Co. v. Archer*,

    655 F.2d 962 (9th Cir. 1981)............................................................................................. 4, 7

*Sears, Roebuck & Co. v. Mackey*,

    351 U.S. 427 (1956) .......................................................................................................... 2

*Texaco, Inc. v. Ponsoldt*,

    939 F.2d 794 (9th Cir. 1991)............................................................................................... 5

*United States Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*,

    No. 1:07-cv-00718 GSA, 2009 U.S. Dist. LEXIS 19391 (E.D. Cal. Mar. 12, 2009) ................... 7

*Wood v. GCC Bend, LLC*,

    422 F.3d 873 (9th Cir. 2005)............................................................................................... 3

**Statutes**

15 U.S.C. §77k(f)(1) ................................................................................................................ 4

15 U.S.C. §77k(f)(2) ................................................................................................................ 4

**Other Authorities**

FED. R. CIV. P. 54 Adv. Comm. Notes to 1946 Amendment ............................................................ 1

**Rules**

FED. R. CIV. P. 54(b)................................................................................................................. 3

iii

**ISSUES TO BE DECIDED**

1.    Have Defendants Vellanki and Bryce adequately demonstrated that this case meets the narrow exception under Federal Rule of Civil Procedure 54(b) allowing partial judgment to be entered prior to final adjudication of the case?

**INTRODUCTION**

Rule 54(b) is a narrow exception to the final judgment rule; it only applies to the "infrequent, harsh case" where it would be "unjust to delay appeal of a distinctly separate claim to await adjudication" of the entire case. FED. R. CIV. P. 54 Adv. Comm. Notes to 1946 Amendment. In the Ninth Circuit, Rule 54(b) judgments "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Frank Briscoe Co. v. Morrison–Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (internal quotations omitted). Defendants cannot meet their burden of showing that this is such an exceptional case because (1) Defendants' desire to run out the statute of limitations on the dismissed Exchange Act claims does not qualify as the sort of "pressing need" required to support a Rule 54(b) judgment; and (2) there is a significant risk that the Ninth Circuit would hear related issues twice.

Defendants Vellanki and Bryce are integral to this action regardless of whether they are defending themselves against live claims. Vellanki was Rain's Chief Executive Officer and Bryce was the company's Chief Medical Officer. Vellanki also signed the registration statement used by Rain to conduct its IPO. Perhaps more so than the current Director Defendants, Vellanki and Bryce were responsible for Rain's clinical trial plan and the calculated decision to skip Phase 2. Discovery will inevitably place them at the epicenter of the case as the company's internal documents will show that they devised, implemented, and executed the Phase 2 Bypass. Not only do they face the likely reality of being brought back into the action but they also face potential contribution claims under 15 U.S.C. §77k(f).

Entering partial judgment at this point stands to complicate the proceedings going forward. It also gives rise to the reality that the Ninth Circuit will hear overlapping issues and create parallel litigation. The Ninth Circuit's review would be *de novo* and either on its own or in response to

1

arguments raised by Defendants Vellanki and Bryce, it could affirm on any ground appearing in the record. This means that Vellanki and Bryce could relitigate the Court's "falsity" holding currently underpinning Plaintiffs' Securities Act claims against the Director Defendants. Consequently, if partial judgment is allowed and Plaintiffs appealed to preserve their claims, the appeal would subject them to the extraordinary risk of having to relitigate issues already won; the only alternative would be to forgo the appeal entirely and waive their appellate rights.

Defendants Vellanki and Bryce are not in a unique situation; "it arises in every case in which some but not all claims are dismissed before trial. And judgment under Rule 54(b) would not necessarily alleviate the prejudice from delay because the appellate process itself takes time." *Hunt v. Bloom Energy Corp.*, No. 19-cv-02935-HSG, 2021 U.S. Dist. LEXIS 230248, at *9 (N.D. Cal. Dec. 1, 2021). Given the specific circumstances of this case, the equities do not weigh in favor of entering judgment.

**ARGUMENT**

**I.      Rule 54(b) is the narrow exception to consolidated appellate review after all claims against all parties are resolved.**

"Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all." *Cobbledick v. United States*, 309 U.S. 323, 324-25 (1940). Rule 54(b) was intended to be a narrow exception to that requirement, a counter to deal with the unexpected side effects of the expansion of joinder rules. FED. R. CIV. P. 54 Adv. Comm. Notes to 1946 Amendment; *Century Sur. Co. v. 350 W.A., LLC*, No. 05-CV-1548-L(LSP), 2008 U.S. Dist. LEXIS 45850, at *5-6 (S.D. Cal. June 11, 2008). It was not, however, "meant to displace the 'historic federal policy against piecemeal appeals.'" *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). Thus, Rule 54(b) "should be used sparingly." *Id*. at 1009; *see also Gass v. Nat'l Container Corp.*, 271 F.2d 231, 233 (7th Cir. 1959) (cautioning that "54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel").

Opposition to Motion for Partial Judgment                              No. 5:23-cv-03518-EJD

The risk of such orders becoming routine (and thus the exception swallowing the rule) is real. As courts have recognized, "partial adjudication of one of several related claims or issues" is a common, everyday occurrence in litigation. *Imamoto v. SSA*, No. 08-00137 JMS/KSC, 2008 U.S. Dist. LEXIS 96383, at *6-7 n.1 (D. Haw. Nov. 25, 2008) (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005)). Accordingly, the party seeking Rule 54(b) certification bears the burden of showing that the case is an exceptional one warranting relief. *Braswell Shipyards, Inc., v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993); *Imamoto*, 2008 U.S. Dist. LEXIS 96383, at *5-6. Rule 54(b) permits a district court to "direct entry of a final judgment" on some of the claims or parties if (and only if) it expressly finds "there is no just reason for delay." FED. R. CIV. P. 54(b).

To do so, however, the district court must first find that two fundamental requirements have been satisfied:

First, the district court must determine whether "it has rendered a 'final judgment.'" *Wood*, 422 F.3d at 878 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). For purposes of Rule 54(b), a final judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7. Plaintiffs do not dispute that this requirement is met here.

Second, Rule 54(b) also requires that the district court expressly determine whether there is any just reason for delay. *Jewel v. NSA*, 810 F.3d 622, 627-288 (9th Cir. 2015) (quoting FED. R. CIV. P. 54(b)). In making that determination, the court considers judicial efficiency concerns and the equities that weigh in favor and against certification. *Id*. (citing *Curtiss-Wright*, 446 U.S. at 10). Central to that determination are two issues: (1) whether the claims under review are separable from the others remaining to be adjudicated, and (2) whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once. *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 U.S. Dist. LEXIS 161762, at *15-16 (W.D. Wash. Nov. 12, 2013) (citing *Curtiss-Wright*, 446 U.S. at 7-10), *aff'd* 795 F.3d 1024 (9th Cir. 2015); *see AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (same). "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust

3

Opposition to Motion for Partial Judgment                    No. 5:23-cv-03518-EJD

result, documented by further and specific findings." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Moreover, in considering the equities, the court should take into account whether Rule 54(b) certification would cause delay or prejudice. *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). Even when a Rule 54(b) judgment would not prejudice the parties, it has to be justified by a showing of "pressing needs." *Morrison-Knudsen Co.*, 655 F.2d at 965.

## II. Defendants cannot establish that this case is the unusual one in which a "seriously important reason" warrants Rule 54(b) certification.

### A. Vellanki and Bryce may no longer be named defendants, but their conduct is very much still at issue.

Vellanki served as Rain's Chairman and Chief Executive Officer. Amended Complaint for Violations of the Federal Securities Laws, ECF No. 39 ("Complaint"), ¶19. Bryce served as Rain's Chief Medical Officer. *Id*. at ¶20. Given their roles within the company, discovery will unquestionably place them at the center of Rain's clinical trial plans. Board meeting minutes, correspondence with the FDA, and testimony from the remaining Director Defendants will consistently show that Vellanki and Bryce were responsible for devising, approving, and implementing the Phase 2 Bypass that ultimately led to the failed Phase 3 clinical trial (for lack of proper dosing). *See id*. at ¶¶48, 214. Their responsibility for and involvement in the Phase 2 Bypass maneuver will be a focus of the litigation, thereby ensuring their involvement going forward and all but guaranteeing that a Rule 54(b) partial judgment would be premature at this time.

Section 11 of the Securities Act allows for joint and several liability and contribution claims against Vellanki (as a Rain's Chairman of the Board and a signatory of the registration statement) and Bryce (as an executive officer performing similar functions to a director, *i.e.*, oversight of the company). *See* 15 U.S.C. §77k(f)(1). Consequently, the Director Defendants currently remaining in the action will necessarily seek to establish that they (Vellanki and/or Bryce) bear the lion's share of responsibility for the alleged violations. *See* 15 U.S.C. §77k(f)(2). Plaintiffs, for their part, may attempt to establish otherwise depending on the evidence. In either event, the evidence will speak directly to what Vellani and Bryce knew about the risks of the Phase 2 Bypass and whether they concealed those risks from investors (intentionally or with deliberate recklessness). This will

4

inevitably lead to a reconsideration of the Court's order on the motion to dismiss with respect to its holding on scienter. *See* MTD Order, ECF No. 61, p. 16:12-19 ("So, to establish scienter, Plaintiffs had to plead facts showing that [Vellanki and Bryce] . . . knew (or disregarded with deliberate recklessness) facts showing that it was ill-advised and risky to skip Phase 2.")

"In the multiple party situation where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants. In such circumstances, where the resolution of the remaining claims could conceivably affect this Court's decision on the appealed claim, the interlocutory order of dismissal should remain interlocutory and therefore subject to appropriate revision until the liabilities of all the defendants have been adjudicated." *Cullen v. Margiotta*, 811 F.2d 698, 710-11 (2d Cir. 1987) (internal citations omitted). The resolution of the remaining claims at bar against the Director Defendants will certainly (not just "conceivably") implicate Vellanki and Bryce, meaning that a Rule 54(b) judgment should not be entered.

**B.      If Rule 54(b) certification is granted, this case could go to the Ninth Circuit twice on the same issue.**

Rule 54(b)'s purpose is to streamline litigation in certain narrow circumstances where the equities demand it. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991). In this case, certification would do the opposite by permitting piecemeal appeals and creating strategic opportunities for Defendants to relitigate claims currently pending before this Court. Indeed, entering partial judgment at this time would force Plaintiffs to appeal to preserve their claims against Vellanki and Bryce. The appeal would give way to rearguing the "falsity" of the "commencement statements" because the Ninth Circuit reviews the issues *de novo* and can affirm on any grounds in the record. *See*, *e.g.*, *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003). The falsity of the commencement statements is "central to the determination of liability" for the Director Defendants because that is the subject matter of the pending Section 11 claims in this action. *See Abdo v. Fitzsimmons*, No. 17-cv-00851-TSH, 2021 U.S. Dist. LEXIS 163776, at *13 (N.D. Cal. May 17, 2021).

5

Opposition to Motion for Partial Judgment                    No. 5:23-cv-03518-EJD

Entering partial judgment would therefore lead to an appeal that could unduly contradict the holdings already made by this Court or, alternatively, lead to a scenario in which the Ninth Circuit hears argument on the "falsity" of the "commencement statements" twice—once on the appeal following the Rule 54(b) partial judgment and then potentially again once the claims against the remaining Director Defendants are fully adjudicated. This would place Plaintiffs in a highly prejudicial position; to avoid the risk of inconsistent rulings, they would have to forgo the appeal and voluntarily waive their rights against Vellanki and Bryce.

The better option is to deny Defendants' Rule 54(b) motion to ensure that these issues are not the subject of multiple appeals to the Ninth Circuit. Those issues would be better presented for appellate review once, at the end of litigation with all relevant parties represented, than they would be in multiple appeals with only a subset of those parties participating in each appeal. Shortcutting that well-established process carries real costs for all concerned.

**C.    Defendants do not show a seriously important reason or need to enter partial judgment.**

Rule 54(b) certification is appropriate "only where either (1) there is a seriously important reason or (2) the relief is necessary to avoid a harsh and unjust result." *Abdo*, 2021 U.S. Dist. LEXIS 163776, at *14 (internal quotations omitted). Defendants have not shown either. In fact, the only justification they give in support of their motion is that Vellanki and Bryce "face the potential of being named again as defendants in this matter long after the statute of limitations on the Exchange Act claims have run." Defs. Br., ECF No. 68, p. 4:26-28. That is not enough to support a Rule 54(b) partial judgment at this stage of the case.

"[Vellanki's and Bryce's] wish to put this litigation behind [them] is shared by the vast majority of litigants such that it does not constitute a 'seriously important reason' justifying the risk of duplicative, piecemeal appeals. Unfortunately, constraints of time, money, and other inconveniences including familial demands are common to most litigants and this Court cannot indulge in the entry of judgment under Rule 54(b) as 'a magnanimous accommodation to lawyers or litigants.'" *Abdo*, 2021 U.S. Dist. LEXIS 163776, at *15 (citing *United States Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*, No. 1:07-cv-00718 GSA, 2009 U.S. Dist. LEXIS 19391, at *5 (E.D.

6

Cal. Mar. 12, 2009)). Given the overlap of issues remaining to be adjudicated in this action and the risk of duplicative appeals that may follow, this case does not meet the extraordinary standards required for a Rule 54(b) partial judgment. *See Morrison-Knudsen Co.*, 655 F.2d at 965 ("similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only when necessary to avoid a harsh and unjust result").

Defendants' argument also lacks merit because the statute of limitations for the dismissed Section 10(b) claims under the Exchange Act will not expire until December 2026 at the earliest. This calculation assumes that the two-year statute of limitations was tolled prior to the Court's order on the motion to dismiss and only started to run again once the claims against Vellanki and Bryce were dismissed. Thus, entering partial judgment now does not protect them from "being named again as defendants" but instead only serves to prejudice Plaintiffs by forcing them to assume the risks of the appeal as discussed above or forgo it entirely.

**CONCLUSION**

Certification would not "aid expeditious decision of the case" but would hinder it. *See Texaco, Inc.*, 939 F.2d at 797 (internal quotations omitted). Moreover, Defendants' supposed "hardship . . . scarcely seems different than that which will arise in every multiple party suit in which one of the defendants is dismissed but must wait the finality of its release until the liability of the remaining defendants has been determined and judgment has been entered." *Kitto v. Thrash Oil & Gas Co.*, No. CIV-88-169E, 1989 U.S. Dist. LEXIS 19309, at \*8 (W.D.N.Y. Dec. 7, 1989); *see also Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) (denying certification because the movant "fail[ed] to distinguish [his] case from any civil action, where some, but not all, of the defendants are dismissed before trial"). They cannot show that this case is the sort of "infrequent harsh case" that Rule 54(b) was designed to remedy. *See Curtiss-Wright*, 446 U.S. at 9; *see also Abdo*, 2021 U.S. Dist. LEXIS 163776, at \*16. For the foregoing reasons, this Court should deny Defendants' Rule 54(b) motion.

//

//

//

7

DATED:  May 1, 2025                      Respectfully Submitted,

                                         **LEVI & KORSINSKY, LLP**

                                         By:  *s/ Adam M. Apton*
                                         Adam M. Apton (SBN 316506)
                                         aapton@zlk.com
                                         1160 Battery Street East, Suite 100
                                         San Francisco, CA 94111
                                         Tel.: (415) 373-1671

                                         *Attorneys for Plaintiffs*
                                         *and Lead Counsel for the Class*

8

Opposition to Motion for Partial Judgment                    No. 5:23-cv-03518-EJD