GIBSON, DUNN & CRUTCHER LLP
JESSICA VALENZUELA, SBN 220934
    JValenzuela@gibsondunn.com
JEFFREY LOMBARD, SBN 285371
    JLombard@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

GEORGE B. ADAMS III, SBN 321904
    GAdams@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Section 11 Defendants Rain Oncology Inc., Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>        v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF,<br><br>            Defendants. | Case No. 5:23-cv-03518-EJD<br><br>**SECTION 11 DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Gibson, Dunn & Crutcher LLP

Defendants Rain Oncology Inc. ("Rain" or the "Company"), Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff (together, the "Section 11 Defendants"), through their undersigned counsel, hereby answer the Amended Class Action Complaint, ECF No. 39 ("Complaint"), filed by Lead Plaintiff Dr. Myo Thant and additional named plaintiff Branden Schenkhuizen (collectively, "Plaintiffs") against the Section 11 Defendants.

As indicated below, the Court's February 24, 2025 order (ECF No. 61, hereinafter the "Order") dismissed all claims pled by Plaintiffs under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, which were the only claims pled against former defendants Avanish Vellanki and Richard Bryce who are no longer parties to this action. In the Order, the Court additionally dismissed all claims pled by Plaintiffs under Sections 11 and 15 of the Securities Act of 1933 ("Securities Act") except for the claims based on the following statement: "Based on these data, we anticipate commencing a pivotal Phase 3 trial in LPS in the second half of 2021." Section 11 Defendants are not required to respond to allegations that are relevant only to the claims the Court dismissed in the Order and, on that basis, deny those allegations. Any allegation not explicitly admitted is also denied. Section 11 Defendants do not, by noting or admitting that the Complaint purports to quote, summarize and/or characterize particular documents, admit the truth of any assertion in those documents. Moreover, headings and footnotes contained within the Complaint are not substantive allegations to which an answer is required. To the extent headings and footnotes are substantive allegations to which an answer is required, Section 11 Defendants deny those allegations.

In answer to the Complaint, Section 11 Defendants state as follows:

Section 11 Defendants need not respond to the allegations in the prefatory paragraph found at page 1, line 19 through page 2, line 2 of the Complaint to the extent it states legal conclusions. To the extent a response is necessary, Section 11 Defendants lack sufficient knowledge to respond to the allegations and, on that basis, deny them.

## **NATURE OF THE CLAIM**

1. The Court's Order dismissed Plaintiffs' claims under the Exchange Act and Rule 10b-5 promulgated thereunder, and Section 11 Defendants therefore need not respond to allegations relevant

only thereto.  Section 11 Defendants admit that Plaintiffs purport to bring a putative class action under Sections 11 and 15 of the Securities Act.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 1.

2.    Section 11 Defendants admit that Rain's Prospectus on Form 424B4 ("Registration Statement"), filed with the U.S. Securities and Exchange Commission ("SEC") on April 23, 2021, described the Company as a clinical-stage precision oncology company that was planning a Phase 3 trial for a cancer drug called milademetan.  Further, in response to the first three sentences of paragraph 2, Section 11 Defendants admit that Plaintiffs purport to quote, summarize and/or characterize portions of the Registration Statement; however, these portions have been taken out of context and/or are incomplete, and Section 11 Defendants respectfully refer the Court to the complete Registration Statement.  Section 11 Defendants deny the allegations in the fourth, fifth, and sixth sentences in paragraph 2.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 2.

3.    Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize the process and requirements for drug development and approval in the United States in paragraph 3; however, Section 11 Defendants deny that Plaintiffs accurately summarize and/or characterize the process and requirements and respectfully refer the Court to Section 505 of the Food, Drug, and Cosmetic Act of 1938 ("FDCA"), codified at 21 U.S.C. § 355, and Title 21 of the Code of Federal Regulations, Parts 312 and 314 (21 C.F.R. §§ 312 and 314), which speak for themselves.  Section 11 Defendants further deny any allegation or implication in paragraph 3 suggesting that the absence of a Phase 2 trial is atypical or creates additional risk to the ultimate approval of a drug by the FDA.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 3.

4.    Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize the process and requirements for drug development and approval in the United States in paragraph 4; however, Section 11 Defendants deny that Plaintiffs accurately summarize and/or characterize the process and requirements and respectfully refer the Court to Section 505 of the FDCA, codified at 21 U.S.C. § 355, and related regulations in 21 C.F.R. §§ 312, 314, which speak for themselves.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 4.

Gibson, Dunn & Crutcher LLP

3

5.      Section 11 Defendants deny the first sentence of paragraph 5.  In response to the second sentence of paragraph 5, Section 11 Defendants admit that milademetan is a small molecule, oral inhibitor of mouse double minute 2 ("MDM2") that can accelerate tumor growth if left unsuppressed. In response to the third sentence of paragraph 5, Section 11 Defendants admit that, prior to the initiation of Rain's Phase 3 trial in liposarcoma ("LPS"), MDM2 inhibition had presented treatment challenges, and Rain disclosed in the Registration Statement that "despite decades of research on p53 as a target for precision medicines, prior product development efforts have been unsuccessful."  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 5.

6.      Section 11 Defendants admit the first sentence of paragraph 6.  Section 11 Defendants further admit that Plaintiffs purport to summarize and/or characterize the Phase 1 clinical trial of Daiichi Sankyo Company, Limited ("Daiichi Sankyo") in the remainder of paragraph 6 and respectfully refer the Court to Daiichi Sankyo's Phase 1 clinical trial plan and the Phase 1 trial results, which are publicly available.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 6.

7.      Section 11 Defendants admit the first sentence of paragraph 7.  In response to the second sentence of paragraph 7, Section 11 Defendants admit that Plaintiffs purport to quote, summarize and/or characterize portions of the Registration Statement; however, these portions have been taken out of context and/or are incomplete, and Section 11 Defendants respectfully refer the Court to the complete Registration Statement.  Section 11 Defendants need not respond to the portion of allegations in the second sentence of paragraph 7 regarding "throughout the Class Period" because the Court dismissed Plaintiffs' claims and allegations under the Exchange Act and Rule 10b-5 promulgated thereunder in the Order.  Section 11 Defendants deny the allegations in the third sentence of paragraph 7.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 7.

8.      Section 11 Defendants need not respond to the allegations in paragraph 8 to the extent they constitute legal conclusions.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 8.

Gibson, Dunn & Crutcher LLP

4

9. Section 11 Defendants need not respond to the allegations in paragraph 9 to the extent they constitute legal conclusions and/or are relevant only to the claims dismissed in the Order. To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 9.

10. Section 11 Defendants admit that on May 22, 2023, Rain published a press release titled "Rain Oncology Announces Topline Results from Phase 3 MANTRA Trial of Milademetan for the Treatment of Dedifferentiated Liposarcoma" and Section 11 Defendants respectfully refer the Court to that press release for a description of Rain's Phase 3 trial results. In response to the second, third, and fourth sentences of paragraph 10, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize certain reports from third-party analysts, and Section 11 Defendants respectfully refer the Court to the complete analyst reports and/or conference call transcript, which speak for themselves. In response to the fifth sentence of paragraph 10, Section 11 Defendants state that Rain's stock price at various points of time is a matter of public record and speaks for itself. Except as expressly admitted, Section 11 Defendants deny the remainder of the allegations in paragraph 10.

11. Section 11 Defendants need not respond to the allegations in paragraph 11 to the extent they constitute legal conclusions and/or are relevant only to the claims dismissed in the Order. To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 11.

## JURISDICTION AND VENUE

12. Section 11 Defendants need not respond to the allegations in paragraph 12 to the extent they constitute legal conclusions and/or are relevant only to the claims dismissed in the Order.

13. Section 11 Defendants admit that the Court has subject matter jurisdiction over this case.

14. Section 11 Defendants need not respond to the allegations in paragraph 14 to the extent they constitute legal conclusions and/or are relevant only to the claims dismissed in the Order. To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 14.

15. Section 11 Defendants admit that venue is proper in this judicial district. Except as expressly admitted, Section 11 Defendants deny the remainder of the allegations in paragraph 15.

## PARTIES

16. Section 11 Defendants need not respond to the allegations in the first sentence of paragraph 16 to the extent they constitute legal conclusions and/or are relevant only to the claims

Gibson, Dunn & Crutcher LLP

dismissed in the Order. To the extent a response to the allegations in the first sentence of paragraph 16 is necessary, Section 11 Defendants lack sufficient knowledge to respond and, on that basis, deny them. As to the second sentence of paragraph 16, Section 11 Defendants refer the Court to Lead Plaintiff's certification at ECF No. 19-2, which speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 16.

17. Section 11 Defendants need not respond to the allegations in the first sentence of paragraph 17 to the extent they constitute legal conclusions. To the extent a response to the allegations in the first sentence of paragraph 17 is necessary, Section 11 Defendants lack sufficient knowledge to respond and, on that basis, deny them. As to the second sentence of paragraph 17, Section 11 Defendants refer the Court to plaintiff Schenkhuizen's certification at ECF No. 39-1, which speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 17.

18. Section 11 Defendants admit that Rain was founded in 2017 and, at the time the Complaint was filed, the Company was incorporated in Delaware, with its principal offices located at 8000 Jarvis Avenue, Suite 204, in Newark, California, 94560. Section 11 Defendants also admit that, at the time the Complaint was filed, Rain was traded under the symbol "RAIN" on the Nasdaq Stock Market and, on January 26, 2024, Rain was acquired by Pathos AI, Inc. ("Pathos AI"). Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 18.

19. Section 11 Defendants need not respond to the allegations in paragraph 19 because all claims against Avanish Vellanki were dismissed in the Order.

20. Section 11 Defendants need not respond to the allegations in paragraph 20 because all claims against Richard Bryce were dismissed in the Order.

21. Section 11 Defendants need not respond to the allegations in paragraph 21 because all claims against Vellanki and Bryce were dismissed in the Order.

22. Section 11 Defendants admit the first sentence of paragraph 22. Section 11 Defendants state that no response is necessary to the allegations in the second sentence of paragraph 22.

23. Section 11 Defendants need not respond to the allegations in paragraph 23 to the extent they constitute legal conclusions and/or concern claims against Vellanki and Bryce, which were fully

dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 23.

24.    Section 11 Defendants deny the allegations in paragraph 24.

25.    Section 11 Defendants need not respond to the allegations in paragraph 25 to the extent they constitute legal conclusions.  To the extent a response is necessary, Section 11 Defendants deny these allegations.

26.    Section 11 Defendants need not respond to the allegations in paragraph 26 to the extent they constitute legal conclusions and/or are relevant only to the claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny these allegations.

27.    Section 11 Defendants need not respond to the allegations in paragraph 27 to the extent they constitute legal conclusions and/or are relevant only to the claims that were dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny these allegations.

## SUBSTANTIVE ALLEGATIONS

### A.    Phase 2 Bypass.

28.    Section 11 Defendants need not respond to the allegations in the first sentence of paragraph 28 to the extent they constitute legal conclusions.  As to the remainder of paragraph 28, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize the process and requirements for drug development and approval in the United States; however, Section 11 Defendants deny that Plaintiffs accurately summarize and/or characterize the process and requirements and respectfully refer the Court to Section 505 of the FDCA, codified at 21 U.S.C. § 355, and related regulations in 21 C.F.R. §§ 312, 314, which speak for themselves.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 28.

29.    Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize the process and requirements for drug development and approval in the United States in paragraph 29.  However, Section 11 Defendants deny that Plaintiffs accurately summarize and/or characterize the process and requirements and respectfully refer the Court to Section 505 of the FDCA, codified at 21 U.S.C. § 355, and related regulations in 21 C.F.R. §§ 312, 314, which speak for themselves.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 29.

Gibson, Dunn & Crutcher LLP

7

30.     Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize the process and requirements for drug development and approval in the United States in paragraph 30; however, Section 11 Defendants deny that Plaintiffs accurately summarize and/or characterize the process and requirements and respectfully refer the Court to Section 505 of the FDCA, codified at 21 U.S.C. § 355, and related regulations in 21 C.F.R. §§ 312, 314, which speak for themselves.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 30.

31.     Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize the process and requirements for drug development and approval in the United States in paragraph 31; however, Section 11 Defendants deny that Plaintiffs accurately summarize and/or characterize the process and requirements and respectfully refer the Court to Section 505 of the FDCA, codified at 21 U.S.C. § 355, and related regulations in 21 C.F.R. §§ 312, 314, which speak for themselves.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 31.

32.     Section 11 Defendants deny the allegations in paragraph 32.

33.     Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize certain articles in paragraph 33, all of which are publicly available and speak for themselves.  Except as expressly admitted, Section 11 Defendants deny every allegation in paragraph 33.

34.     Section 11 Defendants admit that Plaintiffs purport to reference unidentified research reports in the second sentence of paragraph 34 and state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny them.  Except as expressly admitted, Section 11 Defendants deny every allegation in paragraph 34.

**B.     *The Phase 1 Trial for Milademetan.***

35.     Section 11 Defendants admit the first sentence of paragraph 35.  Section 11 Defendants further admit that Daiichi Sankyo's milademetan Phase 1 trial was called "A Phase 1 Multiple Ascending Dose Study of Milademetan in Subjects With Advanced Solid Tumors or Lymphomas." Section 11 Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 35 and, on that basis, deny them.

36.     Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize Daiichi Sankyo's Phase 1 clinical trial in paragraph 36 and respectfully refer the Court to Daiichi

Gibson, Dunn &
Crutcher LLP

8

Sankyo's Phase 1 clinical trial plan, which is publicly available and speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 36.

37. Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize Daiichi Sankyo's Phase 1 clinical trial in paragraph 37 and respectfully refer the Court to Daiichi Sankyo's Phase 1 clinical trial plan and the Phase 1 trial results, which are publicly available and speak for themselves. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 37.

38. Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize Daiichi Sankyo's Phase 1 clinical trial in paragraph 38 and respectfully refer the Court to Daiichi Sankyo's Phase 1 clinical trial plan and the Phase 1 trial results, which are publicly available and speak for themselves. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 38.

**C.      Rain's Phase 3 Gamble.**

39. In response to the first and second sentences of paragraph 39, Section 11 Defendants admit that Rain held its initial public offering ("IPO") in April 2021 and included a description of Rain's licensing deal with Daiichi Sankyo regarding milademetan in its Registration Statement. Section 11 Defendants further admit that Plaintiffs purport to quote, summarize and/or characterize portions of the Registration Statement in the second and third sentences of paragraph 39 and respectfully refer the Court to the complete Registration Statement, which speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 39.

40. Section 11 Defendants admit that Plaintiffs purport to quote, summarize and/or characterize portions of the Registration Statement in paragraph 40, and Section 11 Defendants respectfully refer the Court to the complete Registration Statement, which speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 40.

41. Section 11 Defendants admit that Plaintiffs purport to quote, summarize and/or characterize portions of the Registration Statement; however, these portions have been taken out of context and/or are incomplete, and Section 11 Defendants respectfully refer the Court to the complete

Gibson, Dunn &
Crutcher LLP

9

Registration Statement, which speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 41.

42. Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize reports issued by analysts from third-party investment banks, and Section 11 Defendants respectfully refer the Court to the complete analyst reports, which speak for themselves. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 42.

43. In response to the first sentence of paragraph 43, Section 11 Defendants admit that Rain received net proceeds of $121.9 million in its IPO. In response to the remainder of the allegations in paragraph 43, Section 11 Defendants admit that Plaintiffs purport to quote, summarize and/or characterize portions of the Registration Statement, and Section 11 Defendants respectfully refer the Court to the complete Registration Statement, which speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 43.

**D.    The MANTRA Trial.**

44. Section 11 Defendants admit that Rain commenced its Phase 3 trial in July 2021. Section 11 Defendants admit that, on July 20, 2021, Rain published a press release titled "Rain Therapeutics Initiates Phase 3 MANTRA Clinical Trial of Milademetan for De-differentiated Liposarcoma and Provides Patient Update from Prior Clinical Program," and Section 11 Defendants respectfully refer the Court to the complete press release, which speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 44.

45. In response to paragraph 45, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize third-party analyst reports, and Section 11 Defendants respectfully refer the Court to the complete analyst reports, which speak for themselves. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 45.

46. In response to paragraph 46, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize a publication by Daiichi Sankyo with the results from a clinical trial of milademetan in patients with intimal sarcoma, and Section 11 Defendants respectfully refer the Court to the complete publication, which speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 46.

Gibson, Dunn & Crutcher LLP

47.    Section 11 Defendants admit that, on May 22, 2023, Rain published a press release titled "Rain Oncology Announces Topline Results from Phase 3 MANTRA Trial of Milademetan for the Treatment of Dedifferentiated Liposarcoma," and Section 11 Defendants respectfully refer the Court to the complete press release for a description of Rain's Phase 3 trial results.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 47.

48.    Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize certain reports from third-party analysts regarding the results of the Phase 3 trial and Rain's conference call on May 22, 2023, and Section 11 Defendants respectfully refer the Court to the complete analyst reports and conference call transcript, which speak for themselves.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 48.

49.    In response to the first and second sentences of paragraph 49, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize Rain's May 22, 2023 conference call and/or its May 22, 2023 press release, and Section 11 Defendants respectfully refer the Court to the complete conference call transcript and press release, which speak for themselves.  In response to the third sentence of paragraph 49, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize certain reports from third-party analysts regarding the results of the Phase 3 trial, and Section 11 Defendants respectfully refer the Court to the complete analyst reports, which speak for themselves.  In response to the fourth sentence of paragraph 49, Section 11 Defendants state that Rain's stock price at various points of time is a matter of public record and speaks for itself.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 49.

50.    Section 11 Defendants admit the allegations in paragraph 50.

51.    Section 11 Defendants admit that, on May 30, 2023, Rain published a press release titled "Rain Oncology Provides Company Update and Outlines Strategic Priorities of Milademetan Clinical Programs," and Section 11 Defendants respectfully refer the Court to the complete press release, which speaks for itself.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 51.

52.    Section 11 Defendants admit that on August 10, 2023, Rain published a press release titled "Rain Oncology Reports Second Quarter 2023 Financial Results and Provides Corporate Update"

Gibson, Dunn & Crutcher LLP

11

and filed its Form 10-Q reporting its financial earnings for the quarter ended June 30, 2023. Section 11 Defendants further admit that Plaintiffs purport to quote, summarize and/or characterize portions of the press release and/or Rain's Form 10-Q, and Section 11 Defendants respectfully refer the Court to the complete press release and Form 10-Q filing, which speak for themselves. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 52.

53.    Section 11 Defendants admit that Rain entered into a non-disclosure agreement with Pathos AI on October 17, 2023, in order to exchange certain proprietary information in connection with a possible sales transaction. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 53.

54.    Section 11 Defendants admit the allegation in paragraph 54.

55.    In response to the first sentence of paragraph 55, Section 11 Defendants admit that, on December 13, 2023, Rain published a press release titled "Rain Oncology Enters into Agreement to be Acquired by Pathos AI for $1.16 in Cash per Share Plus Contingent Value Rights." In response to the second sentence of paragraph 55, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize portions of this press release and respectfully refer the Court to the complete press release, which speaks for itself. In response to the third sentence of paragraph 55, Section 11 Defendants admit that Pathos AI's tender offer expired as scheduled on January 25, 2025, and Section 11 Defendants respectfully refer the Court to Rain's January 26, 2024 press release titled "Pathos AI Completes Acquisition of Rain Oncology" for more information regarding the tender offer. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 55.

**E.    Extreme Departure from Standards of Ordinary Care.**

56.    Section 11 Defendants deny the allegations in paragraph 56.

57.    Section 11 Defendants deny the allegations in the first and second sentences of paragraph 57. In response to the third and fourth sentences of paragraph 57, Section 11 Defendants admit that milademetan is a small molecule, oral inhibitor of the mouse double minute 2 protein (previously defined as "MDM2") that can accelerate tumor growth if left unsuppressed. In response to the fifth sentence of paragraph 57, Section 11 Defendants admit that, prior to the initiation of Rain's Phase 3 trial in LPS, MDM2 inhibition had presented treatment challenges and Rain disclosed in the

Gibson, Dunn & Crutcher LLP

Registration Statement that "despite decades of research on p53 as a target for precision medicines, prior product development efforts have been unsuccessful." Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 57.

58. Section 11 Defendants admit that milademetan had not received marketing approval at the time Rain licensed the rights to the drug from Daiichi Sankyo. Section 11 Defendants further admit that Plaintiffs purport to quote, summarize and/or characterize Daiichi Sankyo's Phase 1 clinical trial plan and respectfully refer the Court to Daiichi Sankyo's Phase 1 clinical trial plan, which is publicly available and speaks for itself. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 58.

59. Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize Daiichi Sankyo's Phase 1 clinical trial plan and the Phase 1 trial results and respectfully refer the Court to Daiichi Sankyo's Phase 1 clinical trial plan and the Phase 1 trial results, which are publicly available and speak for themselves. Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 59.

60. Section 11 Defendants need not respond to the allegations in paragraph 60 to the extent they are relevant only to the claims dismissed in the Order. To the extent a response is necessary, Section 11 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations in paragraph 60.

61. Section 11 Defendants need not respond to the allegations in paragraph 61 to the extent they are relevant only to the claims dismissed in the Order. To the extent a response is necessary, Section 11 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations in paragraph 61.

62. Section 11 Defendants need not respond to the allegations in paragraph 62 to the extent they are relevant only to the claims dismissed in the Order. To the extent a response is necessary, Section 11 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations in paragraph 62.

63. Section 11 Defendants need not respond to the allegations in paragraph 63 to the extent they are relevant only to the claims dismissed in the Order. To the extent a response is necessary,

Gibson, Dunn & Crutcher LLP

13

Section 11 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations in paragraph 63.

64.    Section 11 Defendants need not respond to the allegations in paragraph 64 to the extent they are relevant only to the claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and, on that basis, deny the allegations.

65.    Section 11 Defendants need not respond to the allegations in paragraph 65 to the extent they are legal conclusions.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 65.

### FALSE AND MATERIALLY MISLEADING STATEMENTS

*April 23, 2021*

66.    Section 11 Defendants admit the first sentence of paragraph 66.  Section 11 Defendants need not respond to the allegations in the second and third sentences of paragraph 66 to the extent they are relevant only to the claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants admit that Plaintiffs purport to quote, summarize and/or characterize portions of the Registration Statement, and Section 11 Defendants respectfully refer the Court to the complete Registration Statement, which speaks for itself.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 66.

67.    Section 11 Defendants need not respond to the allegations in paragraph 67 to the extent they are legal conclusions and/or are relevant only to the claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 67.

*May 25, 2021*

68.    Section 11 Defendants need not respond to the allegations in paragraph 68 because they are relevant only to the claims dismissed in the Order.

69.    Section 11 Defendants need not respond to the allegations in paragraph 69 because they are relevant only to the claims dismissed in the Order.

70.    Section 11 Defendants need not respond to the allegations in paragraph 70 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

Gibson, Dunn & Crutcher LLP

14

*July 20, 2021*

71.    Section 11 Defendants need not respond to the allegations in paragraph 71 because they are relevant only to the claims dismissed in the Order.

72.    Section 11 Defendants need not respond to the allegations in paragraph 72 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

*August 10, 2021*

73.    Section 11 Defendants need not respond to the allegations in paragraph 73 because they are relevant only to the claims dismissed in the Order.

74.    Section 11 Defendants need not respond to the allegations in paragraph 74 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

75.    Section 11 Defendants need not respond to the allegations in paragraph 75 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

76.    Section 11 Defendants need not respond to the allegations in paragraph 76 because they are relevant only to the claims dismissed in the Order.

77.    Section 11 Defendants need not respond to the allegations in paragraph 77 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

78.    Section 11 Defendants need not respond to the allegations in paragraph 78 because they are relevant only to the claims dismissed in the Order.

79.    Section 11 Defendants need not respond to the allegations in paragraph 79 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

*November 10, 2021*

80.    Section 11 Defendants need not respond to the allegations in paragraph 80 because they are relevant only to the claims dismissed in the Order.

81.    Section 11 Defendants need not respond to the allegations in paragraph 81 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

82.    Section 11 Defendants need not respond to the allegations in paragraph 82 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

83. Section 11 Defendants need not respond to the allegations in paragraph 83 because they are relevant only to the claims dismissed in the Order.

84. Section 11 Defendants need not respond to the allegations in paragraph 84 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

85. Section 11 Defendants need not respond to the allegations in paragraph 85 because they are relevant only to the claims dismissed in the Order.

86. Section 11 Defendants need not respond to the allegations in paragraph 86 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

### *March 3, 2022*

87. Section 11 Defendants need not respond to the allegations in paragraph 87 because they are relevant only to the claims dismissed in the Order.

88. Section 11 Defendants need not respond to the allegations in paragraph 88 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

89. Section 11 Defendants need not respond to the allegations in paragraph 89 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

90. Section 11 Defendants need not respond to the allegations in paragraph 90 because they are relevant only to the claims dismissed in the Order.

91. Section 11 Defendants need not respond to the allegations in paragraph 91 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

92. Section 11 Defendants need not respond to the allegations in paragraph 92 because they are relevant only to the claims dismissed in the Order.

93. Section 11 Defendants need not respond to the allegations in paragraph 93 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

94. Section 11 Defendants need not respond to the allegations in paragraph 94 because they are relevant only to the claims dismissed in the Order.

95. Section 11 Defendants need not respond to the allegations in paragraph 95 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

Gibson, Dunn &
Crutcher LLP

16

96.    Section 11 Defendants need not respond to the allegations in paragraph 96 because they are relevant only to the claims dismissed in the Order.

97.    Section 11 Defendants need not respond to the allegations in paragraph 97 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

*May 4, 2022*

98.    Section 11 Defendants need not respond to the allegations in paragraph 98 because they are relevant only to the claims dismissed in the Order.

99.    Section 11 Defendants need not respond to the allegations in paragraph 99 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

100.    Section 11 Defendants need not respond to the allegations in paragraph 100 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

101.    Section 11 Defendants need not respond to the allegations in paragraph 101 because they are relevant only to the claims dismissed in the Order.

102.    Section 11 Defendants need not respond to the allegations in paragraph 102 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

103.    Section 11 Defendants need not respond to the allegations in paragraph 103 because they are relevant only to the claims dismissed in the Order.

104.    Section 11 Defendants need not respond to the allegations in paragraph 104 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

105.    Section 11 Defendants need not respond to the allegations in paragraph 105 because they are relevant only to the claims dismissed in the Order.

106.    Section 11 Defendants need not respond to the allegations in paragraph 106 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

*August 4, 2022*

107.    Section 11 Defendants need not respond to the allegations in paragraph 107 because they are relevant only to the claims dismissed in the Order.

108.    Section 11 Defendants need not respond to the allegations in paragraph 108 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

Gibson, Dunn &
Crutcher LLP

17

109.    Section 11 Defendants need not respond to the allegations in paragraph 109 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

110.    Section 11 Defendants need not respond to the allegations in paragraph 110 because they are relevant only to the claims dismissed in the Order.

111.    Section 11 Defendants need not respond to the allegations in paragraph 111 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

112.    Section 11 Defendants need not respond to the allegations in paragraph 112 because they are relevant only to the claims dismissed in the Order.

113.    Section 11 Defendants need not respond to the allegations in paragraph 113 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

114.    Section 11 Defendants need not respond to the allegations in paragraph 114 because they are relevant only to the claims dismissed in the Order.

115.    Section 11 Defendants need not respond to the allegations in paragraph 115 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

*November 10, 2022*

116.    Section 11 Defendants need not respond to the allegations in paragraph 116 because they are relevant only to the claims dismissed in the Order.

117.    Section 11 Defendants need not respond to the allegations in paragraph 117 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

118.    Section 11 Defendants need not respond to the allegations in paragraph 118 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

119.    Section 11 Defendants need not respond to the allegations in paragraph 119 because they are relevant only to the claims dismissed in the Order.

120.    Section 11 Defendants need not respond to the allegations in paragraph 120 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

121.    Section 11 Defendants need not respond to the allegations in paragraph 121 because they are relevant only to the claims dismissed in the Order.

Gibson, Dunn &
Crutcher LLP

122.   Section 11 Defendants need not respond to the allegations in paragraph 122 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

123.   Section 11 Defendants need not respond to the allegations in paragraph 123 because they are relevant only to the claims dismissed in the Order.

124.   Section 11 Defendants need not respond to the allegations in paragraph 124 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

### February 9, 2023

125.   Section 11 Defendants need not respond to the allegations in paragraph 125 because they are relevant only to the claims dismissed in the Order.

126.   Section 11 Defendants need not respond to the allegations in paragraph 126 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

127.   Section 11 Defendants need not respond to the allegations in paragraph 127 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

128.   Section 11 Defendants need not respond to the allegations in paragraph 128 because they are relevant only to the claims dismissed in the Order.

129.   Section 11 Defendants need not respond to the allegations in paragraph 129 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

### March 9, 2023

130.   Section 11 Defendants need not respond to the allegations in paragraph 130 because they are relevant only to the claims dismissed in the Order.

131.   Section 11 Defendants need not respond to the allegations in paragraph 131 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

132.   Section 11 Defendants need not respond to the allegations in paragraph 132 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

133.   Section 11 Defendants need not respond to the allegations in paragraph 133 because they are relevant only to the claims dismissed in the Order.

134.   Section 11 Defendants need not respond to the allegations in paragraph 134 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

Gibson, Dunn & Crutcher LLP

19

135. Section 11 Defendants need not respond to the allegations in paragraph 135 because they are relevant only to the claims dismissed in the Order.

136. Section 11 Defendants need not respond to the allegations in paragraph 136 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

137. Section 11 Defendants need not respond to the allegations in paragraph 137 because they are relevant only to the claims dismissed in the Order.

138. Section 11 Defendants need not respond to the allegations in paragraph 138 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

139. Section 11 Defendants need not respond to the allegations in paragraph 139 because they are relevant only to the claims dismissed in the Order.

140. Section 11 Defendants need not respond to the allegations in paragraph 140 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

*May 11, 2023*

141. Section 11 Defendants need not respond to the allegations in paragraph 141 because they are relevant only to the claims dismissed in the Order.

142. Section 11 Defendants need not respond to the allegations in paragraph 142 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

143. Section 11 Defendants need not respond to the allegations in paragraph 143 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

144. Section 11 Defendants need not respond to the allegations in paragraph 144 because they are relevant only to the claims dismissed in the Order.

145. Section 11 Defendants need not respond to the allegations in paragraph 145 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

146. Section 11 Defendants need not respond to the allegations in paragraph 146 because they are relevant only to the claims dismissed in the Order.

147. Section 11 Defendants need not respond to the allegations in paragraph 147 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

Gibson, Dunn &
Crutcher LLP

148.    Section 11 Defendants need not respond to the allegations in paragraph 148 because they are relevant only to the claims dismissed in the Order.

149.    Section 11 Defendants need not respond to the allegations in paragraph 149 because they are legal conclusions and/or are relevant only to the claims dismissed in the Order.

## ADDITIONAL SCIENTER ALLEGATIONS

### *The Individual Defendants Engaged in a Reckless Gamble.*

150.    Section 11 Defendants need not respond to the allegations in paragraph 150 because they are relevant only to the claims dismissed in the Order.

151.    Section 11 Defendants need not respond to the allegations in paragraph 151 because they are relevant only to the claims dismissed in the Order.

152.    Section 11 Defendants need not respond to the allegations in paragraph 152 because all claims against Vellanki and Bryce were dismissed in the Order.

### *Rain Needed to Fundraise and Cut Corners to Survive.*

153.    Section 11 Defendants need not respond to the allegations in paragraph 153 because they are relevant only to the claims dismissed in the Order.

154.    Section 11 Defendants need not respond to the allegations in paragraph 154 because they are relevant only to the claims dismissed in the Order.

155.    Section 11 Defendants need not respond to the allegations in paragraph 155 because they are relevant only to the claims dismissed in the Order.

156.    Section 11 Defendants need not respond to the allegations in paragraph 156 because they are relevant only to the claims dismissed in the Order.

157.    Section 11 Defendants need not respond to the allegations in paragraph 157 because they are relevant only to the claims dismissed in the Order.

158.    Section 11 Defendants need not respond to the allegations in paragraph 158 because they are relevant only to the claims dismissed in the Order.

159.    Section 11 Defendants need not respond to the allegations in paragraph 159 because they are relevant only to the claims dismissed in the Order.

Gibson, Dunn &
Crutcher LLP

160.    Section 11 Defendants need not respond to the allegations in paragraph 160 because they are relevant only to the claims dismissed in the Order.

161.    Section 11 Defendants need not respond to the allegations in paragraph 161 because they are relevant only to the claims dismissed in the Order.

162.    Section 11 Defendants need not respond to the allegations in paragraph 162 because they are relevant only to the claims dismissed in the Order.

163.    Section 11 Defendants need not respond to the allegations in paragraph 163 because they are relevant only to the claims dismissed in the Order.

164.    Section 11 Defendants need not respond to the allegations in paragraph 164 because they are relevant only to claims dismissed in the Order.

165.    Section 11 Defendants need not respond to the allegations in paragraph 165 because they are relevant only to claims dismissed in the Order.

### *Vellanki Falsely Certified Quarterly Reports under Sarbanes-Oxley.*

166.    Section 11 Defendants need not respond to the allegations in paragraph 166 because they are relevant only to claims dismissed in the Order.

167.    Section 11 Defendants need not respond to the allegations in paragraph 167 because they are relevant only to claims dismissed in the Order.

### LOSS CAUSATION AND ECONOMIC LOSS

168.    Section 11 Defendants need not respond to the allegations in the first and second sentences of paragraph 168 because they are legal conclusions and/or relevant only to claims that were dismissed in the Order.  In response to the third sentence of paragraph 168, Section 11 Defendants state that they lack sufficient knowledge to respond and, on that basis, deny the allegations.

169.    Section 11 Defendants need not respond to the allegations in paragraph 169 because they are legal conclusions and/or relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 169.

170.    In response to the first three sentences of paragraph 170, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize a publication by Daiichi Sankyo of results from a clinical trial of milademetan in patients with intimal sarcoma, and Section 11 Defendants respectfully

Gibson, Dunn &
Crutcher LLP

22

refer the Court to the complete publication, which speaks for itself.  In response to the fourth sentence of paragraph 170, Section 11 Defendants lack sufficient knowledge to respond and, on that basis, deny the allegations.  In response to the fifth sentence of paragraph 170, Section 11 Defendants state that Rain's stock price at the time was a matter of public record and speaks for itself.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 170.

171.    In response to the first sentence of paragraph 171, Section 11 Defendants admit that on May 22, 2023, Rain published a press release titled "Rain Oncology Announces Topline Results from Phase 3 MANTRA Trial of Milademetan for the Treatment of Dedifferentiated Liposarcoma," and Section 11 Defendants respectfully refer the Court to that press release, which speaks for itself.  In response to the second, third, and fourth sentences of paragraph 171, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize certain reports from third-party analysts regarding the results of the Phase 3 trial and Rain's conference call on May 22, 2023, and Section 11 Defendants respectfully refer the Court to the complete analyst reports and conference call transcript, which speak for themselves.  In response to the fifth sentence of paragraph 171, Section 11 Defendants state that Rain's stock price at the time was a matter of public record and speaks for itself.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 171.

172.    Section 11 Defendants need not respond to the allegations in paragraph 172 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 172.

173.    Section 11 Defendants need not respond to the allegations in paragraph 173 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 173.

174.    Section 11 Defendants need not respond to the allegations in paragraph 174 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 174.

175.    Section 11 Defendants need not respond to the allegations in paragraph 175 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 175.

Gibson, Dunn & Crutcher LLP

23

**PRESUMPTION OF RELIANCE; FRAUD-ON-THE-MARKET**

176.    Section 11 Defendants need not respond to the allegations in paragraph 176 because they are relevant only to claims dismissed in the Order.

177.    Section 11 Defendants need not respond to the allegations in paragraph 177 because they are relevant only to claims dismissed in the Order.

178.    Section 11 Defendants need not respond to the allegations in paragraph 178 because they are relevant only to claims dismissed in the Order.

**NO SAFE HARBOR; INAPPLICABILITY OF BESPEAKS CAUTION DOCTRINE**

179.    Section 11 Defendants need not respond to the allegations in paragraph 179 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 179.

180.    Section 11 Defendants need not respond to the allegations in paragraph 180 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 180.

181.    Section 11 Defendants need not respond to the allegations in paragraph 181 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 181.

182.     Section 11 Defendants need not respond to the allegations in paragraph 182 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 182.

**CLASS ACTION ALLEGATIONS**

183.    Section 11 Defendants need not respond to the allegations in paragraph 183 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 183.

184.    Section 11 Defendants need not respond to the allegations in paragraph 184 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is required, Section 11 Defendants admit that shares of Rain common stock were traded on NASDAQ during the alleged Class Period and that, as of November 3, 2023, Rain had approximately

Gibson, Dunn &
Crutcher LLP

24

36.4 million shares of common stock outstanding.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 184.

185.   Section 11 Defendants need not respond to the allegations in paragraph 185 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 185.

186.   Section 11 Defendants need not respond to the allegations in paragraph 186 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants lack sufficient knowledge to respond and, on that basis, deny the allegations.

187.   Section 11 Defendants need not respond to the allegations in paragraph 187 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 187.

188.   Section 11 Defendants need not respond to the allegations in paragraph 188 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 188.

## COUNT I

### Violation of Section 10(b) and Rule 10b-5 Against Rain, Vellanki, and Bryce

189.   Section 11 Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

190.   Section 11 Defendants need not respond to the allegations in paragraph 190 because they are legal conclusions and relevant only to claims dismissed in the Order.

191.   Section 11 Defendants need not respond to the allegations in paragraph 191 because they are legal conclusions and relevant only to claims dismissed in the Order.

192.   Section 11 Defendants need not respond to the allegations in paragraph 192 because they are legal conclusions and relevant only to claims dismissed in the Order.

193.   Section 11 Defendants need not respond to the allegations in paragraph 193 because they are legal conclusions and relevant only to claims dismissed in the Order.

Gibson, Dunn & Crutcher LLP

25

194.    Section 11 Defendants need not respond to the allegations in paragraph 194 because they are legal conclusions and relevant only to claims dismissed in the Order.

195.    Section 11 Defendants need not respond to the allegations in paragraph 195 because they are legal conclusions and relevant only to claims dismissed in the Order.

196.    Section 11 Defendants need not respond to the allegations in paragraph 196 because they are legal conclusions and relevant only to claims dismissed in the Order.

197.    Section 11 Defendants need not respond to the allegations in paragraph 197 because they are legal conclusions and relevant only to claims dismissed in the Order.

198.    Section 11 Defendants need not respond to the allegations in paragraph 198 because they are legal conclusions and relevant only to claims dismissed in the Order.

199.    Section 11 Defendants need not respond to the allegations in paragraph 199 because they are legal conclusions and relevant only to claims dismissed in the Order.

200.    Section 11 Defendants need not respond to the allegations in paragraph 200 because they are legal conclusions and relevant only to claims dismissed in the Order.

## COUNT II

### Violation of Section 20(a) of the Exchange Act against Vellanki and Bryce

201.    Section 11 Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

202.    Section 11 Defendants need not respond to the allegations in paragraph 202 because they are legal conclusions and are relevant only to claims dismissed in the Order.

203.    Section 11 Defendants need not respond to the allegations in paragraph 203 because they are legal conclusions and are relevant only to claims dismissed in the Order.

204.    Section 11 Defendants need not respond to the allegations in paragraph 204 because they are legal conclusions and are relevant only to claims dismissed in the Order.

205.    Section 11 Defendants need not respond to the allegations in paragraph 205 because they are legal conclusions and are relevant only to claims dismissed in the Order.

206.    Section 11 Defendants need not respond to the allegations in paragraph 206 because they are legal conclusions and are relevant only to claims dismissed in the Order.

Gibson, Dunn &
Crutcher LLP

26

**COUNT III**

**Violation of Section 11 of the Securities Act against Rain and the Director Defendants**

207.    Section 11 Defendants state that they need not respond to the allegations in paragraph 207.

208.    Section 11 Defendants need not respond to the allegations in paragraph 208 to the extent they state legal conclusions.  To the extent a response is necessary, Section 11 Defendants deny the allegations.

209.    Section 11 Defendants need not respond to the allegations in paragraph 209 to the extent they state legal conclusions and are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations.

210.    Section 11 Defendants admit the allegations in paragraph 210.

211.    Section 11 Defendants admit that Plaintiffs purport to quote, summarize and/or characterize portions of the Registration Statement, and Section 11 Defendants respectfully refer the Court to the complete Registration Statement, which speaks for itself.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 211.

212.    Section 11 Defendants need not respond to the allegations in paragraph 212 to the extent they are legal conclusions and/or are relevant only to the claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations.

213.    Section 11 Defendants need not respond to the allegations in paragraph 213 to the extent they are legal conclusions and/or are relevant only to the claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants admit that Plaintiffs purport to summarize and/or characterize portions of the Registration Statement; however, these portions have been taken out of context and/or are incomplete, and Section 11 Defendants respectfully refer the Court to the complete Registration Statement, which speaks for itself.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 213.

214.    Section 11 Defendants need not respond to the allegations in paragraph 214 to the extent they are legal conclusions and/or are relevant only to claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants admit that Plaintiffs purport to summarize and/or

Gibson, Dunn & Crutcher LLP

characterize portions of the Registration Statement; however, these portions have been taken out of context and/or are incomplete, and Section 11 Defendants respectfully refer the Court to the complete Registration Statement, which speaks for itself.  Except as expressly admitted, Section 11 Defendants deny the allegations in paragraph 214.

215.     Section 11 Defendants lack knowledge sufficient to ascertain the truth of the allegations in the first sentence of paragraph 215 and, on that basis, deny them.  Section 11 Defendants need not respond to the allegations in the second sentence of paragraph 215 to the extent they are legal conclusions and/or are relevant only to the claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 215.

216.     Section 11 Defendants need not respond to the allegations in paragraph 216 to the extent they are legal conclusions and/or are relevant only to the claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants admit the allegations in the first sentence of paragraph 216.  Except as expressly admitted, Section 11 Defendants deny each and every allegation in paragraph 216.

217.     Section 11 Defendants need not respond to the allegations in paragraph 217 to the extent they are legal conclusions.  To the extent a response is necessary, Section 11 Defendants deny the allegations.

218.     Section 11 Defendants need not respond to the allegations in paragraph 218 to the extent they are legal conclusions.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 218.

219.     Section 11 Defendants need not respond to the allegations in paragraph 219 to the extent they are legal conclusions and/or are relevant only to the claims dismissed in the Order.  To the extent a response is necessary, Section 11 Defendants deny the allegations in paragraph 219.

220.     Section 11 Defendants need not respond to the allegations in paragraph 220 to the extent they are legal conclusions.  To the extent a response is necessary, Section 11 Defendants deny the allegations.

Gibson, Dunn & Crutcher LLP

## COUNT IV

### Violation of Section 15 of the Securities Act against the Director Defendants

221. Section 11 Defendants repeat their responses to each and every allegation contained in Count III above as if fully set forth herein. Section 11 Defendants state that no response is necessary to the second sentence of paragraph 221.

222. Section 11 Defendants need not respond to the allegations in paragraph 222 to the extent they are legal conclusions. To the extent a response is necessary, Section 11 Defendants deny the allegations.

223. Section 11 Defendants need not respond to the allegations in paragraph 223 to the extent they are legal conclusions. To the extent a response is necessary, Section 11 Defendants deny the allegations.

224. Section 11 Defendants need not respond to the allegations in paragraph 224 to the extent they are legal conclusions. To the extent a response is necessary, Section 11 Defendants deny the allegations.

225. Section 11 Defendants need not respond to the allegations in paragraph 225 to the extent they are legal conclusions. To the extent a response is necessary, Section 11 Defendants deny them.

226. Section 11 Defendants need not respond to the allegations in paragraph 226 to the extent they are legal conclusions. To the extent a response is necessary, Section 11 Defendants deny the allegations.

## PRAYER FOR RELIEF

Section 11 Defendants need not respond to the allegations in the Prayer for Relief to the extent they constitute legal conclusions. To the extent a response is necessary, Section 11 Defendants deny the allegations.

## JURY TRIAL DEMANDED

Section 11 Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Gibson, Dunn & Crutcher LLP

CASE NO. 5:23-CV-03518-EJD

## SECTION 11 DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, lack standing to assert the causes of action alleged, including to the extent they did not purchase Rain stock in or traceable to Rain's IPO.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because no statement allegedly made by Section 11 Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because non-issuer Section 11 Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in the statements through exercise of reasonable care.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Rain's Registration Statement and other information made available by Rain in connection with Plaintiffs' alleged investments, and the investments of the putative class that Plaintiffs purport to represent, sufficiently bespoke caution of the risks and material issues associated with investment in Rain, and accordingly any statements made by Section 11 Defendants are not actionable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because the non-issuer Section 11 Defendants, after reasonable investigation, due diligence, and/or consultation with experts or advisors, had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts required to

Gibson, Dunn & Crutcher LLP

be disclosed in Rain's Registration Statement to make those statements not misleading, including under 15 U.S.C. § 77k(b)(3).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, would have purchased Rain shares as they did, even with full knowledge of the facts that Plaintiffs, and the putative class that Plaintiffs purport to represent, have now alleged were misrepresented or omitted by Section 11 Defendants, including under 15 U.S.C. § 77k(a).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, cannot prove that Plaintiffs' alleged injuries, or the injuries of the putative class that Plaintiffs purport to represent, were directly or proximately caused by any material misrepresentation or omission made by Section 11 Defendants, including under 15 U.S.C. § 77k(e).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Section 11 Defendants' alleged material misrepresentations or omissions are responsible for any decline in Rain's share value alleged to form the basis of Plaintiffs' claims and the claims of the putative class that Plaintiffs purport to represent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the putative class that Plaintiffs purport to represent, suffered were caused by independent, intervening, and/or superseding events beyond Section 11 Defendants' alleged material misrepresentations or omissions.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent,

Gibson, Dunn & Crutcher LLP

31

cannot prove that Plaintiffs, or the putative class that Plaintiffs purport to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiffs, and the putative class that Plaintiffs purport to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law, including 15 U.S.C. § 77k(e).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part inasmuch as Plaintiffs, or the putative class that Plaintiffs purport to represent, sold their Rain shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Rain shares.

## TWELFTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, or the putative class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the putative class that Plaintiffs purport to represent, in connection with their ownership of Rain shares.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 77k(f)(2) and the proportionate liability provisions of the Private Securities Litigation Reform Act in 15 U.S.C. § 78u-4(f), any alleged liability of the non-issuer Section 11 Defendants must be limited to each non-issuer Section 11 Defendant's relative degree of fault in relation to that of all other responsible persons or entities, whether or not parties to this action, and any recovery for damages by Plaintiffs, or by the putative class that Plaintiffs purport to represent, should be reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, knew of the alleged material misrepresentations and omissions complained of.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent,

Gibson, Dunn &
Crutcher LLP

32

knew of the speculative nature and risks associated with an investment in Rain, and therefore Plaintiffs, and the putative class that Plaintiffs purport to represent, assumed the risk of any alleged damages proximately caused thereby.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because the substance of the allegedly omitted or misrepresented material information was in fact known and had entered the securities markets through credible sources prior to Plaintiffs' purchase, or the purchases of the putative class that Plaintiffs purport to represent, of Rain shares, and was additionally included in Rain's Registration Statement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part under Section 15(a) of the Securities Act because these claims impose derivative liability on persons who control those liable under Section 11, and there was no underlying violation of Section 11 here.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' request, and the requests of the putative class that Plaintiffs purport to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part to the extent the damages sought exceed those permitted under 15 U.S.C. § 77k(e).

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs, and the putative class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law, including under 15 U.S.C. § 77k(e).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are

Gibson, Dunn & Crutcher LLP

barred in whole or in part because Plaintiffs have failed to satisfy the applicable statute of limitations, including 15 U.S.C. § 77m.

## RESERVATION OF RIGHTS

Section 11 Defendants reserve the right to amend these affirmative defenses and to assert additional affirmative defenses as the facts of this matter become known through litigation and discovery. Section 11 Defendants further reserve the right to amend this Answer to raise any additional cross-claims or third-party claims not asserted herein as may be warranted by the revelation of information during discovery and investigation.

## PRAYER FOR RELIEF

Wherefore, Section 11 Defendants pray as follows:

1. That Plaintiffs take nothing by the Amended Class Action Complaint;

2. That the Amended Class Action Complaint be dismissed with prejudice;

3. That the Court enter judgment in favor of Section 11 Defendants and against Plaintiffs, with respect to all remaining causes of action in the Complaint that were not previously dismissed in the Order;

4. That the Court award Section 11 Defendants attorneys' fees and costs reasonably incurred in the defense of this action, including but not limited to under 15 U.S.C.§§ 77k(e) and 77z-1(c);

5. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Section 11 Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Gibson, Dunn &
Crutcher LLP

34

DATED:  May 2, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:    _____

Jessica Valenzuela

*Attorneys for Section 11 Defendants Rain Oncology Inc., Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff*

CASE NO. 5:23-CV-03518-EJD

Gibson, Dunn & Crutcher LLP