Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY, LLP**
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Plaintiffs*
*and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF,<br><br>Defendants. | Case No. 5:23-cv-03518-EJD<br><br>CLASS ACTION<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUBSTITUTION OF DEFENDANT RAIN ONCOLOGY INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing:   July 17, 2025<br>Time:      9:00 a.m.<br>Location:  Courtroom 4 – 5th Floor<br>Judge:     Hon. Edward J. Davila |

Motion to Substitute                                    No. 5:23-cv-03518-EJD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 17, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 4, located at 280 South First Street, San Jose, CA 95113, Plaintiffs, through their undersigned counsel, will, and hereby do, move the Court to substitute Defendant Rain Oncology Inc. ("Rain") for Pathos AI, Inc. ("Pathos") for all purposes in the litigation pursuant to Federal Rule of Civil Procedure 25(c) or, in the alternative, join Pathos as a named defendant.

This Motion is based on this Notice, the supporting Memorandum of Points and Authorities, the Declaration of Adam M. Apton and exhibits attached thereto, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should substitute Rain for Pathos in the action because Pathos inherited Rain's potential liability in the action when acquiring Rain and has exclusive control over the defense of the litigation?

### INTRODUCTION

In January 2024, Pathos, a clinical-stage biotechnology company with an eye towards using "advanced AI technologies," acquired Rain through a tender offer. As part of the deal, shareholders received $1.16/share plus a "contingent value right" or "CVR" payable under certain circumstances at some point in the future. The merger agreement between the two companies stated explicitly that, Pathos was required to preserve all of Rain's books and records and that Pathos—and only Pathos— shall "control the defense" of this action. The merger agreement also pegged the payment value and timing of the CVR to the completion of this litigation. Rain, meanwhile, no longer exists. Suffice it to say, Pathos is now the real party-in-interest in this litigation.

To facilitate the efficient prosecution of this action, Plaintiffs seek to substitute Rain for Pathos. This will allow Plaintiffs to serve discovery directly on Pathos and avoid baseless objections ordinarily available to non-parties, *e.g.*, burden. It will also ensure Plaintiffs' ability to compel

1

Motion to Substitute                                              No. 5:23-cv-03518-EJD

testimony from Pathos at trial and obtain a judgment against Pathos if successful. Federal Rule of Civil Procedure 25 specifically contemplates this scenario and provides for the relief Plaintiffs seek. Consequently, Plaintiffs respectfully request that this motion be granted in its entirety.

## FACTUAL BACKGROUND

On January 19, 2024, Plaintiffs filed the operative complaint in this action. At that time, Rain was in the midst of being acquired by Pathos; a tender offer had already been made but the deadline for acceptance was not until January 25, 2024. Amended Complaint, ECF No. 39, ¶¶53-55.

On January 26, 2024, Pathos announced the successful completion of its tender offer. *See* Declaration of Adam M. Apton, Exhibit A (Press Release). Pursuant to the plan of merger, Pathos' wholly owned subsidiary merged with and into Rain causing Rain to become a wholly owned subsidiary of Pathos. *Id*. Rain's shares then stopped trading on the Nasdaq market and were delisted. *Id*. All shares **not** tendered during the tender offer were cancelled and converted into the right to receive $1.16 per share in cash and one contingent value right ("CVR") per share, *i.e.*, the same consideration given to shareholders who accepted the tender offer. *Id*.

Several portions of the merger agreement between Pathos and Rain are relevant to this motion. They are excerpted below:

- "[Pathos] shall preserve all systems, information, records, documents and similar items of [Rain] and its officers, employees and directors that are subject to litigation hold in connection with the Litigation Matters through final resolution of the Litigation Matters . . . ." Apton Decl., Exhibit B (Merger Agreement), ¶6.14.

- "Notwithstanding anything to the contrary herein, other than any consent required under this Section 4.6(e), [Pathos] shall control the defense of any Rain Litigation." *Id*. at Ex. C (Contingent Value Rights Agreement), ¶4(e).

- "'CVR Payment Date' means . . . no later than 30 days following the later of (A) the final and non-appealable resolution of any Rain Litigation or (B) the first anniversary of the Closing Date." *Id*. at Ex. C (Contingent Value Rights Agreement), ¶1.1 (Definitions, CVR Proceeds).

2

Motion to Substitute                                                   No. 5:23-cv-03518-EJD

- "Litigation Matters" and "Rain Litigation" are defined as *Thant v. Rain Oncology Inc., et al.*, No. 5:23-cv-03518-EJD (N.D. Cal.), *i.e.*, this action. *Id.* at ¶9.3 (Certain Definitions); *Id*. at Ex. C. (Contingent Value Rights Agreement), ¶1.1 (Definitions, Rain Litigation).

In sum, Pathos inherited exclusive control over the litigation when it acquired Rain. Moreover, by virtue of the Contingent Value Rights Agreement, Pathos retains a specific interest in continuing to retain control over the litigation given that the CVR amount and timing are controlled at least in part by the result of this action.

## ARGUMENT

### I.   Rule 25(c) Provides That a Successor-in-Interest Steps Into a Litigation Alongside the Original Party and Assumes Any Obligations.

Rule 25(c) provides as follows:

> Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

FED. R. CIV. P. 25.

The Ninth Circuit has explained that the purpose of Rule 25(c) is "to allow the action to continue unabated" when the original party to a suit transfers an interest to another entity. *See In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1958 (2d ed. 1987) (Rule 25(c) ensures "that the conduct of litigation, or judgment in favor of a plaintiff, are not defeated by a transfer of interest away from the original defendant.")). Thus, the case may go to judgment without any substitution of parties having occurred. *See Bernal*, 207 F.3d at 598.

If, however, circumstances warrant joinder of the transferee to the litigation, it is within the court's discretion to do so—in particular, where the transferee's presence would facilitate the conduct of the litigation. *3M v. Eco Chem, Inc.*, 757 F.2d 1256, 1264 (Fed. Cir. 1985) (An order of joinder is a discretionary determination by the court that the transferee's presence would facilitate the conduct of the litigation.); *Kowalski v. Integral Seafood, LLC*, No. 05-00679, 2007 WL 1376378,

at *3 (D. Haw. May 4, 2007) ("Under Rule 25(c), a person may be joined to an ongoing action where a party to the action has transferred an interest to that person.").[1]

## II.    Pathos Is Already Subject to This Litigation, Even Though It Is Not A Named Party.

Rule 25(c) does not mandate that anything be done upon a transfer of interest; rather, the action may be maintained by or adversely to an original party of the suit, "and the judgment will be binding upon his successor in interest even though he is not named." *Bernal*, 207 F.3d at 598; *United Access Techs., LLC v. Earthlink, Inc.*, No. 02-272-MPT, 2012 WL 2175786, at *5 (D. Del. June 14, 2012) (Rule 25(c) prevents a successor-in-interest from eluding its responsibility in a litigation, in particular, as the losing party).

By its very nature, Rule 25(c) eliminates any need for the parties to initiate an entirely new lawsuit. *Kapunakea Partners v. Equilon Enters., LLC*, No. 09-00340 ACK-KSC, 2012 WL 2060876, at *4 (D. Haw. June 7, 2012) (citing *ELCA Enters. Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) and allowing plaintiffs to amend complaint to add transferee pursuant to Rule 25(c)); *see also Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995) (A successor party to a litigation pursuant to Rule 25 takes over without any change in the status of the case— "any other approach would make a shambles of litigation; a party could sell its interest or change its internal structure (as partnerships do frequently) and require the court to start the case from scratch."). As the Federal Circuit stated in *Kloster Speedsteel AB v. Crucible*, in relation to a successor-operator of assets used to produce infringing products:

> If a third party may thus come into the acquisition of rights involved
> in pending litigation without being bound by the final judgment, and

---

[1] Furthermore, Fed. R. Civ. P. 15(a) requires a court to grant leave to amend a complaint "when justice so requires." In the absence of any apparent reason such as bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment, the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir.1994) ("Leave to amend is to be 'freely given' unless it would be futile or reward, inter alia, undue or intended delay."). Plaintiffs would request that the Complaint be amended as described herein, if necessary.

4

require a suit de novo in order to bind him, he might, pending that suit, alienate that right to another with the same result, and a final decree bearing fruit could never be reached.

793 F. 2d 1565, 1583 (Fed. Cir. 1986) (citing *J.R. Clark Co. v. Jones & Laughlin Steel Corp.*, 288 F.2d 279, 280 (7th Cir. 1969)).

**III.    To Facilitate the Conduct of This Litigation, This Court Should Join Pathos to This Suit.**

In order to facilitate the conduct of this litigation, including avoiding needless motion practice and discovery disputes, this Court should join Pathos to this lawsuit. It is clear from Defendants' recent conduct that efforts to include Pathos in the litigation will be met with unnecessary resistance. For example, in their Initial Disclosures dated April 18, 2025, Defendants do not even identify Pathos as an entity likely to have discoverable information. *See* Apton Decl., Exhibit C (Defendants' Initial Disclosures). This was in spite of the fact that Pathos was discussed during the parties' discovery planning conference pursuant to Rule 26(f) and identified by Plaintiffs as a source of potential relevant discovery.

Under these circumstances, it is necessary to join Pathos as a party to this case pursuant to the provisions of Rule 25(c). *See 3M*, 757 F.2d at 1264 (an order of joinder is a discretionary determination by the court that the transferee's presence would facilitate the conduct of the litigation). The record demonstrates that not only has "an interest" been transferred to Pathos, but that Pathos is functioning as a continuation of Rain in every way when it comes to this litigation—indeed, Pathos has the exclusive right to control the defense of this action. Apton Decl., Exhibit B (Merger Agreement) at Ex. C (Contingent Value Rights Agreement), ¶4(e). In such situations, courts routinely add the transferee to the pending litigation. *See*, *e.g.*, *Novaseptum AB v. Amesil, Inc*., No. 05-5175, 2010 WL 5620906, at *3-4 (D.N.J. Dec. 29, 2010) (granting Fed. R. Civ. P. 25(c) motion on the basis of "substantial continuity of identity" between the original defendant and its successor); *see also Theranos, Inc. v. Fuisz Techs., Ltd*., No. C-11-5236 EMC, 2012 WL 78513, at *3 (N.D. Cal. Jan. 10, 2012) (using its discretion to add additional party, court joined transferee and kept transferor as a party to aid in the litigation of all parties' claims).

In addition, without joinder, Pathos will be able to raise objections to non-party discovery demands, such as burden, that otherwise would not be available. Thus, joinder is necessary, as

5

Motion to Substitute                                                    No. 5:23-cv-03518-EJD

Defendants have decided that they will "hide the ball" in order to prevent Plaintiffs from pursuing the real party in interest now that Rain is gone. *See Kapunakea*, 2012 WL 2060876 at \*7 ("The Court agrees that it is possible Plaintiffs may not be able to obtain complete relief if Aloha, the current supplier under the Agreements at issue, is not a party. The Court concludes that allowing Plaintiffs to add Aloha as a defendant will facilitate the conduct of the litigation."). It is also likely that without Pathos as a named party in the action, it will claim that they are "judgment proof" as Pathos was not the issuer in Rain's initial public offering. *See generally Kowalski v. Mommy Gina Tuna Res.*, No. 05-00679 BMK, 2008 WL 4483774, at \*8 (D. Haw. Sept. 30, 2008) (explaining that "to the extent that the interests transferred are the infringing business activities that are the subject of this case, any continuing infringing activity by the 25(c) Defendants subsequent to transfer may be relevant to the calculation of damages should [Plaintiff] prevail against the original Defendants").

Defendants will manufacture issues as to whether Pathos is responsible for Rain's actions in the pending suit, thereby impeding the conduct of this litigation. While lacking any merit, these issues will result in needless discovery disputes between the parties and require the Court to expend judicial resources in unnecessary motion practice. Worse still, Defendants' conduct may compel Plaintiffs to undertake the otherwise unnecessary step of filing an entirely separate action to resolve any doubt that Pathos should be bound by any judgment in this litigation. *Moody v. Albermarle Paper Co.*, 50 F.R.D. 494, 498 (E.D.N.C. 1970) (granting motion to join under Rule 25(c) and noting that "[t]he court sees as one of its duties, the avoidance of a multiplicity of suits.").

To facilitate the conduct of this litigation and resolve any doubt that any potential judgment in favor of Plaintiffs will not be defeated by the transfer of interest from Rain to Pathos, this Court should join Pathos to this suit.

**CONCLUSION**

For the foregoing reasons, this Court should join substitute Rain for Pathos in this lawsuit pursuant to Rule 25(c) or, in the alternative, join Pathos as a named defendant.

//

//

//

6

DATED:  May 7, 2025                 Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By:  _s/ Adam M. Apton_
Adam M. Apton (SBN 316506)
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Plaintiffs*
*and Lead Counsel for the Class*

7