# EXHIBIT "C"

GIBSON, DUNN & CRUTCHER LLP
JESSICA VALENZUELA, SBN 220934
    JValenzuela@gibsondunn.com
JEFFREY LOMBARD, SBN 285371
    JLombard@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

GEORGE B. ADAMS III, SBN 321904
    GAdams@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Section 11 Defendants Rain Oncology Inc., Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF<br><br>       Defendants. | Case No. 5:23-cv-03518-EJD<br><br>**SECTION 11 DEFENDANTS' INITIAL DISCLOSURES UNDER FED. R. CIV. P. RULE 26(a)(1)** |

Gibson, Dunn & Crutcher LLP

**GENERAL STATEMENT**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Rain Oncology Inc. ("Rain"), Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff (collectively, the "Section 11 Defendants"), by and through their undersigned counsel, hereby submit the following initial disclosures.  The Section 11 Defendants' investigation is ongoing, and these initial disclosures are based upon information that the Section 11 Defendants have acquired to date. As contemplated by Rule 26(e)(1), the Section 11 Defendants reserve the right to supplement and/or amend these disclosures as appropriate and necessary as additional information becomes available.

These disclosures are not intended to, and do not constitute, admissions as to the relevance or admissibility of the information disclosed and are made without any waiver of the attorney-client privilege, work-product protection, or any other applicable protection or immunity. Furthermore, the Section 11 Defendants make these disclosures without waiving any of their rights, including but not limited to: (1) the right to object on the grounds of privilege, hearsay, competence, relevance, or any other proper ground; (2) the right to object to the use of any disclosed information for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action; and (3) the right to object on any and all proper grounds to any other discovery request or proceeding relating to the subject matter of these disclosures consistent with the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of California ("Local Rules"), or any other applicable order.

The foregoing qualifications apply to each initial disclosure made herein and are incorporated by reference as though fully set forth in each and every initial disclosure.

**INITIAL DISCLOSURES**

**I.      Individuals Likely to Have Discoverable Information (Rule 26(a)(1)(A)(i)).**

The following list sets forth, in alphabetical order, the names and contact information (if known) of those individuals that the Section 11 Defendants presently believe are likely to have discoverable information that the Section 11 Defendants may use to support their defenses. By indicating the general subject matter of information an individual may possess, the Section 11 Defendants do not limit their right to call that individual to testify concerning other subjects. In making these disclosures, the Section

11 Defendants do not waive their right to object, pursuant to the applicable Federal Rules of Civil Procedure and Local Rules, to the deposition testimony of the individuals listed below. By identifying witnesses in these disclosures, the Section 11 Defendants do not represent or agree that these witnesses are within the subpoena power of any federal district court, are available for deposition, or are available to testify.

| Name/Title | Contact | Potential Subjects of Information |
|---|---|---|
| Defendant Franklin Berger<br><br>Former Director<br>Rain Oncology, Inc. | c/o Gibson, Dunn & Crutcher LLP<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>(650) 849-5300 | Mr. Berger may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the U.S. Securities and Exchange Commission ("SEC") in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the Food and Drug Administration ("FDA") regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
| Richard Bryce<br><br>Former Executive Vice President and Chief Medical Officer<br>Rain Oncology, Inc. | c/o Gibson, Dunn & Crutcher LLP<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>(650) 849-5300 | Dr. Bryce may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
| Defendant Aaron Davis<br><br>Former Director<br>Rain Oncology, Inc. | c/o Gibson, Dunn & Crutcher LLP<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>(650) 849-5300 | Mr. Davis may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the FDA |

2

| | | |
|---|---|---|
| | | regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
| Robert C. Doebele<br><br>Former Chief Scientific Officer<br>Rain Oncology, Inc. | | Dr. Doebele may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
| Defendant Gorjan Hrustanovic<br><br>Former Director<br>Rain Oncology, Inc. | c/o Gibson, Dunn & Crutcher LLP<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>(650) 849-5300 | Mr. Hrustanovic may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
| Tina Kim-Hafken<br><br>Former Vice President & Head of Global Regulatory Affairs<br>Rain Oncology Inc. | | Ms. Kim-Hafken may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |

Gibson, Dunn & Crutcher LLP

3

SECTION 11 DEFENDANTS' INITIAL DISCLOSURES
CASE NO. 5:23-CV-03518-EJD

| | | |
|---|---|---|
| Defendant Tran Nguyen<br><br>Former Director<br>Rain Oncology, Inc. | c/o Gibson, Dunn & Crutcher LLP<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>(650) 849-5300 | Mr. Nguyen may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
| Defendant Peter Radovich<br><br>Former Director<br>Rain Oncology, Inc. | c/o Gibson, Dunn & Crutcher LLP<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>(650) 849-5300 | Mr. Radovich may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
| Branden Schenkhuizen | c/o Levi & Korsinsky, LLP<br>1160 Battery Street East, Suite 100<br>San Francisco, CA 94111<br>(415) 373-1671 | Mr. Schenkhuizen may have discoverable information regarding (i) Plaintiffs' claims in this action; and (ii) his purchases and sales of Rain stock. |
| Dr. Myo Thant | c/o Levi & Korsinsky, LLP<br>1160 Battery Street East, Suite 100<br>San Francisco, CA 94111<br>(415) 373-1671 | Dr. Thant may have discoverable information regarding (i) Plaintiffs' claims in this action; and (ii) his purchases and sales of Rain stock. |
| Lucio Tozzi<br><br>Former Vice President of Clinical Operations<br>Rain Oncology, Inc. | | Mr. Tozzi may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of |

SECTION 11 DEFENDANTS' INITIAL DISCLOSURES
CASE NO. 5:23-CV-03518-EJD

Gibson, Dunn & Crutcher LLP

|  |  | milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
|---|---|---|
| Avanish Vellanki<br><br>Former Chairman and Chief Executive Officer Rain Oncology, Inc. | c/o Gibson, Dunn & Crutcher LLP<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>(650) 849-5300 | Mr. Vellanki may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's initial public offering ("IPO") and due diligence related thereto; (ii) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
| Defendant Stefani Wolff<br><br>Former Director Rain Oncology, Inc. | c/o Gibson, Dunn & Crutcher LLP<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>(650) 849-5300 | Ms. Wolff may have discoverable information regarding (i) the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence related thereto; (ii) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; (iii) the design and timing of Rain's Phase 3 study of milademetan; and (iv) the results of Rain's Phase 3 study of milademetan. |
| Former Employee 1 |  | The individual referred to in the Amended Complaint (ECF No. 39) as confidential witness "Former Employee 1" or "FE1" may have discoverable information regarding Plaintiffs' claims in this action. |
| Citigroup Global Markets Inc. |  | Citigroup Global Markets Inc. may have discoverable information regarding the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence conducted by underwriters related thereto. |

Gibson, Dunn & Crutcher LLP

5

| | | |
|---|---|---|
| Citigroup Inc., Research Division; Citigroup Inc. Exchange Research | | Analysts at Citigroup Inc., Research Division and/or Citigroup Inc. Exchange Research may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| EF Hutton, Research Division | | Analysts at EF Hutton, Research Division may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| Goldman Sachs & Co. LLC | | Goldman Sachs & Co. LLC may have discoverable information regarding the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence conducted by underwriters related thereto. |
| Goldman Sachs Group, Inc., Research Division | | Analysts at Goldman Sachs Group, Inc., Research Division may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| Guggenheim Securities LLC | | Guggenheim Securities LLC may have discoverable information regarding the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence conducted by underwriters related thereto. |
| Guggenheim Securities, LLC, Research Division | | Analysts at Guggenheim Securities, LLC, Research |

6

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| | | Division may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's  disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| H.C. Wainwright & Co, LLC, Research Division | | Analysts at H.C. Wainwright & Co, LLC, Research Division may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| JonesTrading Institutional Services, LLC, Research Division | | Analysts at JonesTrading Institutional Services, LLC, Research Division may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| LifeSci Capital, LLC, Research Division; LifeSci Advisors, LLC | | Analysts at LifeSci Capital, LLC, Research Division and/or LifeSci Advisors, LLC may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| Mizuho Securities USA LLC, Research Division | | Analysts at Mizuho Securities USA LLC, Research Division may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of |

Gibson, Dunn & Crutcher LLP

7

SECTION 11 DEFENDANTS' INITIAL DISCLOSURES
CASE NO. 5:23-CV-03518-EJD

| | | |
|---|---|---|
| | | Rain's Phase 3 study of milademetan. |
| Oppenheimer & Co. Inc., Research Division | | Analysts at Oppenheimer & Co. Inc., Research Division may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| Piper Sandler & Co. | | Piper Sandler & Co. may have discoverable information regarding the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO and due diligence conducted by underwriters related thereto. |
| Piper Sandler & Co., Research Division; Piper Sandler Ltd. | | Analysts at Piper Sandler & Co., Research Division and/or Piper Sandler Ltd. may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| ROTH MKM Partners, LLC, Research Division; ROTH Capital Partners, LLC, Research Division | | Analysts at ROTH MKM Partners, LLC, Research Division and/or ROTH Capital Partners, LLC, Research Division may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
| SVB Securities LLC, Research Division | | Analysts at SVB Securities LLC, Research Division may have discoverable information regarding the materiality of Rain's disclosures in the S-1 and |

8

Gibson, Dunn & Crutcher LLP

| | | prospectus filed in connection with Rain's IPO and Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan. |
|---|---|---|
| U.S. Food and Drug Administration | | U.S. Food and Drug Administration may have discoverable information regarding (i) Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan; and (ii) the design of Rain's Phase 3 study of milademetan. |

The Section 11 Defendants reserve the right to supplement and/or amend the foregoing list and to identify additional individuals if, during the course of discovery and investigation relating to this case, the Section 11 Defendants learn that such additional individuals are likely to possess discoverable information relevant to Plaintiffs' claims or the Section 11 Defendants' defenses.

## II.      Documents (Rule 26(a)(1)(A)(ii)).

Based on the information currently available to them, the Section 11 Defendants identify—by category—the following documents, electronically stored information, and tangible things that are in the possession, custody, or control of the Section 11 Defendants that they may use to support their defenses. These documents will be made available through counsel during discovery and only after a stipulated protective order agreed to by the Parties has been entered as an order of the Court.

1. Non-privileged documents and communications regarding the preparation of Rain's S-1 and prospectus filed with the SEC in connection with Rain's IPO, the disclosures contained in Rain's S-1 and prospectus, and due diligence related thereto;

2. Non-privileged documents and communications regarding Rain's interactions with the FDA regarding Rain's Phase 3 study of milademetan;

3. Non-privileged documents and communications regarding (i) the design and timing of Rain's Phase 3 study of milademetan and (ii) the results of Rain's Phase 3 study of milademetan.

4. Analyst reports and other market reaction to Rain's disclosures regarding the results of Rain's Phase 3 study of milademetan; and

5. Documents related to Plaintiffs' purchases and sales of shares of Rain common stock.

Gibson, Dunn & Crutcher LLP

9

SECTION 11 DEFENDANTS' INITIAL DISCLOSURES
CASE NO. 5:23-CV-03518-EJD

In addition to the above-described documents, the Section 11 Defendants may also rely on publicly available documents and on documents produced by Plaintiffs or third parties in this or other litigations. Further, the Section 11 Defendants reserve the right to supplement or amend the foregoing list and to identify additional relevant materials if, during the course of discovery and investigation relating to this case, the Section 11 Defendants learn that such additional materials are relevant to Plaintiffs' claims or the Section 11 Defendants' defenses.

**III.    Damages (Rule 26(a)(1)(A)(iii)).**

The Section 11 Defendants deny any and all liability for monetary or other relief. The Section 11 Defendants are not presently seeking damages in this action, but reserve the right to seek an award, to the full extent permitted by law, of costs and attorneys' fees at the appropriate time.

**IV.    Insurance Agreements (Rule 26(a)(1)(A)(iv)).**

The Section 11 Defendants will disclose the insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment once a stipulated protective order agreed to by the Parties has been entered as an order of the Court.

DATED:  April 18, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By:    _/s/ Jessica Valenzuela_
         Jessica Valenzuela

_Section 11 Defendants Rain Oncology Inc.,
Franklin Berger, Aaron Davis, Gorjan
Hrustanovic, Tran Nguyen, Peter Radovich, and
Stefani Wolff_