GIBSON, DUNN & CRUTCHER LLP
JESSICA VALENZUELA, SBN 220934
    JValenzuela@gibsondunn.com
JEFFREY LOMBARD, SBN 285371
    JLombard@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

GEORGE B. ADAMS III, SBN 321904
    GAdams@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Rain Oncology Inc., Avanish
Vellanki, Richard Bryce, Franklin Berger,
Aaron Davis, Gorjan Hrustanovic, Tran
Nguyen, Peter Radovich, and Stefani Wolff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF<br><br>Defendants. | CASE NO. 5:23-cv-03518-EJD<br><br><u>CLASS ACTION</u><br><br>**AVANISH VELLANKI AND RICHARD BRYCE'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT**<br><br>**Hearing:**<br>Date:         June 12, 2025<br>Time:         9:00 A.M.<br>Place:        Courtroom 4<br><br>Judge:        Hon. Edward J. Davila<br>Action Filed: July 14, 2023 |

Gibson, Dunn & Crutcher LLP

AVANISH VELLANKI AND RICHARD BRYCE'S REPLY IN SUPPORT OF MOTION FOR PARTIAL FINAL
JUDGMENT
CASE NO. 5:23-CV-03518-EJD

## I.    INTRODUCTION

The Court should enter a final judgment on its dismissal of Plaintiffs' Exchange Act claims against Defendants Avanish Vellanki and Richard Bryce (the "Dismissed Defendants").  Plaintiffs concede that the Court's February 24, 2025 Order (Dkt. 61) ("Order") dismissing Plaintiffs' claims under Sections 10(b) and 20(a) of the Exchange Act was a final judgment.  And Plaintiffs' opposition spells out exactly why there is no just reason to delay entry of final judgment.

*First*, the dismissed claims are sufficiently separable to warrant judgment under Rule 54:  they involve different claims, different facts, different defendants, and different legal standards from the Section 11 claim that remains.  That the Dismissed Defendants may need to be witnesses for the Section 11 claim is irrelevant to whether the dismissed claims are separable under Rule 54.

*Second*, Plaintiffs contend that a final judgment presents the potential risk for piecemeal appeals:  specifically, that the Ninth Circuit *may* be forced to review the falsity of the commencement statement twice—once under Section 10(b) and potentially later under Section 11.  But Plaintiffs fail to meaningfully contest the fundamental factual and legal differences between the dismissed Exchange Act claims and the remaining Securities Act claims asserted against *different* Defendants.  Partial final judgment of these separate claims against separate defendants is appropriate here notwithstanding any limited overlap that may exist.  Indeed, there is always likely to be some overlap when a dismissed party seeks entry of a final judgment under Rule 54(b) and the Ninth Circuit has made clear that such overlap does *not* foreclose claims from being separate for purposes of Rule 54(b).  That is the case here.

*Third*, any risk of piecemeal appeals is heavily outweighed by the clear prejudice that the Dismissed Defendants would face without entry of final judgment.  Plaintiffs plainly admit that they oppose entry of a final judgment now because they want to preserve their ability to drag the Dismissed Defendants back into the litigation—potentially years down the road—after the incidental windfall of discovery from the remaining Section 11 claims.  The Court should not countenance such a ploy.  This would amount to an end-run of the Private Securities Litigation Reform Act ("PSLRA"), which was enacted to weed out meritless and abusive securities fraud claims *before* discovery.  It also leads to the real prejudice that the Dismissed Defendants face here:  the continued tolling of the statute of

limitations for the dismissed claims that were not alleged with the specificity required by the PSLRA. Every day that goes by without final judgment only exacerbates this prejudice.

The case against the Dismissed Defendants is finished. This Court has rendered a final judgment with respect to the Exchange Act claims asserted against them, and there is no just reason to delay the entry of final judgment as to those dismissed claims under Rule 54(b).

## II.    ARGUMENT

### A.    The Order Is A Final Judgment As To The Dismissed Claims Against the Dismissed Defendants.

Plaintiffs do not dispute that the Court's Order was a final judgment, *i.e.*, "a decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim," as to the dismissed Exchange Act claims, which were the *only* claims asserted against the Dismissed Defendants in the First Amended Complaint. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see* Dkt. 69 (Plaintiffs' Opposition to the Motion for Entry of Partial Final Judgment ("Opp.")) at 3. Accordingly, the only open question is whether "there is no just reason [to] delay" entry of final judgment. Fed. R. Civ. P. 54(b).

### B.    There Is No Just Reason To Delay Entry Of Final Judgment.

This case presents no just reason to delay appeal in "light of the judicial policy against piecemeal appeals, and equitable factors such as prejudice and delay." *Wehner v. Genentech, Inc.*, 2022 WL 179683, at *2 (N.D. Cal. Jan. 20, 2022) (citing *Curtiss-Wright*, 446 U.S. at 8-10).

#### 1.    Judicial administrative interests support entry of final judgment.

Entry of a final judgment here would serve judicial administrative interests because it will simplify the remaining issues in this litigation by disposing of the dismissed claims. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005) (quoting *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)) (the Ninth Circuit "embrace[s] a more pragmatic approach focusing on severability and efficient judicial administration"). Plaintiffs contend that a final judgment risks piecemeal appeals, but the dismissed claims raise sufficiently separate legal and factual issues from the claims remaining against the other Defendants to warrant a separate judgment under Rule 54(b).

2

Gibson, Dunn & Crutcher LLP

*First*, Plaintiffs erroneously attempt to conflate the Dismissed Defendants' potential involvement as witnesses on the remaining Section 11 claim with the issue of separability. *See* Opp. at 4-5. Whether the Dismissed Defendants may be witnesses is irrelevant to the question of separability. Plaintiffs do not meaningfully contest that the dismissed Exchange Act claims against the Dismissed Defendants differ fundamentally from the remaining Securities Act claims against *different* Defendants. Specifically, the dismissed Section 10(b) claims require Plaintiffs to plead and ultimately prove scienter, whereas the remaining Section 11 claims do not. With the dismissal of the Exchange Act claims, Messrs. Vellanki's and Bryce's state of mind is irrelevant to the case in the district court. *See Nacif v. Athira Pharma, Inc.*, 2023 WL 2138478, at *2 (W.D. Wash. Feb. 17, 2023) (noting that 54(b) certification appeared appropriate given, among other things, that "the failure to adequately plead scienter[] does not overlap with the Securities Act claims remaining for adjudication, which do not require a showing of scienter"); *In re Gentiva Sec. Litig.*, 2 F. Supp. 3d 384, 387-89 (E.D.N.Y. 2014) (holding that "the dismissed Section 11 claims against the Defendants, including [against the remaining 10(b) defendant], are sufficiently separable from the remaining 10(b) claim against [the remaining 10(b) defendant]," noting the differences between Sections 10(b) and Section 11). Accordingly, it makes no difference that further discovery from or relating to the Dismissed Defendants may incidentally shed light on scienter. Regardless, the notion that the Dismissed Defendants are not entitled to final judgment now because they may be *witnesses* is meritless on its face. Nearly every lawsuit adjudicated in this Court involves witnesses who are not parties.

*Second*, the Ninth Circuit has made clear that *some* factual overlap does not preclude entry of a partial judgment under Rule 54(b). *Steinle v. City & Cnty. of San Francisco*, 2017 WL 2021360, at *4 (N.D. Cal. May 12, 2017) ("The Ninth Circuit made clear . . . that it did 'not mean to suggest that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b). Certainly they are not.'") (quoting *Wood*, 422 F.3d at 881); *see also, e.g.*, *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) ("[C]laims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'") (internal citation omitted); *Gregorian v. Izvestia*, 871 F.2d 1515, 1520 (9th Cir. 1989) (endorsing district court's

Gibson, Dunn &
Crutcher LLP

VELLANKI AND BRYCE'S REPLY IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT
CASE NO. 5:23-CV-03518-EJD

entry of partial judgment despite some relationship between the dismissed and ongoing claims). Whereas Plaintiffs' Exchange Act claims included six expansive theories of falsity and numerous alleged misstatements, *see* Order at 3-4, the remaining Securities Act claims concern a single alleged false statement from Rain's initial public offering. *See* Order at 4, 13, 19.

Ultimately, the Ninth Circuit *might* review the limited overlap between the dismissed Exchange Act claims and remaining Section 11 claim—the falsity of the commencement statement. But considerations of judicial efficiency over this limited overlap pale in comparison to the heavy burdens that Plaintiffs seek to place on this Court, the remaining Defendants, and the Dismissed Defendants. Indeed, Plaintiffs admit outright that they seek to avoid final judgment in the hopes of repleading the dismissed Exchange Act claims, which would "inevitably lead to a reconsideration of the Court's order on the motion to dismiss[.]"  Opp. at 4-5.  An eleventh-hour amendment would potentially force the Court to revisit prior rulings on class certification or summary judgment and even potentially require holding multiple trials.  Entry of final judgment now would prevent Plaintiffs' planned attempt to scramble the case at the last minute. *See Steinle v. City & Cnty. of San Francisco*, 2017 WL 2021360, at *4 (N.D. Cal. May 12, 2017) ("In the event that Plaintiffs prevail, entering separate judgment to allow appeal of the dismissed claims might advance judicial efficiency by allowing a single trial" in the event of a remand before final adjudication of the remaining claims.); *United States ex rel. Godecke v. Kinetic Concepts, Inc.*, 2018 WL 376607, at *5 (C.D. Cal. Jan. 8, 2018) (granting Rule 54(b) motion to "conserve judicial resources with respect to the potential for multiple rounds of discovery, motions, and possibility of re-trial").

## 2.    The equities support entry of final judgment.

The equities also strongly weigh in favor of entry of a final judgment now. *First*, Plaintiffs plainly admit that they oppose entry of final judgment because they want to preserve their ability to drag the Dismissed Defendants back into the litigation based on discovery taken in connection with the remaining Securities Act claims.  This ploy contravenes the PSLRA.  Under the PSLRA, Congress enacted the highest pleading standards in American jurisprudence to "halt early on securities litigation that lacks merit or is even abusive, while allowing plaintiffs with potentially winning claims to proceed

Gibson, Dunn &
Crutcher LLP

to discovery." *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020). By doing so, "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Medhekar v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996). Accordingly, Congress provided for a stay of discovery pending a motion to dismiss to "avoid the situation in which a plaintiff sues without possessing the requisite information to meet the heightened pleading requirements of the PSLRA, then uses discovery to acquire that information and resuscitate a complaint that is otherwise subject to dismissal." *In re Gilead Sciences Sec. Litig.*, 2004 WL 3712008, at *2 (N.D. Cal. Nov. 22, 2004). Here, Plaintiffs admit that they plan to seek discovery on the *dismissed* Section 10(b) claims with the express hope of resuscitating those claims in contravention of the PSLRA. Plaintiffs are not entitled to the incidental windfall of discovery on the Securities Act claims to replead Exchange Act claims that this Court dismissed for failure to plead with the specificity required by the PSLRA in the first place. It is unfair for the Dismissed Defendants to have the prospect of this lawsuit hanging over them indefinitely while Plaintiffs strain to plead claims that this Court has already found deficient.[1]

Relatedly, Plaintiffs also contend that entry of final judgment now "would force Plaintiffs to appeal to preserve their claims against Vellanki and Bryce." Opp. at 2. But Plaintiffs cannot seriously contend that *they* face prejudice if they must appeal now without the benefit of discovery they were never entitled to on the dismissed Exchange Act claims.

*Second*, Plaintiffs' request to delay entry of final judgment effectively seeks to circumvent the statute of limitations on the dismissed Exchange Act claims. As noted in the Dismissed Defendants'

---

[1] Nor should the Dismissed Defendants be denied final judgment because discovery relevant to them may inform possible contribution claims by the remaining Defendants under Section 11. Plaintiffs' now-dismissed Exchange Act claims have nothing to do with any potential contribution claims from the other Defendants under Section 11. *If* the other Defendants are held liable under Section 11 and *if* they seek contribution from the Dismissed Defendants, those Defendants can pursue relevant discovery and file any separate claims for contribution against the Dismissed Defendants. Whether this Court grants a final judgment now as to the dismissed Exchange Act claims simply has no impact on the remaining Defendants' ability to potentially later prosecute a contribution claim.

Gibson, Dunn & Crutcher LLP

VELLANKI AND BRYCE'S REPLY IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT
CASE NO. 5:23-CV-03518-EJD

opening brief, some courts have found that the statute of limitations remains tolled unless a dismissed defendant moves for final judgment under Rule 54(b), and the Ninth Circuit has yet to rule on this issue. *See* Dkt. 68 at 4-5; *see e.g.*, *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 347-48 (3d Cir. 2021) ("For those claims to be barred [by the statute of repose], then, they had to end. But under Rule 54(b), 'any order' that decides 'fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties.'"). The prejudice that the Dismissed Defendants face is not theoretical. Every day that final judgment is not entered is another day that the limitations period on the dismissed Exchange Act claims remains tolled to their detriment. *See Steinle*, 2017 WL 2021360, at *4 ("[T]he parties' procedural interests, including a prompt resolution of Plaintiffs' claims and certainty as to whether the City Defendants might be subject to liability for events already years in the past, favor judgment and early appeal of the dismissed claims.").[2] Moreover, courts in this Circuit frequently recognize the general hardship of being "held in limbo pending the final resolution of [a] [p]laintiff's remaining claims against [other defendants]" and exercise their discretion to prevent the compounding prejudice that the Dismissed Defendants face here. *Chamndany v. Harding*, 2023 WL 9051288, at *3 (C.D. Cal. Aug. 8, 2023); *see also Nazomi Commc'ns, Inc. v. Nokia Corp.*, 2012 WL 6680304, at *4 (N.D. Cal. Dec. 21, 2012) ("[S]imply remaining involved in litigation may be, in and of itself, a hardship where no legal or factual issues remain in dispute with respect to" the dismissed defendant.); *Nacif*, 2023 WL 2138478, at *2 n.1 ("[A] relevant equitable factor is the economic or other impact of uncertainty concerning the status of plaintiffs' claims, which will carry forward another 18-to-24 months or more unless a Rule 54(b) certification is issued."). Plaintiffs' sole authority on this issue, *Abdo v. Fitzsimmons*, 2021 WL 3493169 (N.D. Cal. May 17, 2021), is distinguishable. There the court resolved the sole claim alleged

---

[2] Exchange Act claims have a two-year statute of limitations. 28 U.S.C.A. § 1658(b)(1); *see York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459 (9th Cir. 2023). This lawsuit was initially filed on July 14, 2023. *See* Dkt. 1. If the statute of limitations for the Section 10(b) claims continued running following this Court's Order on February 24, 2025, the limitations period would expire on December 23, 2026. *See* Opp. at 7. Because the parties' agreed-to schedule sets summary judgment briefing to conclude on January 9, 2027, *see* Dkt. 67 at 9, the Dismissed Defendants are almost certain to face exposure to expired claims without entry of final judgment under Rule 54(b).

VELLANKI AND BRYCE'S REPLY IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT
CASE NO. 5:23-CV-03518-EJD

against the defendant but did not resolve the same claim against the remaining defendants. The moving defendant complained that remaining in the case with ten months until trial imposed financial and emotional strain, interfered with familial demands, and constrained advancement in his career until he was exonerated with final judgment. *Id.* at *4. The court declined to enter final judgment, noting the short period remaining until trial and the fact that "constraints of time, money, and other inconveniences including familial demands are common to most litigants." *Id.* Here, the Dismissed Defendants face the prospect of being held in limbo for *years* on wholly *separate* claims until the entire action is finally resolved, and, critically, face the prospect of being dragged back into the case long *after* the only claims asserted against them should have expired. This prejudice is exacerbated here where Plaintiffs have stated that they will attempt to add back the Dismissed Defendants based on speculative, future discovery that would amount to an end-run of the PSLRA. There is no just reason to delay entry of final judgment.

### III.    CONCLUSION

For all the reasons stated above, the Dismissed Defendants respectfully request that the Court enter final judgment pursuant to Rule 54(b) on the dismissed Section 10(b) and 20(a) claims.

DATED:  May 9, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:    /s/  Jessica Valenzuela
       Jessica Valenzuela

*Attorneys for Rain Oncology Inc., Avanish Vellanki, Richard Bryce, Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff*