GIBSON, DUNN & CRUTCHER LLP
JESSICA VALENZUELA, SBN 220934
  JValenzuela@gibsondunn.com
JEFFREY LOMBARD, SBN 285371
  JLombard@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone:   650.849.5300
Facsimile:   650.849.5333

GEORGE B. ADAMS III, SBN 321904
  GAdams@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone:   415.393.8200
Facsimile:   415.393.8306

*Attorneys for Rain Oncology Inc.,*
*Franklin Berger, Aaron Davis, Gorjan*
*Hrustanovic, Tran Nguyen, Peter*
*Radovich, and Stefani Wolff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF<br><br>Defendants. | CASE NO. 5:23-cv-03518-EJD<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUBSTITUTION OF DEFENDANT RAIN ONCOLOGY INC.**<br><br>**<u>Hearing:</u>**<br>Date:        July 17, 2025<br>Time:       9:00 A.M.<br>Place:       Courtroom 4<br><br>Judge:       Hon. Edward J. Davila<br>Action Filed:   July 14, 2023 |

Gibson, Dunn &
Crutcher LLP

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiffs' motion to substitute Pathos AI, Inc. ("Pathos") in place of Rain Oncology, Inc. ("Rain") under Federal Rule of Civil Procedure 25(c) should be denied because Plaintiffs have failed to show that: (1) Pathos's acquisition of Rain warrants substitution; and that (2) such substitution would facilitate the conduct of the litigation.

## I.      INTRODUCTION

Plaintiffs' motion to substitute Pathos as a defendant in place of Rain simply because Pathos acquired and wholly-owns Rain is unnecessary, improper, and would serve no purpose.  As an initial matter, Plaintiffs' motion rests on a fundamental factual error – Plaintiffs assert that Rain "no longer exists" and, as a result, Pathos is purportedly the real party in interest.  But this is simply wrong.  Rain remains a legal, distinct, corporate entity organized under the laws of Delaware.  Rain exists and has participated in, and will continue to participate in, this lawsuit.  That Pathos owns all shares in Rain does not render Pathos the real party-in-interest or otherwise require Pathos to be joined as a party here.  Indeed, Courts in this Circuit uniformly deny motions seeking to join parent companies, like Pathos here, under similar circumstances.

Nor does the possibility that Pathos *might* have relevant information somehow make Pathos a proper defendant here.  Discovery from third-party witnesses is conducted as a matter of course, and the Federal Rules provide adequate procedures to do so.  Plaintiffs raise speculative concerns that substituting Pathos as defendant could reduce "needless discovery disputes" and "unnecessary motion practice."  But this is pure speculation.  In any event, whether a party or not, Pathos has no information relevant to the claims or defenses in this case.  Pathos acquired Rain in January 2024, long *after* the events at issue in the Complaint, which center around Rain's April 2021 Initial Public Offering and announcement of the results of the MANTRA clinical trial in May 2023.

Plaintiffs concede that Rule 25(c) has no substantive impact on the rights of the parties whatsoever.  However, they fail to establish how substituting Pathos for Rain would facilitate the conduct of the litigation in any way.  This is especially the case here where Rain continues to exist as a corporate entity, has and will continue to actively participate in the litigation, and Pathos is not required to be a party for Plaintiffs to obtain all the relief that they seek.  Accordingly, substitution has

Gibson, Dunn & Crutcher LLP

no bearing on Plaintiffs' ability to advance their case, and the Court should deny Plaintiffs' motion to substitute.

## II.    FACTUAL BACKGROUND

The initial complaint in this action was filed on July 14, 2023.  Dkt. 1.  On January 19, 2024, Plaintiffs filed their first amended complaint (the "FAC").  Dkt. 39.  The FAC alleged claims under Sections 10(b) and 20(a) of the Exchange Act and Sections 11 and 15 of the Securities Act, arising from allegedly false or misleading statements in Rain's public disclosures concerning its Phase 3 MANTRA clinical trial between April 23, 2021 and May 11, 2023.  *Id.*

On January 26, 2024, Pathos completed its acquisition of Rain pursuant to their December 13, 2023 Agreement and Plan of Merger (the "Merger Agreement").  *See* Apton Decl. Ex. A, Ex. B.  Under the Merger Agreement, Rain was not merged into Pathos; rather, as the Merger Agreement makes clear, Rain continued as a surviving entity and subsidiary of Pathos following the closing.  Apton Decl. Ex. B, § 2.1.  The Merger Agreement also explicitly provides that Rain retained "all the property, rights, privileges, powers and franchises" and "all debts, liabilities and duties" of Rain.  *Id.* § 2.4.  Rain remains incorporated and an entity in good standing in Delaware.  *See id.* § 2.6(a); Valenzuela Decl. Ex. A.

On May 7, 2025, Plaintiffs filed the motion to substitute pursuant to Rule 25(c).  Dkt. 73 (the "Motion" or "Mot.").

## III.    LEGAL STANDARD

Rule 25(c) does not require that the Court do anything:  "If an interest is transferred, the action ***may be continued by or against the original party*** unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Fed. R. Civ. P. 25(c) (emphasis added).  In other words, Rule 25(c) is a purely procedural mechanism; it "does not alter the parties' substantive rights."  *Cellwitch Inc. v. Tile, Inc.*, 2025 WL 1279122 at * 1, (N.D. Cal. Jan. 22, 2025) *adopted in full,* 2025 U.S. Dist. LEXIS 85917, at *2 (N.D. Cal. Apr. 25, 2025); *see also In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) ("Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands.").

It is the burden of the party seeking substitution to provide evidence to establish that substitution is warranted.  *Best Label Co., LLC v. Custom Label & Decal, LLC,* 2021 WL 981255 at *3-4 (N.D.

Gibson, Dunn & Crutcher LLP

2

Cal. Mar. 16, 2021).  Substitution can only be triggered if the Court finds that a sufficient "transfer of interest" in the litigation has occurred.  *Cellwitch Inc.*, 2025 WL 1279122 at *1-2.  But, even if a transfer of interest has occurred, Rule 25(c) is ultimately "a discretionary determination" by the Court that the new party's presence will "facilitate the conduct of the litigation."  *Bernal*, 207 F.3d at 598 (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1958 (2d Ed.1986)).  The Court should exercise its discretion and deny the motion.

## IV.    ARGUMENT

### A.    Rain Remains An Existing Entity and Party To The Litigation.

Rule 25(c) does not even apply here as Rain's potential liability for Plaintiffs' claims in this lawsuit have not been transferred to Pathos.  Rule 25(c) is triggered only where the party seeking substitution establishes that an interest in the lawsuit has been "transferred."  *See* Fed. R. Civ. P. 25(c). "Although granting substitution of one party in litigation for another under Rule 25(c) is a discretionary matter for the trial court, such discretion may not be abused by allowing substitution in the absence of a transfer of interest."  *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996) (citation omitted).  Courts routinely deny Rule 25(c) motions to substitute parent companies that have acquired a party to litigation where that entity continues to exist post-acquisition, even if it is wholly-owned by the parent because, in those instances, no transfer of interest occurred.  *See*, *e.g.*, *Cellwitch, Inc.,* 2025 WL 1279122, at *3 (holding that a "transfer of interest" under Rule 25(c) does not occur from a subsidiary to a parent company where the subsidiary remains a distinct legal entity and the subsidiary's liabilities are not transferred to the parent); *Ruiz v. XPO Last Mile, Inc.,* 2016 U.S. Dist. LEXIS 185918, at *2-4 (S.D. Cal. Jan. 27, 2016) (denying motion to join parent company following its acquisition of the stock of the defendant); *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, 2007 WL 2462142, at *5-6 (N.D. Cal. Aug. 29, 2007) (rejecting arguments that purchase of stock alone constitutes a "transfer of interest" under Rule 25(c)).

Gibson, Dunn & Crutcher LLP

3

Here, too, substitution is improper because no transfer of interest occurred. Plaintiffs base their motion on false assertions that Rain "no longer exists" and that "Rain is gone."[1] Mot. at 1, 6. But the Merger Agreement cited repeatedly by Plaintiffs in their Motion makes clear that Rain was not dissolved when Pathos acquired its stock; instead, Rain retained all its assets and liabilities and became Pathos's wholly-owned subsidiary. *See* Apton Decl. Ex. B, §§ 2.1, 2.4. Had Plaintiffs conducted even a minimal inquiry before filing their Motion, they would have known that Rain remains an entity in good standing with the Delaware Secretary of State. *See* Valenzuela Decl. Ex. A. Because Rain continues to exist, has capacity to be sued, and expressly *did not transfer its liabilities to Pathos*, substitution is not warranted.[2] *See Cellwitch Inc.*, 2025 WL 1279122, at *3; *Ruiz*, 2016 U.S. Dist. LEXIS 185918, at *2-4; *Sunnyside Dev. Co., LLC*, 2007 WL 2462142, at *5-6.

None of Plaintiffs' authorities suggest that substitution is proper here. Some of Plaintiffs' cases stand for the irrelevant proposition that substitution or joinder under Rule 25(c) is proper where the original party no longer exists. *See NovaSeptum AB v. Amesil, Inc.*, 2010 WL 5620906, at *2 (D.N.J. Dec. 29, 2010) (substitution proper where original party to the litigation is dissolved following a merger); *Moody v. Albemarle Paper Co.*, 50 F.R.D. 494, 499 (E.D.N.C. 1970) (allowing joinder under Rule 25(c) where original defendant was "no longer in existence"). But that is not the case here because Rain *does* exist. *See* Apton Decl. Ex. B, §§ 2.1, 2.4; Valenzuela Decl. Ex. A. Other cases cited by Plaintiffs involve situations where, unlike here, a transfer in interest actually occurred. *See Kowalski v. Integral Seafood LLC*, 2007 WL 1376378, at *5 (D. Haw. May 4, 2007) (holding that joinder of third

---

[1] Notwithstanding their arguments that Rain no longer exists, Plaintiffs *concede* that Rain is a wholly-owned subsidiary of Pathos. *See* Mot. at 3.

[2] Substitution is also not warranted because, contrary to the requirements of Rule 25, Plaintiffs have not served the motion on Pathos pursuant to Rule 4. *See* Fed. R. Civ. P. 25(c) (requiring service as provided in Rule 25(a)(3)); Fed. R. Civ. P. 25(a)(3) (requiring that nonparties be served "as provided in Rule 4.") That alone supports the denial of the Motion. *See Monolithic Power Sys., Inc. v. Chip Advanced Tech. Inc.*, 2009 WL 10868943, at *4-5 (C.D. Cal. May 22, 2009).

Gibson, Dunn & Crutcher LLP

4

party under Rule 25(c) was proper where the original defendant to the action had transferred the assets in dispute in the case to the third party); *Kapunakea Partners v. Equilon Enters. LLC*, 2012 WL 2060876, at *6-7 (D. Haw. June 7, 2012) (granting joinder under Rule 25(c) where original defendant transferred its interests in the contracts at issue in the litigation to a third party); *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1262-64 (Fed. Cir. 1985) (finding joinder under Rule 25(c) proper where the joined party received all "assets, trademarks, customer lists and good-will" of the original party); *Kloster Speedsteel AB v. Crucible Inc.*, 793 F.2d 1565, 1582-83 (Fed. Cir. 1986) (holding only that third party was bound by court's patent infringement injunction when the third party purchased the original defendant's assets that were used to produce the infringing products).[3]  In short, Plaintiffs have not cited a single case that supports that substitution of Pathos here is proper.

As the Merger did not transfer all of (or, indeed, any of) Rain's interests to Pathos, substitution is not proper.[4]

**B.    Substituting Pathos In Place of Rain Would Not Facilitate Litigation.**

Even if a "transfer of interest" had occurred (it has not), the Court should deny substitution because it would not facilitate the conduct of the litigation in any way.  As Plaintiffs concede, "Rule 25(c) does not mandate that anything be done upon a transfer of interest."  Mot. at 3; *see also Bernal*, 207 F.3d at 598.  *Even if* substitution were proper (and it is not), the Court still need not grant the motion.  "The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named." *Bernal*, 207 F.3d at 598.  "An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would

---

[3] Plaintiffs' remaining cases provide no support for its position that a "transfer of interest" has occurred under Rule 25(c). *See United Access Techs., LLC v. EarthLink, Inc.*, 2012 WL 2175786, at *5 (D. Del. June 14, 2012) (holding only that when substitution is granted, the substitute assumes the obligations of the original party to the litigation).

[4] Because substitution is not proper here, Plaintiffs' related request to amend the FAC also fails. *See* Mot. at 4, n.1.

facilitate the conduct of the litigation." *Id.* Moreover, in cases where "nearly all" relevant facts at issue in the case pertain to the original defendant, there is no "benefit" in joining the acquiror parent under Rule 25(c). *See Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 2021 WL 12127991, at *3, n.3 (E.D. Va. Mar. 25, 2021). Indeed, there is no benefit to joinder under Rule 25(c) where the moving party "fail[s] to provide a persuasive argument for how" joinder would facilitate conduct of litigation. *Beatbox Music Pty, Ltd. v. Labrador Ent., Inc.*, 2021 WL 3163759, at *3 (C.D. Cal. Feb. 26, 2021). Here, Plaintiffs have failed to establish that substituting Pathos for Rain would facilitate the conduct of litigation in any way. This lawsuit has nothing to do with Pathos: Plaintiffs' claims concern a single statement ***by Rain in its IPO about Rain's clinical trial program made more than two years before Pathos acquired Rain***. *See* Dkt. 61 at 19-20. As a result, all relevant facts at issue in this case pertain to Rain and not to Pathos. Substituting Pathos for Rain would not facilitate the conduct of litigation in this case. *See Biedermann Techs.*, 2021 WL 12127991, at *3, n.3 (denying motion to join acquiring parent company under Rule 25(c) because its presence did not facilitate the litigation, including because the allegedly infringing products were designed, marketed, and first sold by the original defendant).

Plaintiffs strain to find some benefit to joining Pathos by concocting hypothetical challenges to obtaining discovery from Pathos. *First,* Plaintiffs conclude that Pathos will mount "unnecessary resistance" and "hide the ball" in this litigation simply because Defendants did not disclose Pathos in their initial disclosures. *See* Mot. at 5, 6. Defendants did not name Pathos as a witness in its initial disclosure because Pathos does not have relevant information. Even if Pathos did have discoverable information, it can respond to discovery as any other third-party witness. Plaintiffs also fail to explain why discovery concerning Rain's statements in Rain's Registration Statement cannot be served on Rain, which remains a defendant in this lawsuit. Moreover, Plaintiffs' discovery concerns are entirely hypothetical at this point because Plaintiffs have not served any discovery on Rain. *See Cellwitch Inc.*, 2025 WL 1279122, at *5 (substitution not necessary to address hypothetical concerns related to obtaining witness testimony). And Plaintiffs' assumption that Pathos will not comply with its discovery obligations (if any) in good faith has absolutely no basis.

*Second*, Plaintiffs argue that substitution is warranted because Pathos "controls" the defense of this litigation and is a "continuation" of Rain. Mot. at 1-3, 5. However, Plaintiffs' argument again

6

Gibson, Dunn & Crutcher LLP

ignores that Rain has not transferred its assets and liabilities to Pathos, and Rain remains the real party-in-interest to the litigation. *See supra* at IV.A. Plaintiffs' reliance on *Theranos* and *Novaseptum* is misplaced, as in both cases the original parties had assigned ownership of the patents that were the subject matter of the litigation, and it was proper for the new owners to be joined as parties. *See NovaSeptum AB*, 2010 WL 5620906, at *2 (granting motion to substitute where the original parties conveyed the patent at issue to the new parties, the original parties were merged into the new parties and the original parties were dissolved); *Theranos, Inc. v. Fuisz Techs., Ltd.*, 2012 WL 78513, at *2 (N.D. Cal. Jan. 10, 2012) (joinder of new party appropriate where the new party had been transferred an interest in the patent at issue). Moreover, Plaintiffs do not explain how formally substituting Pathos as a party would facilitate litigation of this action, even if Pathos "controlled" the litigation. On the contrary, Plaintiffs concede "the case may go to judgment without any substitution of parties having occurred." Mot. at 3 (citing *Bernal*, 207 F.3d at 598). Plaintiffs also ignore that, since its acquisition by Pathos, Rain has remained an active and diligent litigant: Rain filed a motion to dismiss, engaged in meet and confer, exchanged initial disclosures and negotiated a protective order, among other things. *See* Dkt. 53, 67, 72; Apton Decl. Ex. C.

*Third*, Plaintiffs proffer that substitution is warranted because "without Pathos as a named party in the action, it will claim that they are 'judgment proof[.]'" Courts reject such "speculative" arguments as insufficient to establish that substitution is warranted. *See Munoz v. PHH Mortg. Corp.*, 2020 WL 1547441, at *8 (E.D. Cal. Apr. 1, 2020) (no joinder under Rule 25(c) where plaintiffs could not establish that original defendant "would be unable to satisfy an adverse judgment entered against it in this case"); *Cellwitch Inc.*, 2025 WL 1279122, at *5 (holding that hypothetical issues relating to "[t]he satisfaction of judgment alone" are insufficient to warrant substitution.)

Consequently, Plaintiffs have provided no support for the argument that substitution would facilitate the conduct of litigation, and the motion should be denied on this basis alone.

## V.    CONCLUSION

For all the reasons stated above, it would be an abuse of discretion to substitute Pathos for Rain and the Defendants respectfully request that the Court deny Plaintiffs' motion.

Gibson, Dunn & Crutcher LLP

7

DATED:  May 21, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____
    Jessica Valenzuela

*Attorneys for Rain Oncology Inc., Franklin Berger, Aaron Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff*

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUBSTITUTION
CASE NO. 5:23-CV-03518-EJD