Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY, LLP**
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Plaintiffs*
*and Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYO THANT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RAIN ONCOLOGY INC., AVANISH VELLANKI, RICHARD BRYCE, FRANKLIN BERGER, AARON DAVIS, GORJAN HRUSTANOVIC, TRAN NGUYEN, PETER RADOVICH, and STEFANI A. WOLFF,<br><br>Defendants. | Case No. 5:23-cv-03518-EJD<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR SUBSTITUTION OF DEFENDANT RAIN ONCOLOGY INC.**<br><br>Hearing:  July 17, 2025<br>Time:  9:00 a.m.<br>Location:  Courtroom 4 – 5th Floor<br>Judge:  Hon. Edward J. Davila |

Defendants try to downplay Pathos' involvement in the litigation. By way of its merger agreement with Rain, Pathos has in its possession, custody and control all of the information and material that will be produced in discovery. Moreover, the merger agreement explicitly provides Pathos with the exclusive right to control the defense in this litigation. This renders Pathos the real party-in-interest and necessitates its appearance in the action as a named defendant. Contrary to Defendants' argument, Pathos' role as the real party-in-interest is premised on much more than just the fact that it owns all of Rain's existing stock.

*Explosives Corporation of America v. Garlam Enterprises Corporation*, 817 F.2d 894 (1st Cir. 1987), is instructive. In that case, the First Circuit allowed the substitution of a parent corporation under Rule 25(c) and held it "liable for the full amount of the judgment" as "the real party in interest" because the parent "owned all of the outstanding stock" and financed and controlled the litigation. *Id*. at 907. The parent corporation's control over the litigation drove the First Circuit's decision. *Id*. at 905 ("Rocker [the parent corporation] was in essentially the same position vis-a-vis Explo-Excoa [the subsidiary] as were the two shareholders, in *Alman* and, like them, had complete control over the litigation."); *see also* Rodríguez-Miranda v. Benin, 829 F.3d 29, 42-44 (1st Cir. 2016) (affirming joinder of "alter ego" acting as "mere continuation" of predecessor entity); *Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.*, 566 F.2d 8 (7th Cir. 1977), *cert. denied sub nom. Beck v. Morrison Pump Co., Inc.*, 435 U.S. 1013 (1978) (holding that Rule 25(c) could be invoked to substitute a successor in interest who had obtained the assets of the corporation against whom judgment had been rendered).

"One who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own . . . is as much bound . . . as he would be if he had been a party to the record." *Montana v. United States*, 440 U.S. 147, 154 (1979) (quoting *Souffront v. Compagnie des Sucreries*, 217 U.S. 475, 486-87 (1910)). Defendants do not deny that Pathos is presently controlling this litigation and has a vested interest in its outcome vis-à-vis the calculation of the CVR (contingent value right) that it will need to pay out when this action resolves. *See* Plaintiffs' Motion (ECF No. 73), pp. 2-3 (citing Merger Agreement excerpts). Thus, Pathos' stake in the case requires its presence as a named

1

defendant. *See Montana*, 440 U.S. at 154 ("These interests [in collateral estoppel and res judicata] are similarly implicated when nonparties assume control over litigation in which they have a direct financial or proprietary interest and then seek to redetermine issues previously resolved."); *Explosives Corp. of Am.*, 817 F.2d at 906 ("It has long been the rule that a nonparty who controls the litigation is bound by the judgment. The reason would be that the non-party would have the power to determine what evidence and arguments should be offered in the litigation and, if appropriate, the appeal." (internal quotations omitted)).

Pathos' interest in the outcome of the litigation distinguishes this case from the ones cited by Defendants. Indeed, the cases cited by defendants all involved companies that continued operationally apart from their respective parent companies unlike here where the parent company (Pathos) has complete control over the litigation along with an interest in its outcome; as the merger agreement explains, the CVR that Pathos will ultimately need to pay depends on if and how this action resolves. *See*, *e.g.*, *Cellwitch Inc. v. Tile, Inc.*, No. 19-cv-01315-JSW (AGT), 2025 U.S. Dist. LEXIS 85946, at *7-9 (N.D. Cal. Jan. 22, 2025) (merger agreement assigned assets and liabilities to surviving spin-off without any connection to parent company). Notably, *Ruiz v. XPO Last Mile, Inc.*, which Defendants cite, in fact supports Plaintiffs' argument on this point. In that case, the court granted the motion for substitution in part to allow substitution of the surviving entity because its "interest" in the litigation was "coextensive with" the original named defendant. *Ruiz*, 2016 U.S. Dist. LEXIS 185918, at *4. The court refused to join the parent company because it operated as a separate corporate entity from the surviving entity, unlike here where Pathos is actively controlling Rain and has a vested interest in the outcome of the action.

Defendants also try to assure the Court that Rain is still an active entity. That may be true on paper (according to the certificate they submitted, ECF No. 75-2) but is not the case operationally. Rain still identifies Avanish Vellanki as its CEO and the Director Defendants as members of its Board of Directors. *See* Supplemental Declaration of Adam M. Apton, Exhibit D (Rain Website). Meanwhile, Mr. Vellanki publicly identifies himself as the President and CEO of a new company, Stratus Therapeutics. *See id.* at Exhibit E (Vellanki LinkedIn). The Director Defendants also have nothing to do with Rain at this point. *See* Apton Decl., Exhibit B (ECF No. 73-3), Sections 2.7 &

2

6.8. At best, Rain survives on paper only without any apparent signs of operational life. Instead, Pathos now controls everything it does and for all intents and purposes is the successor in interest. This creates logistical and evidentiary problems for Plaintiffs given that Pathos resides in Chicago, Illinois, and cannot be compelled to appear at trial unless it is joined as a party to the litigation. *See* FED. R. CIV. P. 45(c).

DATED:  May 28, 2025                     Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By:  *s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Plaintiffs*
*and Lead Counsel for the Class*

3

Reply re: Motion to Substitute                     No. 5:23-cv-03518-EJD