**EXECUTION VERSION**

1  Adam M. Apton (SBN 316506)
   LEVI & KORSINSKY, LLP
2  aapton@zlk.com
   1160 Battery Street East, Suite 100
3  San Francisco, CA 94111
   Tel.: (415) 373-1671
4
5  *Attorneys for Plaintiffs*
   *and Lead Counsel for the Class*
6
7
8              **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
9
   MYO THANT, Individually and On Behalf of
   All Others Similarly Situated,
10
                    Plaintiff,                    Case No.: 5:23-cv-03518-EJD
11
          v.                                      **STIPULATION OF SETTLEMENT**
12
   RAIN ONCOLOGY INC., AVANISH VELLANKI,          CLASS ACTION
13 RICHARD BRYCE, FRANKLIN BERGER, AARON
   DAVIS, GORJAN HRUSTANOVIC, TRAN
14 NGUYEN, PETER RADOVICH, and STEFANI
   WOLFF,
15                  Defendants.
16
17         This Stipulation of Settlement (together with all Exhibits thereto, the "Stipulation"), dated

18 as of October 21, 2025 which is entered into by and among Court-appointed Lead Plaintiff Myo

19 Thant ("Lead Plaintiff") and additional named plaintiff Branden Schenkhuizen (collectively with

20 Lead Plaintiff, "Plaintiffs") and Defendants Rain Oncology Inc. ("Rain"), Franklin Berger, Aaron

21 Davis, Gorjan Hrustanovic, Tran Nguyen, Peter Radovich, and Stefani Wolff (the "Director

22 Defendants," and collectively with Rain, the "Defendants," and together with Plaintiffs, the

23 "Parties" and each a "Party"), by and through their undersigned attorneys, states all of the terms of

24 the settlement and resolution of this matter by the Parties and is intended by the Parties to fully and

25 finally release, resolve, remise, and discharge Released Plaintiffs' Claims as against Released

26 Defendants' Parties and Released Defendants' Claims against Released Plaintiffs' Parties (all as

27 defined herein), subject to the approval of the United States District Court for the Northern District

28 of California (the "Court").

WHEREAS, the initial complaint in the above-captioned action (this "Action") was filed on July 14, 2023 (ECF No. 1) by Lead Plaintiff against Rain, Richard Bryce, and Avanish Vellanki alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").  On September 12, 2023, counsel for Lead Plaintiff filed a motion for appointment as lead counsel (ECF No. 19).  On October 11, 2023, the Court entered an order appointing Lead Plaintiff as lead plaintiff and appointing Levi & Korsinsky, LLP as Lead Counsel (ECF No. 31);

WHEREAS, on January 19, 2024, Lead Plaintiff filed the Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"), which added Branden Schenkhuizen as an additional plaintiff and included additional claims under Sections 11 and 15 of the Securities Act of 1933 ("Securities Act") against the Director Defendants (ECF No. 39);

WHEREAS, all Defendants moved to dismiss the Amended Complaint (ECF No. 53), which Plaintiffs opposed (ECF No. 56);

WHEREAS, on February 24, 2025, the Court granted in part and denied in part Defendants' motion to dismiss, which, among other things, dismissed with prejudice all claims brought against Bryce and Vellanki (the "Dismissed Defendants") under Sections 10(b) and 20(a) of the Exchange Act (ECF No. 61);

WHEREAS, on April 18, 2025, Dismissed Defendants filed a Motion for Entry of Partial Final Judgment (ECF No. 67), which was taken under submission by the Court on June 9, 2025 (ECF No. 78);

WHEREAS, on May 7, 2025, Plaintiffs filed a Motion to Substitute/Joinder (ECF No. 73), which was taken under submission by the Court on July 14, 2025 (ECF No. 81);

WHEREAS, on May 2, 2025, Defendants answered the Amended Complaint (ECF No. 70);

WHEREAS, on August 18, 2025, while discovery was underway, the Parties mediated before an experienced mediator familiar with securities class actions, Jed Melnick.  Although the August 18, 2025 session did not result in a resolution on the day, the Parties continued to engage in discussions regarding a potential settlement following the mediation and, on September 18, 2025, subsequently received and accepted Mr. Melnick's recommendation to settle the Action for a cash

1  payment of $7,250,000;

2  WHEREAS, Plaintiffs believe that the claims asserted in the Action have merit and that the

3  evidence of the underlying events and transactions alleged in the Amended Complaint would

4  support their claims.  Nonetheless, Plaintiffs and their counsel recognize and acknowledge the

5  expense and length of continued prosecution of the Action through trial and any subsequent appeals.

6  Plaintiffs and their counsel also have taken into account the uncertain outcome and risks of any

7  litigation, including risk of collecting upon a judgment, and believe that the settlement as set forth

8  in this Stipulation confers substantial benefits upon the Class (defined in Section I([H]) below).

9  Based on their evaluation, Plaintiffs and their counsel have concluded that the terms and conditions

10  of this Stipulation are fair, reasonable and adequate to the Class, and that it is in the best interests of

11  the Class to settle the claims raised in the Action pursuant to the terms and provisions of this

12  Stipulation; and

13  WHEREAS, Defendants have denied and continue to deny all allegations of wrongdoing,

14  liability, or damage whatsoever arising out of any of the conduct, statements, acts or omissions

15  alleged, or that could have been alleged, in the Action, but also recognizes the expense, risks and

16  uncertainty inherent in any litigation, and desire to settle the claims against them so as to avoid the

17  uncertainty, burden, and expense of further litigation.  Defendants therefore believe that it is

18  desirable to secure releases to the fullest extent permitted by law and fully and finally resolve the

19  Action in the manner and upon the terms and conditions set forth in this Stipulation;

20  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

21  Parties through their undersigned counsel that, subject to the approval of the Court, in consideration

22  of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the

23  Released Plaintiffs' Claims and Released Defendants' Claims shall be finally and fully

24  compromised, settled and released, and the Action shall be dismissed fully, finally and with

25  prejudice and all Released Claims shall be finally and fully released as against the Released Parties,

26  upon and subject to the terms and conditions of this Stipulation, as follows:

27

28

**I.      Definitions**

A.      "Authorized Claimant" means any Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

B.      "Attorney Fee Award" means (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts and consultants, incurred in connection with prosecuting the Action plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

C.      "Award to Plaintiffs" means a request for reimbursement to Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Plaintiffs' representation of the putative class and Class in the Action.

D.      "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of California.

E.      "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

F.      "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action, and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

G.      "Claims Administrator" means Strategic Claims Services.

H.      "Class" means (i) all Persons who purchased Rain common stock between April 23, 2021 to May 19, 2023, inclusive, and were damaged thereby, and (ii) all Persons who purchased

Rain common stock pursuant or traceable to Rain's registration statement filed in conjunction with Rain's initial public offering on April 23, 2021, and were damaged thereby. Excluded from the Class are Rain, the Director Defendants, Dismissed Defendants, and each of their immediate family members, legal representatives, heirs, successors or assigns, and any entity in which any of the Defendants or Dismissed Defendants have or had a controlling interest.

I.     "Class Counsel" means Lead Counsel Levi & Korsinsky, LLP.

J.     "Class Members" means all persons or entities who are members of the Class as defined in Section I(H) and who have not validly Opted Out of the Class.

K.     "Effective Date" means the date that is five (5) Business Days after the date on which all of the conditions to the Settlement, set forth in Section X(A), are satisfied.

L.     "Escrow Account" means an interest-bearing account maintained by the Escrow Agent (as defined below).

M.     "Escrow Agent" means Esquire Bank.

N.     "Final" when referring to the Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the Released Claims in Section I(Y), or shall affect or delay the date on which the Judgment becomes Final.

O.     "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, substantially in the form attached hereto as Exhibit B.

P.    "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," substantially in the form attached hereto as Exhibit A-1.

Q.    "Notice and Administration Account" means an account established and administered by the Claims Administrator to be used for the payment of Settlement Administration Costs.

R.    "Opt Out" or "Opted Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be "Class Members" as defined in Section I(J) but who have validly Opted Out of the Class.

S.    "Person" means any individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

T.    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Settlement Administrative Costs, Taxes and Tax Expenses, and such Attorney Fee Award as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and Defendants shall have no responsibility or liability with respect thereto.

U.    "Postcard Notice" means the postcard form of notice directing Class Members to a settlement website for full Notice and other relevant documents, substantially in the form attached hereto as Exhibit A-4.

V.    "Preliminary Approval Order" means the preliminarily approving the Settlement and directing notice thereof to the Class, substantially in the form attached hereto as Exhibit A.

W.    "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

X.    "Rain" means Rain Oncology Inc. and any entity that owns and/or controls Rain, including Pathos AI, Inc.

Y.      "Released Claims" means Released Plaintiffs' Claims and Released Defendants' Claims, including Unknown Claims.

Z.      "Released Defendants' Claims" means the release by Defendants, upon the Effective Date, as against Released Plaintiffs' Parties (as defined herein), of all Claims and causes of action of every nature and description, whether known Claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Claims asserted in the Action against Defendants. Released Defendants' Claims shall not include any Claims relating to the enforcement of the settlement or any Claims by Defendants or Dismissed Defendants for insurance coverage.

AA.    "Released Defendants' Parties" means (i) each of the Defendants and Dismissed Defendants; (ii) the family members of the Defendants and Dismissed Defendants; (iii) direct or indirect parent entities, direct or indirect subsidiaries, related entities, and affiliates of Rain, including Pathos AI, Inc.; (iv) any trust of which any Defendant or Dismissed Defendant is the settlor or which is for the benefit of any Defendant, Dismissed Defendant and/or his or her family members; (v) for any of the Persons listed in parts (i) through (iv), as applicable, their respective past, present, or future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, or any controlling person thereof; and (vi) any entity in which any Defendant or Dismissed Defendant has a controlling interest; all in their capacities as such.

BB.    "Released Plaintiffs' Claims" means the release, upon the Effective Date, by (i) Plaintiffs and all Class Members, together with (ii) each of their respective family members; (iii) their direct or indirect parent entities, direct or indirect subsidiaries, related entities, and affiliates; (iv) any trust of which they are the settlor or which is for the benefit of his, her, or their family members; and (v), for any of the Persons listed in parts (i) through (iv), their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers,

directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, or any controlling person thereof in their capacities as such (each of the foregoing, a "Releasing Plaintiffs' Party"), as against Released Defendants' Parties, all Claims, including Unknown Claims, that Plaintiffs, any other member of the Class, or any other Releasing Plaintiffs' Party: (i) asserted or could have asserted in the Action or Amended Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint or any previous complaint in the Action. Released Plaintiffs' Claims shall not include (i) any Claims relating to the enforcement of the Settlement; and (ii) any Claims of any Person that has Opted Out of the Settlement.

CC.     "Released Plaintiffs' Parties" means (i) Plaintiffs, all Class Members, and Plaintiffs' counsel, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, or any controlling person thereof, all in their capacities as such.

DD.     "Settlement" means the settlement contemplated by this Stipulation.

EE.     "Settlement Administration Costs" means all costs and expenses associated with providing notice of the Settlement to the Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: the costs of publishing the Summary Notice, the costs of printing and mailing the Postcard Notice and/or Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in Section III(A)) to the Authorized Claimants. Such costs do not include any Attorney Fee Award.

FF.     "Settlement Amount" means the cash sum of $7,250,000.00 (Seven Million Two Hundred Fifty Thousand U.S. Dollars).

GG.    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

HH.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

II.    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-3.

JJ.    "Unknown Claims" means and includes any and all Claims that Plaintiffs and Class Members (with respect to Released Plaintiffs' Claims) or Defendants (with respect to Released Defendants' Claims) do not know or suspect to exist at the time of the release. This includes Claims which, if known, might have affected the Settlement and Released Plaintiffs' Claims and Released Defendants' Claims, including the decision to object or not to object to this Settlement. The Parties expressly acknowledge and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Plaintiffs, Class Members, and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those known or believed to be true with respect to the subject matter of  Released Plaintiffs' Claims or Released Defendants' Claims, but they expressly, fully, finally, and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and each releasing party hereunder by operation of

9

law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

## II.    Settlement Consideration

A.    In consideration of the full and final release, settlement and discharge of all Released Plaintiffs' Claims, Rain Oncology Inc. agrees to pay and/or cause to be paid by its insurers a total of $7,250,000 in cash to settle the Action, as further described in this paragraph. The Settlement Amount shall be paid into an interest-bearing Escrow Account established for the settlement controlled by Class Counsel, subject to the authority of the Court, within twenty-five (25) Business Days after the later of: (i) the Court's entry of an order preliminarily approving the Settlement; and (ii) Class Counsel providing to Defendants' counsel and Defendants' insurers receipt of all information requested by Defendants' counsel to effectuate the payment of the Settlement Amount, *e.g.*, a complete and executed Form W-9, wire transfer instructions, payment address, the name and telephone number of a person with knowledge who verbally can confirm the wire instructions, and details to pay by check. Upon the Effective Date, Defendants shall also release all Released Defendants' Claims.

B.    With the sole exception of Rain or its insurers obligation to pay, or cause to be paid, the Settlement Amount into the Escrow Account as provided for in Section II(A), Defendants shall have no obligation to pay, or cause payment of, any other payment in connection with the Settlement, including, but not limited to, (i) any other payments into the Escrow Account; (ii) any other payments to any Class Members; or (iii) any Attorney Fee Award.

## III.    The Escrow Account

A.    The Escrow Account, including any interest earned thereon net of any taxes on the income thereof, shall be used to pay: (i) any Attorney Fee Award; (ii) taxes and tax expenses; and (iii) Settlement Administration Costs. The balance of the Escrow Account shall be the Net Settlement Fund and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation. Plaintiffs and Class Members shall look solely to the Net Settlement Fund for any payments under this Settlement.

B. All funds and instruments held by the Escrow Agent shall be deemed *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further orders of the Court.

C. Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

D. Prior to the Effective Date, the Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of Class Counsel and Defendants' counsel.

E. After the Effective Date, Defendants shall have no interest in the Settlement Fund or in the Net Settlement Fund.

F. The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court.

IV. **The Notice and Administration Account**

A. The Claims Administrator shall establish and administer the Notice and Administration Account. The Notice and Administration Account shall be established using funds in the Settlement Fund and shall be used only for the payment of necessary and reasonable Settlement Administration Costs.

B. Subject to the Court's approval, the Parties agree that the Escrow Agent is authorized to transfer up to $300,000.00 from the Settlement Fund to the Notice and Administration Account for Settlement Administration Costs. No further amounts may be transferred prior to final approval of the Settlement, except by Court order.

C.    Plaintiffs, Class Counsel, Defendants, Dismissed Defendants, and Defendants' counsel shall not bear any liability for Settlement Administration Costs.

D.    Defendants, Dismissed Defendants, and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund or Notice and Administration Account; (iii) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (iv) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (v) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account or Notice and Administration Account, or the filing of any federal, state, or local returns.

E.    Rain shall make reasonable efforts to provide within twenty (20) days after the Court's entry of the Preliminary Approval Order, and at no cost to the Settlement Fund, Plaintiffs, the Class, Class Counsel, or the Claims Administrator, a list of shareholders of record during the period from April 23, 2021 to May 19, 2023 in electronic format, such as Excel, to the extent that such a list is in the custody, control, or possession of Rain.

**V.    Preliminary Approval Order**

A.    The Parties shall submit this Stipulation together with its Exhibits to the Court, and Plaintiffs shall apply for entry of a Preliminary Approval Order substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement as set forth in the Stipulation, preliminary certification of the Class for settlement purposes only, and approval of forms of notice to be mailed or emailed to all potential Class Members who can be identified with reasonable effort (the Postcard Notice and the Notice) and to be published (the Summary Notice), substantially in the forms and contents of Exhibits A-1, A-3, and A-4 hereto. The Notice shall include a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, the general terms of the Settlement set forth in the Stipulation and shall set forth the procedure by

which Persons who otherwise would be members of the Class may request to be excluded from the Class.

B.      Lead Plaintiff shall request that, after the Postcard Notice and Notice have been mailed and emailed and the Summary Notice published, in accordance with this Stipulation, the Court hold the Settlement Hearing and finally approve the settlement of the Action with respect to the Parties.

## VI.      Final Approval of the Settlement

A.      Plaintiffs shall move consistent with the schedule to be set by the Court for final approval of the Settlement, including entry of the Judgment, as defined herein.  At the Settlement Hearing, the Parties shall jointly request entry of the Judgment.

B.      In the Judgment, the Class shall be certified for purposes of this Settlement only, but in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Judgment, Defendants shall consent to (i) the appointment of Plaintiffs as class representatives, (ii) the appointment of Levi & Korsinsky, LLP as Class Counsel, and (iii) the certification of the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

## VII.      Attorneys' Fees and Expenses

A.      Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for the Attorney Fee Award.  Class Counsel reserves the right to make additional applications for expenses incurred, if necessary.

B.      Immediately after the Court enters an Attorney Fee Award, the amounts awarded by the Court shall be released from the Escrow Account and wired as directed by Class Counsel.  These payments, plus accrued earnings at the same rate as is earned by the Settlement Fund, shall be subject to refund or repayment within thirty (30) days by Class Counsel if the Judgment does not become Final, or if the Court or any appellate court enters an order reversing or reducing any Attorney Fee Award.

C.    The procedure for and allowance or disallowance by the Court of any application for an Attorney Fee Award are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal, reversal, or modification of the Attorney Fee Award shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

D.    Except as provided in Section II, Defendants shall have no responsibility for, or liability with respect to, any payment to Plaintiffs, Class Members, Class Counsel or any other Plaintiffs' counsel and/or any other Person who receives payment from the Settlement Fund, or the allocation among Class Counsel and/or any other Person who may assert some claim thereto, of any Fee Award that the Court may make in this litigation.

E.    Class Counsel may apply to the Court to authorize the payment of an Award to Plaintiffs for the time and expenses expended by Plaintiffs in assisting Class Counsel in the litigation of this Action.  Any Award to Plaintiffs shall be payable after the Effective Date, and from the Settlement Fund only.

## VIII.    Administration of Net Settlement Fund

A.    Each Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim in the form annexed hereto as Exhibit A-2, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Proof of Claim.

B.    All Proofs of Claim must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Judgment,

including, without limitation, the release of the Released Claims and dismissal of the Action with prejudice.

C.    The Claims Administrator shall administer the Settlement subject to such approvals by the Court as circumstances may require.

D.    Each Proof of Claim shall be submitted to the Claims Administrator who shall determine, in accordance with this Stipulation and the Plan of Allocation to be formulated by Class Counsel for approval by the Court, the extent, if any, to which each Claim shall be allowed, subject to appeal to the Court.

E.    The Claims Administrator shall administer and calculate the Claims submitted by Class Members, determine the extent to which Claims shall be allowed, and oversee distribution of the Net Settlement Fund subject to appeal to, and jurisdiction of, the Court.  Neither Class Counsel, its designees or agents, Plaintiffs, Defendants' counsel, Defendants, nor Dismissed Defendants shall have any liability arising out of such determination.

F.    The administrative determination of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, with notice to the Defendants' counsel, for approval by the Court.

G.    Following the Effective Date and upon application to the Court by Class Counsel, the Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator. The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court, subject to and in accordance with paragraphs G-P of this Section.

H.    Any such Plan of Allocation is not a part of this Stipulation and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

I.    No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

J.    Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release signed under penalty

of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Class Member.

K.    Except as otherwise ordered by the Court, all Class Members who fail timely to submit a Proof of Claim and Release within such period as may be ordered by the Court or otherwise allowed shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

L.    All Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Notice (as defined in Section V(A) above) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Plaintiffs' Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.  Class Counsel shall provide to Defendants' counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, as expeditiously as possible but in no event later than five (5) calendar days after receipt.

M.    Neither Defendants, Dismissed Defendants, nor Defendants' counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.

N.    This is not a "claims made" settlement.  There will be no reversions to Defendants or their insurers.

O.    Defendants shall have no involvement in the solicitation or review of Proofs of Claim, or involvement in the administration process, which will be conducted by the Claims Administrator in accordance with this Stipulation.

P.     Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity or finality of this Settlement.

Q.     No Person shall have any Claim against Plaintiffs or Class Counsel, the Claims Administrator, Defendants, Dismissed Defendants, or Defendants' counsel based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

## IX.    Tax Treatment

A.     The Parties, their counsel, the Court, and the Escrow Agent shall treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 for all periods on and after the date the Court enters the Preliminary Approval Order. The Parties, their counsel, the Court, and the Escrow Agent agree to take no action inconsistent with the treatment of the Escrow Account in such manner.   In addition, the Claims Administrator and Escrow Agent shall make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

B.     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator.  The Claims Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (iii) timely and properly filing or causing to be filed on a timely basis, all federal, state, local and foreign tax returns and other tax related statements necessary or advisable with respect to the Escrow Account (including, without limitation, all income tax returns, all

informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)), and (iv) timely and properly paying any taxes imposed on the Escrow Account.  Such returns and statements (as well as the election described in IX.A hereof) shall be consistent with this IX.B and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in Section IX(C) hereof.

   C. All (i) taxes arising with respect to the income earned by the Escrow Account and (ii) tax expenses shall be paid out of the Escrow Account.  Further, taxes and the tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(1)(2)). Plaintiffs and their tax attorneys and accountants shall to the extent reasonably necessary carry out the provisions of paragraphs A-C of this Section.

   D. Defendants and Dismissed Defendants shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account.

**X.** **Settlement Conditions and Termination**

   A. The Effective Date of the Settlement shall be deemed to occur when all of the following conditions are satisfied:

    1. Counsel for Plaintiffs and Defendants have executed this Stipulation;

    2. The Court enters the Preliminary Approval Order, as provided in Section V;

    3. Defendants shall have timely funded and/or caused to be funded the Settlement Fund with the Settlement Amount;

    4. The Court has approved the Settlement as described herein following notice to the Class, and has entered the Judgment, as provided in Section VI;

    5. The time within which Defendants may exercise their option to terminate this

Stipulation in accordance with the terms of the Supplemental Agreement, referenced below in paragraph G of this Section, shall have expired without the exercise of that option; and

6.      The Judgment has become Final.

B.      Upon the Effective Date, all Releasing Plaintiffs' Parties, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Plaintiffs' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Plaintiffs' Claim against any Released Defendants' Parties, directly or indirectly, whether or not such members of the Class execute and deliver a Proof of Claim and Release to the Claims Administrator.  Upon the Effective Date, Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of Released Defendants' Claims.

C.      If the conditions specified in paragraph A of this Section are not met, then this Stipulation shall be canceled and terminated, unless Class Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement.

D.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become Final for any reason, then the Settlement Fund and all interest earned on the Settlement Fund while held in escrow (less any taxes, tax-related expenses, and Settlement Administration Costs paid or incurred), plus any amount then remaining in the Notice and Administration Account, including both interest paid and accrued (less expenses and costs which have not yet been paid but which are properly chargeable to the Notice and Administration Account), shall be refunded by the Claims Administrator and/or the Escrow Agent within thirty (30) days of such cancellation or termination to Defendants or Defendants' insurers according to their respective contributions pursuant to payment instructions provided by Defendants' counsel.

19

STIPULATION OF SETTLEMENT                                    CASE NO. 5:23-cv-03518

E.      Upon the occurrence of all of the events specified in paragraph A of this Section, the obligation of the Claims Administrator and/or the Escrow Agent to return funds from the Settlement Fund to Defendants pursuant to paragraph D of this Section, shall be absolutely and forever extinguished.

F.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become Final for any reason, all of the Parties to this Stipulation and Dismissed Defendants shall be deemed to have reverted to their respective litigation positions as of  September 18, 2025, and counsel shall meet and confer on an appropriate schedule to propose to the Court, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective Claims, arguments, and defenses in the Action.  Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement: Section X(F); Section X(C); Section XI; and, to the extent applicable, Section XII.

G.      Notwithstanding any other provision, section, or paragraph in this Stipulation, Defendants may, in accordance with the terms set forth in the Parties' Supplemental Agreement, and in their sole discretion, elect in writing to terminate the Settlement and this Stipulation if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement.  Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court.

**XI.    No Admissions**

A.      The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and entry into this Settlement shall not be deemed an admission by any Plaintiff, Defendant, or Dismissed Defendant as to the merits of any claim, argument or defense or any allegation made in the Action.

B.      Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed

to be or may be used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing, liability, or damages by any Defendant or Dismissed Defendant; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any Defendant or Dismissed Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Plaintiffs would have received less than the Settlement Amount had the Action been prosecuted to conclusion.  Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Defendants and Dismissed Defendants may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

   C. Defendants and Dismissed Defendants may file this Stipulation and/or Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**XII. Miscellaneous Provisions**

   A. Consistent with the obligations set forth in Section 13 of the Stipulated Protective Order (ECF No. 72) (the "Protective Order"), within sixty (60) days of the Judgment becoming Final, Plaintiffs shall either return or destroy all Protected Material, as defined in the Protective Order.  Plaintiff shall also submit a written certification to counsel for Defendants by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

B.     The Parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

C.     All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

D.     All of the Exhibits attached hereto, and the Supplemental Agreement are hereby incorporated by reference as though fully set forth herein.

E.     Defendants shall be responsible for timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) and shall pay for all expenses and costs related thereto, at no cost to the Class.

F.     This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

G.     This Stipulation, Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between Plaintiffs, on the one hand, and Defendants, on the other hand, and supersede any and all prior agreements, written or oral, between the Parties.  No representations, warranties or inducements have been made concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

H.     This Stipulation may be executed in one or more original, photocopied or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

I.     This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

J.      All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the internal laws of the State of California without regard to its conflicts of law rules and in accordance with the laws of the United States.

K.      All agreements made and orders entered into during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

L.      Whether or not this Stipulation is approved by the Court and whether or not the Settlement embodied in this Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

M.      The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

N.      All Parties hereby irrevocably submit to the jurisdiction of the Court with respect to enforcement of the terms of this Stipulation and for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation.  In any action to enforce the terms of this Stipulation, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

O.      The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims, and any potential counterclaims or cross-claims any Defendant could have asserted against Released Plaintiffs' Parties with respect to Released Defendants' Claims.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or Class Counsel, or defended by Defendants, or their respective counsel, in bad faith or without a reasonable basis.  The Parties hereto shall assert no Claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The Parties agree that the amount

STIPULATION OF SETTLEMENT                                                    CASE NO. 5:23-cv-03518

paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, Jed Melnick.

P.      Pending final approval of the Court of the Stipulation and its exhibits, all proceedings in this Action shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants' Parties or Released Plaintiffs' Parties.

Q.      This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

R.      Except as otherwise provided herein, each Party shall bear its own fees and costs.

S.      The headings herein are used for the purpose of convenience and are not intended to have legal effect.

T.      Notices required or permitted by this Stipulation shall be submitted either by overnight mail or, if expressly agreed and receipt acknowledged, by email as follows:

**To Plaintiffs:**                                    **To Defendants:**

Adam M. Apton                                    Jessica Valenzuela
LEVI & KORSINSKY, LLP                  GIBSON, DUNN & CRUTCHER LLP
1160 Battery Street East, Suite 100      310 University Avenue
San Francisco, CA 94111                     Palo Alto, CA 94301
aapton@zlk.com                                  JValenzuela@gibsondunn.com

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound.

*[Signature blocks on following pages]*

24

Dated:  October 21, 2025

LEVI & KORSINSKY, LLP

By: _____
    Adam Marc Apton

*Attorneys for Plaintiffs*

Dated:  October 21, 2025

GIBSON, DUNN & CRUTCHER LLP

By: _____
    Jessica Valenzuela

*Attorneys for Defendants*

## ATTESTATION

In compliance with Civil Local Rule 5-1(i)(3), all signatories concur in the filing of this document.

Dated:  October 21, 2025

LEVI & KORSINSKY, LLP

By: _s/ Adam M. Apton_____
    Adam Marc Apton

*Attorneys for Plaintiffs*